

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------X
DEMETRIUS WRIGHT,

                       Plaintiff, on
on behalf of himself and all others similarly situated,

        -against-

Civil Action No.

Complaint

Jury Trial Demanded

BRAE BURN COUNTRY CLUB, INC.,

                       Defendant.
----------------------------------------------------X

Plaintiff Demetrius Wright, by his attorney, David C. Wims, alleges, on behalf of himself and all others similarly situated who opt into this action, as follows:

**NATURE OF ACTION**

1. This is a challenge to Defendant's unlawful practice of paying its non-exempt employees for overtime at one and one-half (1.5) times their 'hourly rate', as opposed to their 'regular rate', as required by law. For years, Defendant undervalued Plaintiff's overtime pay by failing to include all remuneration for employment, such as the value of lodging and meals, in its calculations. In sum, Defendant - for years - simply has grossly underpaid Plaintiff and other similarly situated employees for overtime.

2. Pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.* ("FLSA"), Plaintiff alleges that he is: (i) entitled to unpaid overtime wages from Defendant for his work beyond forty hours per week; and (ii) entitled to liquidated damages equal to his unpaid overtime wages under the FLSA.

3. Pursuant to the New York Labor Law, Article 19 (unpaid overtime wages), and implementing regulations, Plaintiff alleges that he is: (i) entitled to unpaid overtime

wages from Defendant for his work beyond forty hours per week; and (ii) entitled to liquidated damages equal to twenty-five percent of his unpaid overtime wages under the New York Labor Law.

4. Pursuant to 29 U.S.C. § 216(b), Plaintiff brings his FLSA claim as a collective action on behalf of himself and all other similarly situated employees of Defendant who elect to opt into this action.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. §§ 1331 and 1337 and supplemental jurisdiction over Plaintiff's Labor Law and contract claims pursuant to 28 U.S.C. 1367. In addition, this Court has jurisdiction over Plaintiff's FLSA claims pursuant to 29 U.S.C. § 216 (b).

6. Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391(a), as the events giving rise to the claim occurred therein.

## FACTUAL ALLEGATIONS

*The Parties*

7. Plaintiff Demetrius Wright is an adult male residing in the State of New York, County of Westchester.

8. Defendant Brae Burn Country Club, Inc. is a domestic not-for-profit corporation doing business within the State of New York, County of Westchester.

9. Defendant owns and/or operates the real property located at Brae Burn Drive, Purchase, NY 10577.

*Statutory Coverage*

10. From approximately April 2006 to April 2007, Plaintiff was employed by Defendant

within the meaning of §§ 2, 190, and 651 of the New York Labor Law.

11. From approximately April 2006 to present, Plaintiff was employed by Defendant within the meaning of 29 U.S.C. § 203 of the FLSA.

12. In performing his duties for Defendant, Plaintiff was engaged in commerce within the meaning of the FLSA.

13. In performing his duties for Defendant, Plaintiff used goods and products that had been moved or produced in interstate commerce.

14. From the commencement of Plaintiff's employment and before, to the filing of this Complaint, Defendant has been an enterprise engaged in commerce within the meaning of the FLSA.

15. From the commencement of Plaintiff's employment and before, to the filing of this Complaint, Defendant has used goods and products that have been moved or produced in interstate commerce.

*The Parties' Employment Relationship*

16. Plaintiff worked for Defendant from April 2006 to April 2007 (hereinafter, the "Covered Period").

17. Throughout the Covered Period, Plaintiff worked for Defendant as a laundry room attendant.

*Plaintiff's Work Hours and Schedules*

18. Throughout the Covered Period, Plaintiff was a full-time employee of Defendant subject to a collective bargaining agreement ("CBA"). (Attached as Exhibit "A").

19. The CBA guaranteed Defendant's employees greater labor protections than statutory law, including overtime at one and one-half (1.5) times the 'regular rate' for hours

worked over eight in a day and forty in a week, *inter alia.*

20. Throughout the Covered Period, Defendant scheduled Plaintiff to work (barring vacation days, sick days, or other days off from his schedule) five, eight-hour shifts per week, with additional days as needed by Defendant.

21. Plaintiff's work hours for Defendant frequently totaled more than forty hours per week.

*Plaintiff's Remuneration*

22. Throughout the Covered Period, as consideration for employment, Defendant paid Plaintiff: a) wages, b) lodging with utility services, c) health insurance, d) meals and other forms of remuneration.

23. Throughout the Covered Period, Plaintiff's weekly wages from Defendant varied depending on the number of hours Defendant assigned him to work.

24. Throughout the Covered Period, Defendant paid Plaintiff overtime premium compensation of one and one-half (1.5) times his 'hourly rate' of pay for hours he worked beyond forty per week.

25. Throughout the Covered Period, however, Defendant did not include the value of the lodging and appurtenant services; and meals, into it calculation of plaintiff's 'regular rate'.

26. Throughout the Covered Period, Plaintiff's 'hourly rate' of pay from Defendant varied from approximately $9.00 per hour to $9.40 per hour.

27. Attached to this Complaint as Exhibit "B" are accurate copies of pay stubs Defendant issued to Plaintiff during the Covered Period.

4

*Collective Action Allegations*

28. During the Covered Period, Defendant employed other employees in the same and other job title(s) as Plaintiff.

29. During the Covered Period, Defendant subjected other employees than Plaintiff to the same overtime pay policies outlined above.

30. Defendant subjected other employees than Plaintiff to the same overtime pay policies outlined above even where those employees had different titles, responsibilities, shifts and work schedules than Plaintiff.

31. Upon information and belief, Defendant continues to subject its employees to the same overtime pay policies it has applied to Plaintiff, as outlined above.

**FIRST CLAIM FOR RELIEF**

**FAIR LABOR STANDARDS ACT**

32. Plaintiff alleges and incorporates by reference all of the above allegations.

33. Under the FLSA, Plaintiff was entitled to overtime premium compensation from Defendant of one and one-half (1.5) times his 'regular rate' of pay for hours he worked beyond forty per week for Defendant.

34. Under the FLSA, Plaintiff's 'regular rate' of pay includes all remuneration for employment, whether in the form of wages, facilities or some other form, and whether paid directly to Plaintiff or to a third party.

35. By the above course of conduct, Defendant has violated the FLSA.

36. Defendant has violated the FLSA willfully.

37. Upon information and belief, Defendant's practice of not compensating Plaintiff at one and one-half (1.5) times his 'regular rate' of pay for hours he worked beyond forty

per week was not approved in writing by the United States Department of Labor ("USDOL") or the New York Department of Labor ("NYDOL").

38. Upon information and belief, Defendant's practice of not compensating Plaintiff at one and one-half (1.5) times his 'regular rate' of pay for hours he worked beyond forty per week was not based on Defendant's (or any of its agents') review of any policy or publication of the USDOL or the NYDOL.

39. Upon information and belief, Defendant's practice of not compensating Plaintiff at one and one-half (1.5) times his 'regular rate' of pay for hours he worked beyond forty per week was not based upon any advice of counsel received by Defendant.

40. Due to Defendant's FLSA violations, Plaintiff is entitled to recover from Defendant his unpaid overtime compensation, liquidated damages, reasonable attorneys' fees, and the costs of this action, pursuant to 29 U.S.C. § 216 (b).

41. Other employees similarly situated to Plaintiff are entitled to the same relief that Plaintiff seeks under the FLSA.

**SECOND CLAIM FOR RELIEF**

**NEW YORK LABOR LAW**

42. Plaintiff alleges and incorporates by reference all of the above allegations.

43. Under the New York Labor Law, Plaintiff was entitled to overtime premium compensation from Defendant of one and one-half (1.5) times his 'regular rate' of pay for hours he worked beyond forty per week for Defendant.

44. Under the New York Labor Law, Plaintiff's 'regular rate' of pay includes all remuneration for employment, whether in the form of wages, facilities or some other form, and whether paid directly to Plaintiff or to a third party.

45. By the above course of conduct, Defendant has violated the New York Labor Law.

46. Defendant has violated the New York Labor Law willfully.

47. Due to Defendant's New York Labor Law violations, Plaintiff is entitled to recover from Defendant his unpaid overtime compensation, liquidated damages, reasonable attorneys' fees, and the costs of this action, pursuant to <u>New York Labor Law §§ 198, 663(1)</u>.

## THIRD CLAIM FOR RELIEF

## BREACH OF CONTRACT

48. At all times herein relevant, Defendant's employment of Plaintiff was covered by the CBA that required overtime at one and one-half (1.5) times the 'regular rate' for hours worked: a) over eight in a day or forty in a week, and, b) on the sixth day of any week.

49. Plaintiff was also entitled to two times the 'regular rate' on the seventh day in a week.

50. Throughout Plaintiff's employment, Defendant failed to pay overtime compensation as required by the CBA, as indicated above, and when Plaintiff notified Defendant's agent of the same, no adjustment was had.

51. Defendant has breached the CBA, causing Plaintiff damages.

52. Due to Defendant's CBA breach, Plaintiff is entitled to recover from Defendant his unpaid overtime compensation.

## PRAYER FOR RELIEF

Plaintiff respectfully requests that this Court grant the following relief:

53. Award Plaintiff the following unpaid wages:

a. his unpaid overtime compensation due under the FLSA;

b. his unpaid overtime compensation due under the New York Labor Law; and

c. his unpaid regular and overtime compensation due under the CBA; and

54. Award Plaintiff the following liquidated damages:

a. liquidated damages equal to his unpaid overtime compensation under the FLSA; and

b. liquidated damages equal to an additional twenty-five percent of his unpaid overtime compensation under the New York Labor Law; and

55. Award Plaintiff pre-judgment interest; and

56. Award Plaintiff reasonable attorney's fees as well as the costs of this action; and

57. Award all similarly situated employees who opt into this action the same relief that Plaintiff is awarded under the FLSA; and

58. Award such other and further relief as this Court deems necessary and proper.

## DEMAND FOR TRIAL BY JURY

59. Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by the Complaint.

Dated: 03/28/08

Brooklyn, NY

*[signature]*

LAW OFFICE OF DAVID WIMS
David C. Wims, Esq. (DW-6964)
*Attorney for Plaintiff*
1430 Pitkin Ave., 2nd Floor
Brooklyn, NY 11233
(646) 393-9550

# EXHIBIT A

# EXHIBIT A

Apr 02 08 01:32p    LAW OFFICE OF DAVID WIMS              6463939552              p.10

Case 1:08-cv-03172-DC   Document 1   Filed 03/31/2008   Page 10 of 16

## ARTICLE 5 - WORKWEEK AND OVERTIME

Section 5.1    The normal workweek for all full-time employees shall be scheduled over five (5) consecutive days of eight (8) consecutive hours each day plus one (1) additional nonpaid hour for an eating period, as close to the middle of the working day as shall be practicable. Without limiting the Club's authority and rights under Article 31 hereof, the Club may alter the schedule when work is not available because of weather, Act of God or other cause beyond the control of the Club.

Section 5.2    For outside employees who had at least three (3) years seniority as of February 1, 1984, the workweek shall be forty (40) hours, to begin on Monday and end on Friday.

1. All work performed by such employees on Saturday shall be paid at the rate of time-and-one-half (1-1/2) times the regular rate of pay, with a guaranty that any Grounds Foreperson, Groundskeeper or Mechanic called to work on Saturday shall be guaranteed at least three (3) hours of work.

2. All work performed by such employees on Sunday shall be at two (2) times the regular hourly rate of pay, with a guaranty that any Grounds Foreperson, Groundskeeper or Mechanic called to work on Sunday shall be guaranteed at least three (3) hours of work.

Section 5.3    For all employees not covered by Section 5.2, all hours worked on the sixth (6th) day in a regular workweek shall be paid at the rate of one-and-one-half (1-1/2)  times the regular rate of pay. All hours worked on the seventh (7th) day in a regular workweek shall be paid at two (2) times the regular rate of pay.

Section 5.4    Hours worked in excess of eight (8) hours in any one day or hours worked in excess of forty (40) hours in a regular workweek shall be paid for at the rate of time-and-one-half the regular rate of pay.

Section 5.5    Working hours of employees shall not be changed for the purpose of avoiding the payment of overtime rates. All hours of a holiday for which an employee does  not work but is paid shall count as time worked for calculating overtime.

## ARTICLE 6 - LAYOFFS

Section 6.1    In the event of a layoff or recall, the principal of seniority on a classification basis shall be followed in determining who shall be laid off or recalled. The ability of the employee to perform a given task within the classification may be considered by a Club for the purpose of varying the classification seniority rule. Each Club agrees that it will not unreasonably vary such rule.

## **EXHIBIT B**

## **EXHIBIT B**

| CO. | FILE | DEPT. | CLOCK | NUMBER | 040 |
|---|---|---|---|---|---|
| FPB | 090542 | 320 | | 0041692185 | 1 |

BRAE BURN COUNTRY CLUB
BRAE BURN DRIVE
PURCHASE, NEW YORK 10577
PAYROLL ACCOUNT

Taxable Marital Status: Single
Exemptions/Allowances:
  Federal: 3
  State:   3

Social Security Number: XXX-XX-6575

# Earnings Statement 

Period Ending:    07/16/2006
Pay Date:         07/20/2006

DEMETRIUS WRIGHT
17 SOUTH SECOND AVE
NEW YORK, NY 10550

| Earnings | rate | hours | this period | year to date |
|---|---|---|---|---|
| Regular | 9.0000 | 40.00 | 360.00 | |
| Overtime | 13.5000 | 32.50 | 438.75 | |
| **Gross Pay** | | | **$798.75** | 7,463.25 |

| Deductions | Statutory | | |
|---|---|---|---|
| | Federal Income Tax | -76.54 | 621.79 |
| | Social Security Tax | -49.52 | 462.72 |
| | Medicare Tax | -11.58 | 108.22 |
| | NY State Income Tax | -33.94 | 272.79 |
| | NY SUI/SDI Tax | -0.60 | 7.20 |
| | **Other** | | |
| | Dues | | 84.00 |
| | **Net Pay** | **$626.57** | |

Your federal taxable wages this period are $798.75

| CO. | FILE | DEPT. | CLOCK | NUMBER | 040 |
|---|---|---|---|---|---|
| FPB | 090542 | 320 | | 0041675396 | 1 |

BRAE BURN COUNTRY CLUB
BRAE BURN DRIVE
PURCHASE, NEW YORK 10577
PAYROLL ACCOUNT

Taxable Marital Status: Single
Exemptions/Allowances:
   Federal: 3
   State: 3

# Earnings Statement

Period Ending: 07/09/2006
Pay Date: 07/13/2006

DEMETRIUS WRIGHT
17 SOUTH SECOND AVE
NEW YORK, NY 10550

Social Security Number: XXX-XX-6575

| Earnings | rate | hours | this period | year to date |
|---|---|---|---|---|
| Regular | 9.0000 | 40.00 | 360.00 | |
| Overtime | 13.5000 | 38.00 | 513.00 | |
| Hol | 9.0000 | 8.00 | 72.00 | |
| Gross Pay | | | $945.00 | 6,664.50 |

| Deductions | | | |
|---|---|---|---|
| Statutory | | | |
| Federal Income Tax | | -111.95 | 545.25 |
| Social Security Tax | | -58.59 | 413.20 |
| Medicare Tax | | -13.71 | 96.64 |
| NY State Income Tax | | -43.96 | 238.85 |
| NY SUI/SDI Tax | | -0.60 | 6.60 |
| Other | | | |
| Dues | | -28.00 | 84.00 |
| Net Pay | | $688.19 | |

Your federal taxable wages this period are $945.00

```
CO.    FILE    DEPT.   CLOCK NUMBER   040
FPB    090542  320             0041657402  1
```

BRAE BURN COUNTRY CLUB
BRAE BURN DRIVE
PURCHASE, NEW YORK 10577
PAYROLL ACCOUNT

Taxable Marital Status: Single
Exemptions/Allowances:
　Federal: 3
　State:   3

Social Security Number: XXX-XX-6575

# Earnings Statement 

Period Ending:　07/02/2006
Pay Date:　　　07/06/2006

DEMETRIUS WRIGHT
17 SOUTH SECOND AVE
NEW YORK, NY 10550

| Earnings | rate | hours | this period | year to date |
|---|---|---|---|---|
| Regular | 9.0000 | 40.00 | 360.00 | |
| Overtime | 13.5000 | 35.00 | 472.50 | |
| **Gross Pay** | | | **$832.50** | 5,719.50 |

| Deductions | Statutory | | |
|---|---|---|---|
| | Federal Income Tax | -83.82 | 433.30 |
| | Social Security Tax | -51.62 | 354.61 |
| | Medicare Tax | -12.07 | 82.93 |
| | NY State Income Tax | -36.25 | 194.89 |
| | NY SUI/SDI Tax | -0.60 | 6.00 |
| | **Other** | | |
| | Dues | | 56.00 |
| | **Net Pay** | **$646.14** | |

Your federal taxable wages this period are $832.50

CIV. ACTION #:

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**
----------------------------------------------------------------X
DEMETRIUS WRIGHT,

                    Plaintiff,

-against-

BRAE BURN COUNTRY CLUB, INC.,

                    Defendant.
----------------------------------------------------------------X

**COMPLAINT**

---

Law Office of David Wims
1430 Pitkin Ave., 2nd Floor
Brooklyn, NY 11233
(646) 393-9550
Fax (646) 393-9552

---

This certification, pursuant to Federal Rule of Civil Procedure 11,

applies to the following within papers:

(1) Complaint

Dated: March 28, 2008      Signature _____
                                                     David C. Wims

1