UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
DEMETRIUS WRIGHT, on Behalf of Himself and All :
Others Similarly Situated, :
: **ECF CASE**
                      Plaintiff, :
:
            - against - :
: 08-CV-3172 (DC)
:
BRAE BURN COUNTRY CLUB, INC., :
:
                      Defendant. :
------------------------------------------------------------x

**BRAE BURN COUNTRY CLUB, INC.'S
MEMORANDUM OF LAW IN SUPPORT OF ITS
MOTION TO DISMISS PLAINTIFFS' COMPLAINT
PURSUANT TO RULES 12(b)(1) AND 12(b)(6)
OF THE FEDERAL RULES OF CIVIL PROCEDURE**

On the Brief:

    Peter M. Panken
    Tracey A. Cullen

EPSTEIN, BECKER & GREEN, P.C.
250 PARK AVENUE
NEW YORK, NEW YORK 10177-1211

212.351.4500

Attorneys for Defendant

**TABLE OF CONTENTS**

Page

Table of Authorities ............................................................................................................. ii

PRELIMINARY STATEMENT .......................................................................................... 1

STATEMENT OF FACTS ................................................................................................... 2

      1.      The Cost or Value of the Meals ............................................................ 3

      2.      The Cost or Value of the Lodging ........................................................ 3

ARGUMENT ........................................................................................................................ 6

POINT I    BRAE BURN'S OFFER OF FULL RELIEF TO MR. WRIGHT DIVESTS THIS COURT OF SUBJECT MATTER JURISDICTION OVER HIS FEDERAL CLAIMS ............... 6

      A.      This Court Lacks Subject Matter Jurisdiction Over Mr. Wright's FLSA Claims ............................................................... 6

POINT II    THE RULE 68 OFFER OF JUDGMENT MORE THAN COMPENSATES PLAINTIFF FOR THE AMOUNTS HE CAN CLAIM UNDER THE FLSA ................................................. 9

POINT III    WITH THE DISMISSAL OF MR. WRIGHT'S FEDERAL CLAIMS THIS COURT SHOULD DECLINE TO EXERCISE SUPPLEMENTAL JURISDICTION OVER HIS REMAINING STATE LAW CLAIMS ................................................ 10

CONCLUSION .................................................................................................................... 11

# TABLE OF AUTHORITIES
## CASES

PAGE

*Briggs v. Arthur T. Mott Real Estate LLC*, No. 06-0468,
2006 WL 3314624 (E.D.N.Y. Nov. 14, 2006) ............................................................. 7, 11

*Cushing v. Moore*, 970 F.2d 1103 (2d Cir. 1992) ............................................................ 11

*Da Silva v. Kinsho Int'l Corp.*, 229 F.3d 358 (2d Cir. 2000) ............................................ 11

*First Capital Asset Mgmt., Inc. v. Satinwood, Inc.*,
385 F.3d 159 (2d Cir. 2004) .......................................................................................... 11

*Heard v. MTA Metro-North Commuter R.R.*, No. 02 Civ. 7565,
2003 WL 22176008 (S.D.N.Y. Sept. 22, 2003) ............................................................. 11

*Louisdor v. Am. Telecomms., Inc.*, ___ F. Supp. 2d ___,
2008 WL 795003 (E.D.N.Y. Mar. 24, 2008) .................................................................... 7

*Mackenzie v. Kindred Hosps. East, L.L.C.*,
276 F. Supp. 2d 1211 (M.D. Fla. 2003) ........................................................................ 7, 9

*Nowak v. Ironworkers Local 6 Pension Fund*, 81 F.3d 1182 (2d Cir. 1996) ................... 11

*Taylor v. CompUSA, Inc.*, No. CIVA1:04CV718-WBH,
2004 WL 1660937 (N.D. Ga. July 14, 2004) ................................................................ 8, 9

*Vogel v. American Kiosk Mgmt.*, 371 F. Supp. 2d 122 (D. Conn. 2005) ...................... 8, 11

*Ward v. Bank of New York*, 455 F. Supp. 2d 262 (S.D.N.Y 2006) ........................... 7, 8, 11

## STATUTES

29 C.F.R. Section 531.3 ...................................................................................................... 10

29 U.S.C. Section 207(a) ..................................................................................................... 9

29 U.S.C. Section 203(m) .................................................................................................... 9

Fed. R. Civ. P. 12(b) ............................................................................................... 1, 10, 11

Fed R. Civ. P. 68 ................................................................................................................ 1

N.Y. Comp. Code R. & Regs. tit. 12, Section 142-2.5 .................................................. 3, 10

## PRELIMINARY STATEMENT

This is a motion pursuant to Federal Rules of Civil Procedure ("FED R. CIV. P.") 12(b)(1) and 12(b)(6) to dismiss this action because Plaintiff has received an Offer of Judgment which will more than cover any amounts he could receive in this lawsuit and, therefore, there is no other plaintiff who could bring this putative collective or class action.

Demetrius Wright ("Mr. Wright" or "Plaintiff") was employed by Brae Burn Country Club, Inc. ("Brae Burn" "the Club" or "Defendant") as a non-exempt, laundry room attendant from April 27, 2006 through April 22, 2007 and only worked over forty hours in certain workweeks during 2006. [See Affidavit of Maria Conte, Par. 3, sworn to on May 5, 2008[1]]. During weeks in which he worked over forty hours with Brae Burn, Mr. Wright was paid an hourly rate of $9.00 per hour and $13.50 per hour for all of the hours he worked in excess of forty hours per week. [Id. at Pars. 4, 13], as reflected by his completed and submitted time sheets. [Id. at Par. 4; Ex. A].

Mr. Wright contends that, for purposes of computing overtime compensation, the cost or value of the meals he received during his working hours and the bunk in the Defendant's dormitory provided to him by Brae Burn should be added to his regular rate. The most this could have increased his wages was on the order of $154.82. Even adding liquidated damages, the maximum liability of the Defendant would be less than $310.

On May 5, 2008, in an Offer of Judgment pursuant to FED R. CIV. P. 68, Brae Burn offered Mr. Wright $1,000.00 and reasonable attorney's fees – more than three times the amount he could recover as overtime compensation he would have been due and liquidated damages for all the hours he worked. Plaintiff has declined the Offer of Judgment. [See

---

[1] Referred to herein as the "Conte Aff."

Declaration of Peter M. Panken, dated May 5, 2008[2], Ex. D]. This Offer of Judgment exceeds what Mr. Wright could ever hope to recover at trial, and, accordingly, Brae Burn now seeks to dismiss his FLSA claim as moot. [See Panken Decl., Ex. B] because no plaintiff can bring this action. There is (and can be) no "justification for taking the time of this court and [Brae Burn] in the pursuit of h[is] individual claims which appear to have been satisfied by [Brae Burn]." *Id.* For this reason, Brae Burn's motion should be granted and the Complaint dismissed.

## STATEMENT OF FACTS

Mr. Wright was employed as a laundry room attendant by Brae Burn from April 30, 2006 through April 22, 2007. The only times he worked over 40 hours in a work week were during 2006. Each week from the week ending May 14, 2006 through the week ending October 27, 2006, Plaintiff worked in excess of 40 hours. He also worked one additional hour beyond 40 during the week ending November 5, 2006. He did not work over 40 hours in any other week during his entire employment at the Club. [Conte Aff., Par. 3 and Exhibit A thereto].

During the weeks in which he worked overtime, Plaintiff was compensated at the rate of $9 per hour for all hours worked up to 40 in each work week, and at the rate of $13.50 per hour for all hours worked in excess of 40 in each work week. [Conte Aff. Par. 4]. He also received meals and was permitted to sleep in a bunk bed in a dormitory on the premises.

Under Plaintiff's theory, in order to calculate the amount he claims to be owed, Plaintiff's regular hourly rate would be increased by the cost or value of the dormitory facility he used, plus the cost or value of the meals he ate while working at the Club divided each week by the number of hours he worked. Since he was already compensated for all hours worked (including time and one-half for overtime hours at his $9.00 per hour regular rate), if he is

---

[2] Referred to herein as the "Panken Decl."

correct, Plaintiff would only be entitled to one-half of the additional amount added to his regular rate multiplied by the number of overtime hours he worked during that week.

1. **The Cost or Value of the Meals**

In 2006, the New York State Department of Labor determined that for purposes of offsetting the requirement of paying a minimum hourly wage, the value of a meal provided to an employee was $2.45 per meal, and the value of lodging was $2.90 per day. N.Y. COMP. CODE R. & REGS. tit. 12, Section 142-2.5 ("N.Y.C.R.R.") [attached to the Panken Decl. as Ex. C].

Staff and independent contractors working at the Club were provided with a communal meal prepared for the staff. It was not an a la carte meal from the Club's regular menu. Normally, the meal would be assembled in the kitchen from items that were left over from the previous meal's service, or occasionally, would be simple and inexpensive meals like cold cuts and bread with cole slaw and perhaps salad if that was available. The staff had no choice; they were only offered the food that was prepared for the staff. It is estimated that the costs of such meal did not exceed $2.45 per person; in fact, the Club's chef estimates that each meal is worth approximately $1.50. [Conte Aff., Par. 7].

2. **The Cost or Value of the Lodging**

The lodging was provided in a separate building which, in 2006 and 2007, lodged 24 employees in 12 rooms. Each room could only accommodate bunk beds. Six of the rooms were only 9 feet 6 inches deep by 8 feet two inches wide. Five other rooms were only 9 feet 6 inches deep by 12 feet 6½ inches wide, and one handicap accessible room measured 9 feet 6 inches deep and 14 feet 11¼ inches wide. [Conte Aff., Par. 8].

None of the 12 rooms in the dormitory had private washing or bathroom facilities. Instead, there was one communal bathroom for the 24 employees and one handicapped accessible bathroom. There were no kitchen facilities in the dormitory. [Conte Aff., Par. 9].

When built, the cost of the dormitory building was $490,905. If the building was depreciated over 27 years, the weekly cost per employee would be $14.57 [$490,905 divided by 27 years divided by 24 places divided by 52 weeks] or $2.28 per day. If the building was depreciated over only 20 years, the weekly cost per employee would be $19.67 [$490,905 divided by 20 years divided by 24 places divided by 52 weeks] or $2.81 per day. [Conte Aff., Par. 10].

The average annual cost of operating the dormitory was $7,637 per year and the cost in 2006 (when Plaintiff worked overtime) was $9,185.46. If the average annual operating cost was $7,637, the per person weekly cost would be $6.12 ($7,637 divided by 24 places divided by 52 weeks) or eighty-seven ($.87) cents per day. If the annual cost for 2006 was used, the weekly cost would be $7.36 per week ($9,185.46 divided by 24 places divided by 52 weeks divided by 7 days) or $1.05 per day. [Conte Aff., Par. 11].

The ranges of weekly costs for a bunk in the dormitory would therefore be from as little as $20.68 per week [$490,905 cost of the building divided by 27 years divided by 24 places divided by 52 weeks] plus ($7,637 operating cost divided by 24 places divided by 52 weeks) to $27.02 per week to ($490,905 cost of the building divided by 20 years divided by 24 places divided by 52 weeks) plus ($9,185.46 divided by 24 places divided by 52 weeks divided by 7 days).

In each week where Plaintiff worked overtime hours he was paid his $9.00 per hour regular rate for the first 40 hours plus $13.50 per hour for all hours worked over 40. Plaintiff contends his regular rate each week should be increased due to the meals and lodging he received. The formula for the extra overtime compensation would be (the cost of the meals and lodging) divided by (the hours worked in that week) multiplied by (.5) multiplied by (the number of overtime hours worked):

$$\frac{(\$Meals + Lodging) \times .5 \times overtime\ hours}{(Hours\ worked)}$$

For example, in the week ending August 27, 2007, Plaintiff worked 54 hours and consumed 7 meals at the Club. Thus, at $27.02 maximum per week lodging and $2.45 per meal ($17.15), he received meals and lodging costing an additional $42.15 for the 54 hours he worked or seventy-eight ($.78) cents per hour added to his $9.00 regular rate. Based on this, one-half of $.78 per hour would be thirty-nine ($.39) cents per hour for his 14 hours of overtime would total an additional $5.46 that week. At the $20.68 minimum, Plaintiff could claim no more than an additional $4.90 for that week. [Conte Aff., Par. 14].

As another example for the week ended July 9, 2006, the calculation is as follows:

Plaintiff could claim a maximum of $12.55 –

$$\frac{(Meals = \$24.50 + Lodging = \$27.02 \times .5 \times 38\ overtime\ hours)}{78\ Hours} = \$12.55$$

Or a minimum of $11.05 -

$$\frac{(Meals = \$24.50 + Lodging = \$20.68 \times .5 \times 38\ overtime\ hours)}{78\ Hours} = \$11.00$$

[Conte Aff., Par. 15].

Attached as Exhibit B to the Conte Affidavit is an analysis reflecting each and every week Plaintiff worked overtime using the maximum rates, which totals $154.82 in additional compensation. Attached as Exhibit C to the Conte Affidavit is an analysis using the minimum rates which totals $132.27.

In addition, the Wage and Hour Division of the United States Department of Labor has reviewed Mr. Wright's contentions and concluded that he is entitled to no more than $119.10, which Brae Burn has agreed to pay. [Conte Aff., Par. 18].

Mr. Wright filed his Complaint with the Court on March 31, 2008, seeking compensation for unpaid overtime he claims to be owed under the FLSA and the New York State Labor Law. [Panken Decl., Ex. A]. No other plaintiff has appeared in this case.

On May 5, 2008, Brae Burn served an Offer of Judgment on Plaintiff, stating:

> Pursuant to Rule 68 of the Federal Rules of Civil Procedure, defendant Brae Burn Country Club, Inc. offers to allow judgment to be taken against it in favor of and with respect to the action filed by Demetrius Wright ('Mr. Wright' or 'Plaintiff') (1) in the amount of $1,000, inclusive of all damages, liquidated damages and interest, and; (2) in addition, reasonable attorney's fees, costs, expenses and reasonable expert fees actually incurred, to which Mr. Wright is entitled by law, in an amount to be determined by the Court.

[Panken Decl., Ex. B].

Even if liquidated damages should be added to the amount payable to the Plaintiff, it is clear that the maximum liability based on costs, plus liquidated damages, would be no more than $310 and, therefore, the offer of judgment of $1,000 plus reasonable attorney's fees to the date of the offer far exceeds any amount which the Plaintiff could recover in this case.

For these reasons, and based upon the case law cited below, the Court should dismiss the instant Complaint.

## ARGUMENT

### POINT I

### BRAE BURN'S OFFER OF FULL RELIEF TO MR. WRIGHT DIVESTS THIS COURT OF SUBJECT MATTER JURISDICTION OVER HIS FEDERAL CLAIMS

A.   **This Court Lacks Subject Matter Jurisdiction Over Mr. Wright's FLSA Claims**

It is well settled that the Court should dismiss a collective action where (as here) the Plaintiff has been offered full relief, even where, as here, the plaintiff declines a Rule 68 offer.

In *Briggs v. Arthur T. Mott Real Estate LLC*, No. 06-0468, 2006 WL 3314624 (E.D.N.Y. Nov. 14, 2006), like here, the plaintiff filed a complaint individually and on behalf of all other similarly situated employees under the FLSA and the N.Y. Labor Law. Identical to the facts of this matter, the defendant employer presented the plaintiff with an offer of judgment, which the plaintiff declined. The defendant then made a motion to dismiss, arguing that its offer of full and complete relief to the plaintiff mooted the FLSA claim, which thereby divested the court of subject matter jurisdiction, and in the absence of a federal claim, the court should not exercise supplemental jurisdiction over any remaining state law claim. The court considered records submitted by the defendant, which provided evidence of the actual hours worked by the plaintiff, holding that it was permitted to consider materials outside the four corners of the complaint. The *Briggs* court noted that, like here, no similarly situated individuals had opted to join the proposed collective action. The *Briggs* court ultimately held that the Rule 68 offer of judgment "offer[ed] all that a plaintiff could hope to recover through litigation, the plaintiff has no legally cognizable interest or personal stake" and since there is no justification to burden the court or defendant in the pursuit of a "miniscule claim" which the defendant has satisfied, the FLSA claim was rendered moot. *Id.* at *4 (citations omitted). *Accord Louisdor v. Am. Telecomms., Inc.*, ___ F. Supp. 2d ___, 2008 WL 795003, at *4-5 (E.D.N.Y. Mar. 24, 2008); *Mackenzie v. Kindred Hosps. East, L.L.C.*, 276 F. Supp. 2d 1211 (M.D. Fla. 2003).

This Court reached the same result in *Ward v. Bank of New York*, 455 F. Supp. 2d 262 (S.D.N.Y 2006) (Chin, J.). The plaintiff brought an FLSA collective action on behalf of all persons who are or were similarly situated and not paid overtime due. *Id.* at 264-65. Like the subject case, no one had opted into the collective action. The employer made an offer of judgment, which the plaintiff declined. The court held that because the offer of judgment would

fully satisfy the plaintiff's individual claim, the employer's motion to dismiss must prevail. *Id.* at 268.

Similarly, in *Vogel v. American Kiosk Mgmt.*, 371 F. Supp. 2d 122 (D. Conn. 2005) plaintiff filed a complaint on behalf of herself and other similarly situated employees asserting violations of, among other things, the FLSA. After making an offer of judgment that provided the plaintiff with full relief, the defendant moved to dismiss the complaint on the basis that the Court no longer had subject matter jurisdiction. The court granted the defendant's motion, holding that:

> [g]iven that AKM's offer exceeds Vogel's claim for statutory damages, this court concludes that AKM's offer of judgment sufficiently covers all damages claimed by Vogel, plus costs and attorney's fees. For this reason, the court concludes that Vogel's individual claims, both under the FLSA and Connecticut General Statutes, are moot.

*Id.* at 129.

Likewise, in *Taylor v. CompUSA, Inc.*, No. CIVA1:04CV718-WBH, 2004 WL 1660937 (N.D. Ga. July 14, 2004), four named plaintiffs filed suit on behalf of themselves and others similarly situated under the FLSA. Nine current or former CompUSA employees subsequently joined the action. While the plaintiffs' motion for conditional certification of the action as a collective action was pending, CompUSA filed a motion to dismiss the action as moot in light of its offer of full relief to both the named (and opt in) plaintiffs. The court granted the motion and held that:

> [t]he Court agrees with CompUSA that the offers of judgment represent offers of full relief that will, upon submission of Plaintiffs' affidavits establishing a sum certain, extinguish Plaintiffs' interests and moot this case. The fact that Plaintiffs have filed a motion for conditional certification does not bar consideration of the motion to dismiss.

*Id.* at *2 (citation omitted). In *Taylor*, the plaintiffs relied on a footnote in *Mackenzie* "which recognizes the potential for misuse of Rule 68 to escape compliance with the FLSA." *Id.* (footnote omitted). The court easily rejected that concern because the offer of full relief had been (or would be) extended to everyone who had joined that case and would not impact "the rights of similarly situated individuals who have not filed notices of consent." *Id.* Here, too, the Offer has been extended to the only member of the putative collective action – Mr. Wright himself – and will not impact the rights of anyone else.

These cases compel dismissal of Mr. Wright's FLSA claim: like Wright, plaintiffs filed complaints under the FLSA seeking relief for themselves and other similarly situated employees; the defendants offered the plaintiffs full relief; the plaintiffs rejected the offers; and the motions were granted and the cases dismissed. Precisely the same facts exist here, and precisely the same result should follow.

## POINT II

### THE RULE 68 OFFER OF JUDGMENT MORE THAN COMPENSATES PLAINTIFF FOR THE AMOUNTS HE CAN CLAIM UNDER THE FLSA

Plaintiff argues the cost or value of the meals and lodging furnished by his employer should be included in his regular rate for purposes of determining the amount of overtime compensation he was due, so that his $9.00 per hour rate should be increased and the overtime rate of $13.50 per hour should therefore also be increased.

29 U.S.C. Section 207(a) requires employers to pay employees at a rate not less than one and one-half times the regular rate at which they are employed for all hours worked in excess of forty in a work week. 29 U.S.C. Section 203(m) defines "wage" to include the "reasonable cost, as determined by the Administrator ... of furnishing such employee with board, [or] lodging" and "*Provided further*, that the Secretary is authorized to determine the fair value

of such board,[or] lodging … based on average cost to the employer. . . ." Reasonable cost as defined in 29 C.F.R. Section 531.3 is "not more than the actual cost to the employer" including depreciation.

To consider the "value" of the meals or lodging one standard is the amounts set forth by the New York State Department of Labor found in the New York Codes, Rules and Regulations, N.Y.C.R.R. Section 142-2.5 [attached as Exh. C to the Panken Decl.], which for 2006 set the value of a meal provided by an employer at $2.30 per meal and lodging during the same period at $2.90 per day (or 20.80 per week) as an allowance against the minimum wage requirements.

If cost figures based upon the maximum amounts Plaintiff could claim ($27.02 per week for lodging and $2.45 per meal) the maximum total amount Plaintiff could claim would be $154.52, which with liquidated damages would come to $309.04. [Conte. Aff., Par. 16, Exh. B].

Finally, the United States Department of Labor Wage and Hour Division has investigated this claim and calculated that the most Plaintiff might be owed is $119.10, which Brae Burn has already agreed to pay. [Conte Decl., Par. 18].

In sum, the amount of the Rule 68 offer far exceeds any amount which Plaintiff can reasonably be expected to recover and, therefore, the suit should be dismissed.

### POINT III

### WITH THE DISMISSAL OF MR. WRIGHT'S FEDERAL CLAIMS THIS COURT SHOULD DECLINE TO EXERCISE SUPPLEMENTAL JURISDICTION OVER HIS REMAINING STATE LAW CLAIMS

To the extent that Plaintiff's federal claims are dismissed as moot for lack of subject matter jurisdiction under FED. R. CIV. P. 12(b)(1), it is respectfully submitted that this Court is precluded from exercising supplemental jurisdiction over Plaintiff's state law claims.

See *Vogel*, 371 F. Supp. 2d 122; *Da Silva v. Kinsho Int'l Corp.*, 229 F.3d 358, 361 (2d Cir. 2000) ("If the District Court did not have subject matter jurisdiction over the Title VII claim, it could not exercise supplemental jurisdiction over Da Silva's state law claims....") (citation omitted); *Nowak v. Ironworkers Local 6 Pension Fund*, 81 F.3d 1182, 1188 (2d Cir. 1996) ("since a court must have original jurisdiction in order to exercise supplemental jurisdiction, a dismissal pursuant to Rule 12(b)(1) precludes a district court from exercising supplemental jurisdiction over related state claims") (citation omitted); *Cushing v. Moore*, 970 F.2d 1103, 1106 (2d Cir. 1992) ("Supplemental jurisdiction could be exercised only if some other, related claim provides a proper basis for federal jurisdiction."); *Briggs*, 2006 WL 3314624, at *4 (where offer of judgment rendered FLSA claim moot, court exercised its discretion and declined to exercise supplemental jurisdiction over state law claims).

In the alternative, if this Court should dismiss certain of Plaintiff's federal claims for lack of subject matter jurisdiction, and the remainder for failure to state a claim upon which relief can be granted under FED. R. CIV. P. 12(b)(6), this Court should decline to exercise supplemental jurisdiction over Plaintiff's state law claims. *See, e.g., First Capital Asset Mgmt., Inc. v. Satinwood, Inc.*, 385 F.3d 159, 183 (2d Cir. 2004) (district court did not abuse its discretion in dismissing state claims where federal claims were dismissed well before trial and before significant discovery had taken place); *Ward*, 455 F. Supp. 2d at 270; *Heard v. MTA Metro-North Commuter R.R.*, No. 02 Civ. 7565, 2003 WL 22176008 (S.D.N.Y. Sept. 22, 2003) (interests of judicial economy, convenience and fairness counsel against hearing state law claims where claims are dismissed at any early stage in the litigation).

## CONCLUSION

For all of the foregoing reasons, Brae Burn respectfully requests that this Court issue an Order: (a) dismissing Mr. Wright's claims under the FLSA for lack of subject matter

jurisdiction or, where applicable, for failing to state a claim upon which relief can be granted; (b) declining to exercise supplemental jurisdiction over his state law claims; and (c) granting Brae Burn such other and further relief as this Court deems just and proper.

In addition, if this Court deems beneficial, Brae Burn will conduct oral argument in furtherance of its motion to dismiss.

New York, New York  
May 5, 2008

Respectfully submitted,

EPSTEIN BECKER & GREEN, P.C.

By: s/Peter M. Panken  
Peter M. Panken  
Tracey A. Cullen  
250 Park Avenue  
New York, New York 10177-1211  
(212) 351-4500