Peter M. Panken, Esq.
Epstein Becker & Green, P.C.
250 Park Avenue
New York, New York  10177-1211
Telephone:  (212) 351-4500
Facsimile:   (212) 878-8747

Attorneys for Defendant
Brae Burn Country Club, Inc.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

| | | |
|---|---|---|
| DEMETRIUS WRIGHT, | : | **ECF CASE** |
| | : | |
| Plaintiff, on behalf of himself and all others similarly situated, | : | 08-CV-3172 (DC) |
| | : | |
| - against - | : | **DECLARATION OF PETER M. PANKEN IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS** |
| | : | |
| BRAE BURN COUNTRY CLUB, INC. | : | |
| Defendant. | : | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

PETER M. PANKEN declares, under penalty of perjury, as follows:

1.    I am a partner with Epstein Becker & Green, P.C., counsel for Defendant Brae Burn Country Club, Inc. ("Brae Burn" or "Defendant") and am duly admitted to practice before the federal and state courts of New York.  I am fully familiar with the facts of this case and submit this affidavit in support of ATM's motion to dismiss and to place before the Court certain relevant documents.

2.    Attached as Exhibit A is a true copy of the Complaint filed in this action on or about March 31, 2008.

3.    Attached as Exhibit B is a true copy of Brae Burn's Offer of Judgment served on counsel for Plaintiff on May 5, 2008.

4.    Attached as Exhibit C is a copy of relevant New York State Department of Labor determinations regarding allowances for meals, lodging and utilities.

5.    Attached as Exhibit D is a copy of an email in which Plaintiff's counsel declined the May 5, 2008 Offer of Judgment.

Peter M. Panken

Sworn to before me this
5th day of May, 2008

Notary Public

TRACEY A CULLEN
Notary Public, State of New York
No. 02CU6145277
Qualified in New York County
Commission Expires May 1, 2010

# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------X

DEMETRIUS WRIGHT,

                              Plaintiff, on
on behalf of himself and all others similarly situated,

                   -against-

BRAE BURN COUNTRY CLUB, INC.,

                              Defendant.
-------------------------------------------------X



08 CV 03172

Jury Trial Demanded

Plaintiff Demetrius Wright, by his attorney, David C. Wims, alleges, on behalf of himself
and all others similarly situated who opt into this action, as follows:

**NATURE OF ACTION**

1. This is a challenge to Defendant's unlawful practice of paying its non-exempt
employees for overtime at one and one-half (1.5) times their 'hourly rate', as opposed to
their 'regular rate', as required by law. For years, Defendant undervalued Plaintiff's
overtime pay by failing to include all remuneration for employment, such as the value of
lodging and meals, in its calculations. In sum, Defendant - for years - simply has grossly
underpaid Plaintiff and other similarly situated employees for overtime.

2. Pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.* ("FLSA"), Plaintiff
alleges that he is: (i) entitled to unpaid overtime wages from Defendant for his work
beyond forty hours per week; and (ii) entitled to liquidated damages equal to his unpaid
overtime wages under the FLSA.

3. Pursuant to the New York Labor Law, Article 19 (unpaid overtime wages), and
implementing regulations, Plaintiff alleges that he is: (i) entitled to unpaid overtime

wages from Defendant for his work beyond forty hours per week; and (ii) entitled to liquidated damages equal to twenty-five percent of his unpaid overtime wages under the New York Labor Law.

4. Pursuant to 29 U.S.C. § 216(b), Plaintiff brings his FLSA claim as a collective action on behalf of himself and all other similarly situated employees of Defendant who elect to opt into this action.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. §§ 1331 and 1337 and supplemental jurisdiction over Plaintiff's Labor Law and contract claims pursuant to 28 U.S.C. 1367. In addition, this Court has jurisdiction over Plaintiff's FLSA claims pursuant to 29 U.S.C. § 216 (b).

6. Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391(a), as the events giving rise to the claim occurred therein.

## FACTUAL ALLEGATIONS

*The Parties*

7. Plaintiff Demetrius Wright is an adult male residing in the State of New York, County of Westchester.

8. Defendant Brae Burn Country Club, Inc. is a domestic not-for-profit corporation doing business within the State of New York, County of Westchester.

9. Defendant owns and/or operates the real property located at Brae Burn Drive, Purchase, NY 10577.

*Statutory Coverage*

10. From approximately April 2006 to April 2007, Plaintiff was employed by Defendant

2

within the meaning of §§ 2, 190, and 651 of the New York Labor Law.

11. From approximately April 2006 to present, Plaintiff was employed by Defendant within the meaning of 29 U.S.C. § 203 of the FLSA.

12. In performing his duties for Defendant, Plaintiff was engaged in commerce within the meaning of the FLSA.

13. In performing his duties for Defendant, Plaintiff used goods and products that had been moved or produced in interstate commerce.

14. From the commencement of Plaintiff's employment and before, to the filing of this Complaint, Defendant has been an enterprise engaged in commerce within the meaning of the FLSA.

15. From the commencement of Plaintiff's employment and before, to the filing of this Complaint, Defendant has used goods and products that have been moved or produced in interstate commerce.

*The Parties' Employment Relationship*

16. Plaintiff worked for Defendant from April 2006 to April 2007 (hereinafter, the "Covered Period").

17. Throughout the Covered Period, Plaintiff worked for Defendant as a laundry room attendant.

*Plaintiff's Work Hours and Schedules*

18. Throughout the Covered Period, Plaintiff was a full-time employee of Defendant subject to a collective bargaining agreement ("CBA"). (Attached as Exhibit "A").

19. The CBA guaranteed Defendant's employees greater labor protections than statutory law, including overtime at one and one-half (1.5) times the 'regular rate' for hours

3

worked over eight in a day and forty in a week, *inter alia*.

20. Throughout the Covered Period, Defendant scheduled Plaintiff to work (barring vacation days, sick days, or other days off from his schedule) five, eight-hour shifts per week, with additional days as needed by Defendant.

21. Plaintiff's work hours for Defendant frequently totaled more than forty hours per week.

*Plaintiff's Remuneration*

22. Throughout the Covered Period, as consideration for employment, Defendant paid Plaintiff: a) wages, b) lodging with utility services, c) health insurance, d) meals and other forms of remuneration.

23. Throughout the Covered Period, Plaintiff's weekly wages from Defendant varied depending on the number of hours Defendant assigned him to work.

24. Throughout the Covered Period, Defendant paid Plaintiff overtime premium compensation of one and one-half (1.5) times his 'hourly rate' of pay for hours he worked beyond forty per week.

25. Throughout the Covered Period, however, Defendant did not include the value of the lodging and appurtenant services; and meals, into it calculation of plaintiff's 'regular rate'.

26. Throughout the Covered Period, Plaintiff's 'hourly rate' of pay from Defendant varied from approximately $9.00 per hour to $9.40 per hour.

27. Attached to this Complaint as Exhibit "B" are accurate copies of pay stubs Defendant issued to Plaintiff during the Covered Period.

4

*Collective Action Allegations*

28. During the Covered Period, Defendant employed other employees in the same and other job title(s) as Plaintiff.

29. During the Covered Period, Defendant subjected other employees than Plaintiff to the same overtime pay policies outlined above.

30. Defendant subjected other employees than Plaintiff to the same overtime pay policies outlined above even where those employees had different titles, responsibilities, shifts and work schedules than Plaintiff.

31. Upon information and belief, Defendant continues to subject its employees to the same overtime pay policies it has applied to Plaintiff, as outlined above.

## FIRST CLAIM FOR RELIEF

## FAIR LABOR STANDARDS ACT

32. Plaintiff alleges and incorporates by reference all of the above allegations.

33. Under the FLSA, Plaintiff was entitled to overtime premium compensation from Defendant of one and one-half (1.5) times his 'regular rate' of pay for hours he worked beyond forty per week for Defendant.

34. Under the FLSA, Plaintiff's 'regular rate' of pay includes all remuneration for employment, whether in the form of wages, facilities or some other form, and whether paid directly to Plaintiff or to a third party.

35. By the above course of conduct, Defendant has violated the FLSA.

36. Defendant has violated the FLSA willfully.

37. Upon information and belief, Defendant's practice of not compensating Plaintiff at one and one-half (1.5) times his 'regular rate' of pay for hours he worked beyond forty

per week was not approved in writing by the United States Department of Labor

("USDOL") or the New York Department of Labor ("NYDOL").

38. Upon information and belief, Defendant's practice of not compensating Plaintiff at

one and one-half (1.5) times his 'regular rate' of pay for hours he worked beyond forty

per week was not based on Defendant's (or any of its agents') review of any policy or

publication of the USDOL or the NYDOL.

39. Upon information and belief, Defendant's practice of not compensating Plaintiff at

one and one-half (1.5) times his 'regular rate' of pay for hours he worked beyond forty

per week was not based upon any advice of counsel received by Defendant.

40. Due to Defendant's FLSA violations, Plaintiff is entitled to recover from Defendant

his unpaid overtime compensation, liquidated damages, reasonable attorneys' fees, and

the costs of this action, pursuant to 29 U.S.C. § 216 (b).

41. Other employees similarly situated to Plaintiff are entitled to the same relief that

Plaintiff seeks under the FLSA.

**SECOND CLAIM FOR RELIEF**

**NEW YORK LABOR LAW**

42. Plaintiff alleges and incorporates by reference all of the above allegations.

43. Under the New York Labor Law, Plaintiff was entitled to overtime premium

compensation from Defendant of one and one-half (1.5) times his 'regular rate' of pay for

hours he worked beyond forty per week for Defendant.

44. Under the New York Labor Law, Plaintiff's 'regular rate' of pay includes all remuneration for employment, whether in the form of wages, facilities or some other form, and whether paid directly to Plaintiff or to a third party.

45. By the above course of conduct, Defendant has violated the New York Labor Law.

46. Defendant has violated the New York Labor Law willfully.

47. Due to Defendant's New York Labor Law violations, Plaintiff is entitled to recover from Defendant his unpaid overtime compensation, liquidated damages, reasonable attorneys' fees, and the costs of this action, pursuant to New York Labor Law §§ 198, 663(1).

## THIRD CLAIM FOR RELIEF

## BREACH OF CONTRACT

48. At all times herein relevant, Defendant's employment of Plaintiff was covered by the CBA that required overtime at one and one-half (1.5) times the 'regular rate' for hours worked: a) over eight in a day or forty in a week, and, b) on the sixth day of any week.

49. Plaintiff was also entitled to two times the 'regular rate' on the seventh day in a week.

50. Throughout Plaintiff's employment, Defendant failed to pay overtime compensation as required by the CBA, as indicated above, and when Plaintiff notified Defendant's agent of the same, no adjustment was had.

51. Defendant has breached the CBA, causing Plaintiff damages.

52. Due to Defendant's CBA breach, Plaintiff is entitled to recover from Defendant his unpaid overtime compensation.

## PRAYER FOR RELIEF

Plaintiff respectfully requests that this Court grant the following relief:

53. Award Plaintiff the following unpaid wages:

a. his unpaid overtime compensation due under the FLSA;

b. his unpaid overtime compensation due under the New York Labor Law; and

c. his unpaid regular and overtime compensation due under the CBA; and

54. Award Plaintiff the following liquidated damages:

a. liquidated damages equal to his unpaid overtime compensation under the FLSA; and

b. liquidated damages equal to an additional twenty-five percent of his unpaid overtime compensation under the New York Labor Law; and

55. Award Plaintiff pre-judgment interest; and

56. Award Plaintiff reasonable attorney's fees as well as the costs of this action; and

57. Award all similarly situated employees who opt into this action the same relief that Plaintiff is awarded under the FLSA; and

58. Award such other and further relief as this Court deems necessary and proper.

**DEMAND FOR TRIAL BY JURY**

59. Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a

trial by jury on all questions of fact raised by the Complaint.

Dated: 03/28/08

Brooklyn, NY

LAW OFFICE OF DAVID WIMS
David C. Wims, Esq. (DW-6964)
*Attorney for Plaintiff*
1430 Pitkin Ave., 2nd Floor
Brooklyn, NY 11233
(646) 393-9550

**EXHIBIT A**

**EXHIBIT A**

## ARTICLE 5 - WORKWEEK AND OVERTIME

Section 5.1     The normal workweek for all full-time employees shall be scheduled over five (5) consecutive days of eight (8) consecutive hours each day plus one (1) additional nonpaid hour for an eating period, as close to the middle of the working day as shall be practicable. Without limiting the Club's authority and rights under Article 31 hereof, the Club may alter the schedule when work is not available because of weather, Act of God or other cause beyond the control of the Club.

Section 5.2     For outside employees who had at least three (3) years seniority as of February 1, 1984, the workweek shall be forty (40) hours, to begin on Monday and end on Friday.

1.    All work performed by such employees on Saturday shall be paid at the rate of time-and-one-half (1-1/2) times the regular rate of pay, with a guaranty that any Grounds Foreperson, Groundskeeper or Mechanic called to work on Saturday shall be guaranteed at least three (3) hours of work.

2.    All work performed by such employees on Sunday shall be at two (2) times the regular hourly rate of pay, with a guaranty that any Grounds Foreperson, Groundskeeper or Mechanic called to work on Sunday shall be guaranteed at least three (3) hours of work.

Section 5.3     For all employees not covered by Section 5.2, all hours worked on the sixth (6th) day in a regular workweek shall be paid at the rate of one-and-one-half (1-1/2) times the regular rate of pay. All hours worked on the seventh (7th) day in a regular workweek shall be paid at two (2) times the regular rate of pay.

Section 5.4     Hours worked in excess of eight (8) hours in any one day or hours worked in excess of forty (40) hours in a regular workweek shall be paid for at the rate of time-and-one-half the regular rate of pay.

Section 5.5     Working hours of employees shall not be changed for the purpose of avoiding the payment of overtime rates. All hours of a holiday for which an employee does not work but is paid shall count as time worked for calculating overtime.

## ARTICLE 6 - LAYOFFS

Section 6.1     In the event of a layoff or recall, the principal of seniority on a classification basis shall be followed in determining who shall be laid off or recalled. The ability of the employee to perform a given task within the classification may be considered by a Club for the purpose of varying the classification seniority rule. Each Club agrees that it will not unreasonably vary such rule.

**EXHIBIT B**

**EXHIBIT B**

```
CO.   FILE   DEPT.   CLOCK  NUMBER   040
FPB   090542 320            0041692185  1
```

BRAE BURN COUNTRY CLUB
BRAE BURN DRIVE
PURCHASE, NEW YORK 10577
PAYROLL ACCOUNT

Taxable Marital Status: Single
Exemptions/Allowances:
    Federal: 3
    State:   3

# Earnings Statement



Period Ending:     07/16/2006
Pay Date:          07/20/2006

**DEMETRIUS WRIGHT**
**17 SOUTH SECOND AVE**
**NEW YORK, NY 10550**

Social Security Number: XXX-XX-6575

| Earnings | rate | hours | this period | year to date |
|----------|------|-------|-------------|--------------|
| Regular | 9.0000 | 40.00 | 360.00 | |
| Overtime | 13.5000 | 32.50 | 438.75 | |
| Gross Pay | | | $798.75 | 7,463.25 |

| Deductions | Statutory | this period | year to date |
|------------|-----------|-------------|--------------|
| | Federal Income Tax | -76.54 | 621.79 |
| | Social Security Tax | -49.52 | 462.72 |
| | Medicare Tax | -11.58 | 108.22 |
| | NY State Income Tax | -33.94 | 272.79 |
| | NY SUI/SDI Tax | -0.60 | 7.20 |
| | Other | | |
| | Dues | | 84.00 |
| | Net Pay | | $626.57 |

Your federal taxable wages this period are $798.75

CO.    FILE    DEPT.    CLOCK    NUMBER    040
FPB    090542    320              0041675396    1

BRAE BURN COUNTRY CLUB
BRAE BURN DRIVE
PURCHASE, NEW YORK 10577
PAYROLL ACCOUNT

Taxable Marital Status: Single
Exemptions/Allowances:
    Federal:  3
    State:    3

## Earnings Statement

Period Ending:      07/09/2006
Pay Date:           07/13/2006

DEMETRIUS WRIGHT
17 SOUTH SECOND AVE
NEW YORK, NY 10550

Social Security Number: XXX-XX-6575

| Earnings | rate | hours | this period | year to date |
|----------|------|-------|-------------|--------------|
| Regular | 9.0000 | 40.00 | 360.00 | |
| Overtime | 13.5000 | 38.00 | 513.00 | |
| Hol | 9.0000 | 8.00 | 72.00 | |
| Gross Pay | | | $945.00 | 6,664.50 |

| Deductions | Statutory | | |
|------------|-----------|--|--|
| | Federal Income Tax | -111.95 | 545.25 |
| | Social Security Tax | -58.59 | 413.20 |
| | Medicare Tax | -13.71 | 96.64 |
| | NY State Income Tax | -43.96 | 238.85 |
| | NY SUI/SDI Tax | -0.60 | 6.60 |
| | Other | | |
| | Dues | -28.00 | 84.00 |
| Net Pay | | $688.19 | |

Your federal taxable wages this period are $945.00

| CO. | FILE | DEPT. | CLOCK NUMBER | 040 |
|-----|------|-------|--------------|-----|
| FPB | 090542 | 820 | 0041657402 | 1 |

## Earnings Statement

**ADP**

BRAE BURN COUNTRY CLUB
BRAE BURN DRIVE
PURCHASE, NEW YORK 10577
PAYROLL ACCOUNT

Period Ending:    07/02/2006
Pay Date:         07/06/2006

Taxable Marital Status: Single
Exemptions/Allowances:
    Federal:  3
    State:    3

DEMETRIUS WRIGHT
17 SOUTH SECOND AVE
NEW YORK, NY 10550

Social Security Number: XXX-XX-6575

| Earnings | rate | hours | this period | year to date |
|----------|------|-------|-------------|--------------|
| Regular | 9.0000 | 40.00 | 360.00 | |
| Overtime | 13.5000 | 35.00 | 472.50 | |
| Gross Pay | | | $832.50 | 5,719.50 |

| Deductions | Statutory | | |
|------------|-----------|--|--|
| | Federal Income Tax | -83.82 | 433.30 |
| | Social Security Tax | -51.62 | 354.61 |
| | Medicare Tax | -12.07 | 82.93 |
| | NY State Income Tax | -36.25 | 194.89 |
| | NY SUI/SDI Tax | -0.60 | 6.00 |
| | **Other** | | |
| | Dues | | 56.00 |
| | **Net Pay** | **$648.14** | |

Your federal taxable wages this period are $832.50

CIV. ACTION #:

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------------------X
DEMETRIUS WRIGHT,

                            Plaintiff,

        -against-

BRAE BURN COUNTRY CLUB, INC.,

                            Defendant.
------------------------------------------------------------------------X

## <u>COMPLAINT</u>

---

Law Office of David Wims
1430 Pitkin Ave., 2nd Floor
Brooklyn, NY 11233
(646) 393-9550
Fax (646) 393-9552

---

This certification, pursuant to Federal Rule of Civil Procedure 11,

applies to the following within papers:

(1) Complaint

Dated: March 28, 2008          Signature _____
                                         David C. Wims

1

**EXHIBIT B**

Peter M. Panken, Esq.
Tracey A. Cullen, Esq.
Epstein Becker & Green, P.C.
250 Park Avenue
New York, New York 10177-1211
Telephone:  (212) 351-4500
Facsimile:  (212) 661-0989

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

DEMETRIUS WRIGHT,                                    :

          Plaintiff, on behalf of himself and all :    08 CV 3172 (DC)
          others similarly situated,                     :

             – against –                          :    **OFFER OF JUDGMENT**
                               :    <u>**PURSUANT TO RULE 68**</u>

                               :

BRAE BURN COUNTRY CLUB, INC.,            :

          Defendant.                            :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

       Pursuant to Rule 68 of the Federal Rules of Civil Procedure, defendant BRAE

BURN COUNTRY CLUB, INC. offers to allow judgment to be taken against it in favor of and

with respect to the action filed by Demetrius Wright  (1) in the amount of $1,000, inclusive of all

damages, liquidated damages and interest, and; (2) in addition, reasonable attorney's fees, costs,

expenses and reasonable expert fees actually incurred, to which Plaintiff is entitled by law, in an

amount to be determined by the Court.

       This offer will be deemed withdrawn unless Plaintiff serves a written notice of

acceptance of the offer within 10 days of the date that it was served on Plaintiff.  This offer is

made for the purposes of Rule 68 only, and neither it nor any judgment resulting from this offer

may be construed as an admission (a) of liability on the part of Defendant; or (b) that Plaintiff (or

any putative class or collective action member) has suffered any damage.

New York, New York
May 5, 2008

                              EPSTEIN BECKER & GREEN, P.C.

                              By:   /s Tracey A. Cullen
                                    Peter M. Panken, Esq.
                                    Tracey A. Cullen, Esq.
                              250 Park Avenue
                              New York, New York  10177-1211
                              Telephone:  (212) 351-4500
                              Facsimile:  (212) 661-0989
                                    Attorneys for Defendant

**EXHIBIT C**

CHAPTER II   DIVISION OF LABOR STANDARDS                                    § 142-2.5

### § 142-2.4   Additional rate for split shift and spread of hours.

An employee shall receive one hour's pay at the basic minimum hourly wage rate, in addition to the minimum wage required in this Part for any day in which:

    (a)   the spread of hours exceeds 10 hours; or

    (b)   there is a split shift; or

    (c)   both situations occur.

**Historical Note**

Sec. repealed, new filed Dec. 23, 1966; amd. filed June 14, 1967; repealed, new filed: June 16, 1970; April 18, 1974; Dec. 5, 1974; renum. 142-2.6, new filed Dec. 16, 1986 eff. Jan. 1, 1987.

### § 142-2.5   Allowances.

(a)   *Allowances for meals, lodging and utilities.*   (1)   Meals and lodging furnished by an employer to an employee may be considered a part of the minimum wage, but shall be valued at not more than:

    (i)   Meals ................................. $1.75 per meal on and after March 31, 2000;

                                   $2.05 per meal on and after January 1, 2005;

                             $2.30 per meal on and after January 1, 2006; and

                                 $2.45 per meal on and after January 1, 2007.

    (ii)   Lodging ................................. $2.20 per day on and after March 31, 2000;

                                     $2.55 per day on and after January 1, 2005;

                             $2.90 per day on and after January 1, 2006; and

                             $3.05 per day on and after January 1, 2007.

(2)   When a house or apartment and utilities are furnished by an employer to an employee, a fair and reasonable amount may be allowed for such facilities, which amount shall not exceed the lesser of either the value of prevailing rentals in the locality for comparable facilities, or $4.10 per day on and after March 31, 2000; $4.80 per day on and after January 1, 2005; $5.40 per day on and after January 1, 2006; and $5.70 per day on and after January 1, 2007.

(b)   *Allowances for tips.*   (1)   Tips, or gratuities, may be considered a part of the minimum wage, subject to the following conditions:

    (i)   the particular occupation in which the employee is engaged is one in which tips have customarily and usually constituted a part of the employee's remuneration;

    (ii)   substantial evidence is provided that the employee received in tips at least the amount of the allowance claimed. An example of substantial evidence is a statement signed by the employee that he actually received in tips the amount of the allowance claimed; and

    (iii)   the allowance claimed by the employer is recorded on a weekly basis as a separate item in the wage record.

(2)   Allowances for tips.

    (i)   Allowances for tips shall not exceed:

        (a)   on and after March 31, 2000, 80 cents an hour for an employee whose weekly average of tips received is between 80 cents and $1.25 per hour, and $1.25 per hour for an employee whose weekly average of tips received is $1.25 per hour or more;

        (b)   on and after January 1, 2005, 95 cents an hour for an employee whose weekly average of tips received is between 95 cents and $1.45 per hour, and $1.45 per hour for an employee whose weekly average of tips received is $1.45 per hour or more;

        (c)   on and after January 1, 2006, $1.05 an hour for an employee whose weekly average of tips received is between $1.05 and $1.65 per hour, and $1.65 per hour for an employee whose weekly average of tips received is $1.65 per hour or more; and

(d)  on and after January 1, 2007, $1.10 an hour for an employee whose weekly average of tips received is between $1.10 and $1.75 per hour, and $1.75 per hour for an employee whose weekly average of tips received is $1.75 per hour or more.

(ii)  On and after March 31, 2000, no allowance for tips or gratuities shall be permitted for an employee whose weekly average of tips is less than 80 cents an hour. On and after January 1, 2005, no allowance for tips or gratuities shall be permitted for an employee whose weekly average of tips is less than 95 cents an hour. On and after January 1, 2006, no allowance for tips or gratuities shall be permitted for an employee whose weekly average of tips is less than $1.05 an hour. On and after January 1, 2007, no allowance for tips or gratuities shall be permitted for an employee whose weekly average of tips is less than $1.10 an hour.

(c)  No allowance for the supply, maintenance or laundering of required uniforms shall be permitted as part of the minimum wage. Where an employee purchases a required uniform, he shall be reimbursed by the employer for the cost thereof not later than the time of the next payment of wages. Where an employer fails to launder or maintain required uniforms for any employee, he shall pay such employee in addition to the minimum wage prescribed herein:

(1)  $6.40 per week on and after March 31, 2000, if the employee works more than 30 hours weekly; $5.05 per week on and after March 31, 2000, if the employee works more than 20 but not more than 30 hours weekly; and $3.05 per week on and after March 31, 2000, if the employee works 20 hours or less weekly;

(2)  $7.45 per week on and after January 1, 2005, if the employee works more than 30 hours weekly; $5.90 per week on and after January 1, 2005, if the employee works more than 20 but not more than 30 hours weekly; and $3.55 per week on and after January 1, 2005, if the employee works 20 hours or less weekly;

(3)  $8.40 per week on and after January 1, 2006, if the employee works more than 30 hours weekly; $6.60 per week on and after January 1, 2006, if the employee works more than 20 but not more than 30 hours weekly; and $4.00 per week on and after January 1, 2006, if the employee works 20 hours or less weekly; and

(4)  $8.90 per week on and after January 1, 2007, if the employee works more than 30 hours weekly; $7.00 per week on and after January 1, 2007, if the employee works more than 20 but not more than 30 hours weekly; and $4.25 per week on and after January 1, 2007, if the employee works 20 hours or less weekly.

**Historical Note**

Sec. repealed, new filed: Dec. 23, 1966; June 16, 1970; April 18, 1974; Dec. 5, 1974; renum. 142-2.7, new added by renum. and amd. 142-2.3, filed Dec. 16, 1986; amds. filed: March 30, 1990 as emergency measure; June 8, 1990; April 4, 2000 as emergency measure, expired 90 days after filing; July 18, 2000 as emergency measure, expired 90 days after filing; Oct. 31, 2000 as emergency measure, expired 90 days after filing; Feb. 7, 2001 as emergency measure, expired 90 days after filing; Aug. 1, 2003; Dec. 21, 2004 as emergency measure, expired 90 days after filing; March 22, 2005 as emergency measure; May 4, 2005 eff. May 25, 2005. Amended (a), (b)(2), (c).

# REGULATIONS

## § 142-2.6  Employer records.

(a)  Every employer shall establish, maintain and preserve for not less than six years, weekly payroll records which shall show for each employee:

(1)  name and address;

(2)  social security number;

(3)  wage rate;

(4)  the number of hours worked daily and weekly, including the time of arrival and departure of each employee working a split shift or spread of hours exceeding 10;

**EXHIBIT D**

## Tracey A. Cullen

**From:** David Wims [davidwims@hotmail.com]
**Sent:** Monday, May 05, 2008 2:06 PM
**To:** Tracey A. Cullen
**Cc:** Peter M. Panken
**Subject:** RE: Wright v. Brae Burn Country Club

Ms. Cullen,

I am in receipt of your offer of judgment.  My client rejects the same and hereby demands $30,000 plus attorney's fees and costs.  Thanks.

Law Office of David Wims
David C. Wims, Esq.
1430 Pitkin Ave., 2nd Floor
Brooklyn, NY 11233
(646) 393-9550
Fax (646) 393-9552
davidwims@hotmail.com

---

Subject: Wright v. Brae Burn Country Club
Date: Mon, 5 May 2008 13:29:26 -0400
From: TCullen@ebglaw.com
To: davidwims@hotmail.com
CC: PPanken@ebglaw.com

Mr. Wims,

Please see the attached material.

Regards,

Tracey A. Cullen, Esq.
Epstein Becker & Green, P.C.
250 Park Avenue
New York, New York 10177-1211
212-351-3744
Direct Fax: 212-878-8744
tcullen@ebglaw.com

---

Confidentiality Note: This e-mail is intended only for the person or entity to which it is addressed and may contain information that is privileged, confidential or otherwise protected from disclosure. Dissemination, distribution or copying of this e-mail or the information herein by anyone other than the intended recipient, or an employee or agent responsible for delivering the message to the intended recipient, is prohibited. If you have received this e-mail in error, please call the Help Desk of Epstein Becker & Green at 212-351-4701 and destroy the original message and all copies.

To ensure compliance with requirements imposed by the IRS, we inform you that any U.S. federal tax advice contained in this communication (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.

Pursuant to the CAN-SPAM Act this communication may be considered an advertisement or solicitation. If you would prefer not to receive future marketing and promotional mailings, please submit your request via email to ebgus@ebglaw.com or via postal mail to Epstein Becker & Green, Attn: Marketing Department, 250 Park Avenue, New York, NY 10177. Be sure to include your email address if submitting your request via postal mail. -EBG1

Windows Live SkyDrive lets you share files with faraway friends. Start sharing.