UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------X
DEMETRIUS WRIGHT,
LUIS VELEZ,

                                  **Plaintiffs, on**
on behalf of themselves and all others similarly situated,

                -against-

BRAE BURN COUNTRY CLUB, INC.,
STEVEN VANDO, individually and as General Manager
of Brae Burn Country Club,
MARIA CONTE, individually and as Controller
of Brae Burn Country Club,

                        **Defendants.**
-------------------------------------------------X

Civil Action No.: 08CV3172
(DC)(ECF)

**Second
Amended Complaint**

**Jury Trial Demanded**

Plaintiffs Demetrius Wright and Luis Velez, by their attorney, David C. Wims, amend the

Complaint by leave of Court, and allege, on behalf of themselves and all others similarly

situated who opt into this action, as follows:

## NATURE OF ACTION

1. This is a challenge to several of Defendant's unlawful employment practices,

including: (i) failure to pay overtime; (ii) failure to pay for all hours worked; (iii)

involuntary servitude; and (iv) violations of Racketeering Influenced Corrupt

Organizations ("RICO), 18 U.S.C. §§ 1961 *et seq.*

2. Pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.* ("FLSA"), Plaintiffs

allege that they are: (i) entitled to compensation for hours worked but unpaid, (ii) entitled

to overtime compensation for hours worked beyond forty per week; and (iii) entitled to

liquidated damages equal to their unpaid wages under the FLSA.

3. Pursuant to the New York Labor Law, Articles 6 and 19, Plaintiffs allege that they are: (i) entitled to compensation for hours worked but unpaid, (ii) entitled to overtime compensation for hours worked beyond forty per week; (iii) entitled to call-in and spread of hours pay; and, (iv) entitled to liquidated damages equal to twenty-five percent of their unpaid wages under the New York Labor Law.

4. Pursuant to the Thirteenth Amendment to the Constitution of the United States, U.S. Const. Amend. XIII, Plaintiffs allege that they are: (i) entitled to compensatory damages, (ii) entitled to punitive damages, and (iii) entitled to attorney's fees and costs.

5. Pursuant to RICO, Plaintiffs allege that they are: (i) entitled to treble damages; and (ii) entitled to attorney's fees and costs.

6. Pursuant to 29 U.S.C. § 216(b), Plaintiffs bring their FLSA claim as a collective action on behalf of themselves and all other similarly situated employees of Defendant who elect to opt into this action.

**JURISDICTION AND VENUE**

7. This Court has subject matter jurisdiction over Plaintiffs' federal claims pursuant to 28 U.S.C. §§ 1331 and 1337, and supplemental jurisdiction over Plaintiffs' Labor Law claims pursuant to 28 U.S.C. § 1367. In addition, this Court has jurisdiction over Plaintiffs' FLSA claims pursuant to 29 U.S.C. § 216 (b).

8. Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391(a), as the events giving rise to the claim occurred therein.

**FACTUAL ALLEGATIONS**

*The Parties*

9. Plaintiff Demetrius Wright is an adult, black male residing in the State of New York, County of Westchester.

10. Plaintiff Luis Velez is an adult, Hispanic male residing in the State of New York, County of Westchester.

11. Defendant Brae Burn Country Club, Inc. is a domestic not-for-profit corporation doing business within the State of New York, County of Westchester.

12. Defendant owns and/or operates the real property located at Brae Burn Drive, Purchase, NY 10577.

13. Defendants Steven Vando and Maria Conte at all times herein relevant were and are the General Manager and Controller, respectively, of Defendant Brae Burn Country Club, Inc.

*Statutory Coverage*

14. Plaintiff Demetrius Wright was employed by Defendant Brae Burn from April 2006 to April 2007 as a laundry attendant.

15. Plaintiff Luis Velez was employed by Defendant Brae Burn from April 2006 to December 2006 as a maintenance worker.

16. During their respective tenures, Plaintiffs were employed by Defendant Brae Burn within the meaning of §§ 2, 190, and 651 of the New York Labor Law.

17. During their respective tenures, Plaintiffs were employed by Defendant Brae Burn within the meaning of 29 U.S.C. § 203 of the FLSA.

18. In performing their duties, Plaintiffs were engaged in commerce within the meaning of the FLSA.

19. In performing their duties, Plaintiffs used goods and products that had been moved or

produced in interstate commerce.

20. From the commencement of Plaintiffs' employment and before, to the filing of this Complaint, Defendant Brae Burn has been an enterprise engaged in commerce within the meaning of the FLSA.

21. From the commencement of Plaintiffs' employment and before, to the filing of this Complaint, Defendant Brae Burn has used goods and products that have been moved or produced in interstate commerce.

*Plaintiffs' Employment*

22. Throughout their tenures, Plaintiffs were full-time employees of Defendant Brae Burn subject to a collective bargaining agreement.

23. Throughout the Covered Period, Defendants scheduled Plaintiffs to work (barring vacation days, sick days, or other days off from his schedule) five, twelve-hour shifts per week, with additional hours and days as needed by Defendants.

24. Plaintiffs' work hours for Defendants frequently totaled more than ten hours per day and forty hours per week, sometimes spanning seven days and including split shifts and call-in work; and often included labor performed before punching in and after punching out, or not otherwise recorded or accounted for by Defendants.

25. Each week, after submission of completed time cards by Plaintiffs, Defendants Vando, Conte and/or their designees would review Plaintiffs' time cards, and "edit" them in a scheme to defraud the Plaintiffs and other employees, *inter alia*.

26. The "editing" that occurred would substitute a 8:00 pm clock out for a 10:00 pm clock out, for example, always resulting in labor performed by Plaintiffs for which they were not paid.

27. The "editing" occurred almost every week throughout the periods of employment of Plaintiffs, and Defendants actually crossed out validly punched times of Plaintiffs to write in their own entries, and then based Plaintiffs' pay on the substituted values, thereby defrauding Plaintiffs of some of their rightfully earned wages.

28. Defendants' fraudulent scheme was made possible by virtue of the authority and positions of Defendants Vando and Conte at Defendant Brae Burn Country Club in its capacity as employer of Plaintiffs and others.

29. Defendants facilitated their scheme to defraud by use of the mails and wires in that the timecards and pay stubs of Plaintiffs were transmitted, executed, confirmed, sent and/or received by way of telephone calls, faxes and the mails.

30. Defendants never notified Plaintiffs that their time cards were being "edited," and concealed the same so that Plaintiffs would have no recourse.

31. Upon information and belief, the proceeds of the scheme were retained by and beneficial to Defendant Brae Burn Country Club.

32. Defendants Vando and Conte were personally involved in the scheme to defraud and also delegated some of the acts to their subordinates.

33. As consideration for employment, Defendants paid Plaintiffs: a) cash wages, b) lodging with utility services, c) health insurance, d) two meals per day, and other forms of remuneration.

34. Plaintiffs' weekly wages from Defendants varied depending on the number of hours Defendants assigned them to work.

35. Defendants paid Plaintiffs overtime compensation the calculation of which did not include the value of the lodging, meals, utility services, etc., provided to Plaintiffs by Defendants.

36. Actual pay stubs and time cards issued by Defendants to Plaintiffs are attached to this complaint as Exhibit "A".

*Collective Action Allegations*

37. During the relevant time periods, Defendants employed other employees in the same and other job title(s) as Plaintiffs.

38. During the relevant time periods, Defendants subjected other employees than Plaintiffs to the same overtime pay policies outlined above.

39. Defendants subjected other employees than Plaintiffs to the same overtime pay policies outlined above even where those employees had different titles, responsibilities, shifts and work schedules than Plaintiffs.

40. Upon information and belief, Defendants continue to subject its employees to the same overtime pay policies it has applied to Plaintiffs, as outlined above.

## FIRST CLAIM FOR RELIEF

## FAIR LABOR STANDARDS ACT

41. Plaintiffs allege and incorporate by reference all of the above allegations.

42. Under the FLSA, Plaintiffs were entitled to payment for all hours worked and overtime compensation from Defendants of one and one-half (1.5) times their 'regular rate' of pay for hours worked beyond forty per week.

43. Under the FLSA, Plaintiffs' 'regular rate' of pay includes all remuneration for employment, whether in the form of wages, facilities or some other form, and whether

paid directly to Plaintiffs or to a third party.

44. By the above course of conduct, Defendants have violated the FLSA.

45. Defendants have violated the FLSA willfully.

46. Upon information and belief, Defendants' practices complained of herein were not approved in writing by the United States Department of Labor ("USDOL") or the New York Department of Labor ("NYDOL").

47. Upon information and belief, Defendants' practices complained of herein were not based on Defendants' (or any of its agents') review of any policy or publication of the USDOL or the NYDOL.

48. Upon information and belief, Defendants' practices complained of herein were not based upon any advice of counsel received by Defendants.

49. Due to Defendants' FLSA violations, Plaintiffs are entitled to recover their unpaid wages, overtime compensation, liquidated damages, reasonable attorneys' fees, and the costs of this action, pursuant to 29 U.S.C. § 216 (b).

50. Other employees similarly situated to Plaintiffs are entitled to the same relief that Plaintiffs seek under the FLSA.

## SECOND CLAIM FOR RELIEF

## NEW YORK LABOR LAW

51. Plaintiffs allege and incorporate by reference all of the above allegations.

52. Under the New York Labor Law, Plaintiffs were entitled to payment for all hours worked and overtime compensation of one and one-half (1.5) times their 'regular rate' of pay for hours worked beyond forty per week.

53. Under the New York Labor Law, Plaintiffs' 'regular rate' of pay includes all remuneration for employment, whether in the form of wages, facilities or some other form, and whether paid directly to Plaintiffs or to a third party.

54. By the above course of conduct, Defendants have violated the New York Labor Law.

55. Defendants have violated the New York Labor Law willfully.

56. Due to Defendants' New York Labor Law violations, Plaintiffs are entitled to recover their unpaid wages, overtime compensation, liquidated damages, reasonable attorneys' fees, and the costs of this action, pursuant to New York Labor Law §§ 198, 663(1).

## THIRD CLAIM FOR RELIEF

## THIRTEENTH AMENDMENT TO THE U.S. CONSTITUTION

57. At all times herein relevant, Defendants' employment of Plaintiffs was subject to the Thirteenth Amendment to the U.S. Constitution, which forbids involuntary servitude, *inter alia*.

58. Pursuant thereto, Plaintiffs were entitled to compensation for labor at a rate not less than the controlling minimum wage.

59. By "editing" Plaintiffs' timecards and eliminating their hours, Defendants have subjected them to involuntary servitude and violated the Thirteenth Amendment to the U.S. Constitution, causing Plaintiffs damages.

60. Due to Defendants' violation of the same, Plaintiffs are entitled to recover their unpaid compensation, compensatory damages, punitive damages, attorney's fees and costs.

## FOURTH CLAIM FOR RELIEF

## RACKETEERING INFLUENCED CORRUPT ORGANIZATIONS

61. This Count arises under the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1961 *et seq.*

62. Defendant Brae Burn Country Club, Inc. is an enterprise within the meaning of 18 U.S.C. § 1961(4), which is engaged in, or the activities of which affect, interstate or foreign commerce. The fraudulent transactions detailed above were made by Defendants Vando and Conte in their capacity as officers of Brae Burn.

63. The fraudulent transactions set forth above represented a scheme and artifice to defraud Plaintiffs, which was facilitated by use of the United States Mail and wires, caused by Defendants, and resulting in mail fraud within the meaning of 18 U.S.C. § 1341.

64. Mail fraud constitutes racketeering activity as that term is defined in 18 U.S.C. § 1961(1)(B).

65. Defendant's multiple fraudulent transactions as detailed above constitute a pattern of racketeering activity within the meaning of 18 U.S.C. § 1961(5).

66. Defendants Vando and Conte and their agents, associates, and representatives, have conducted, and have participated in the conduct of, the affairs of Brae Burn Country Club through a pattern of racketeering activity in violation of 18 U.S.C. § 1962(c), (d).

67. As a direct and proximate result of these violations of 18 U.S.C. § 1962(c), Plaintiffs have suffered actual damages as a result of injury to their property in the amount of any unpaid wages.

68. Defendants Vando and Conte are liable to Plaintiffs for treble damages, together with all costs of this action plus reasonable attorney's fees, all as provided under 18 U.S.C. § 1964(c).

## PRAYER FOR RELIEF

Plaintiff respectfully requests that this Court grant the following relief:

69. Award Plaintiffs the following unpaid wages:

a. unpaid wages under the FLSA;

b. unpaid wages under the New York Labor Law;

c. unpaid overtime compensation under the FLSA;

d. unpaid overtime compensation under the New York Labor Law; and

e. unpaid wages under the Thirteenth Amendment; and

70. Award Plaintiffs the following liquidated damages:

a. liquidated damages equal to unpaid compensation under the FLSA; and

b. liquidated damages equal to an additional twenty-five percent of unpaid compensation under the New York Labor Law; and

71. Award Plaintiffs compensatory and punitive damages for the constitutional violation;

72. Award Plaintiffs treble damages for all injury sustained by reason of injury to property that occurred as a result of Defendants' violations of RICO;

73. Award Plaintiffs pre-judgment interest; and

74. Award Plaintiffs reasonable attorney's fees as well as the costs of this action; and

75. Award all similarly situated employees who opt into this action the same relief that Plaintiffs are awarded under the FLSA; and

76. Award such other and further relief as this Court deems necessary and proper.

## DEMAND FOR TRIAL BY JURY

77. Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand a trial by jury on all questions of fact raised by the Complaint.

Dated: 07/14/08

Brooklyn, NY

LAW OFFICE OF DAVID WIMS
David C. Wims, Esq. (DW-6964)
*Attorney for Plaintiff*
1430 Pitkin Ave., 2nd Floor
Brooklyn, NY 11233
(646) 393-9550

**EXHIBIT A**

**EXHIBIT A**

CO.    FILE    DEPT.    CLOCK  NUMBER    040
FPB    090542  320              0041551414  1

**Earnings Statement**

*BRAE BURN COUNTRY CLUB*
*BRAE BURN DRIVE*
*PURCHASE, NEW YORK 10577*
*PAYROLL ACCOUNT*

Period Ending:        05/21/2006
Pay Date:             05/25/2006

Taxable Marital Status: Single
Exemptions/Allowances:
  Federal:  3
  State:    3

**DEMETRIUS WRIGHT**
**17 SOUTH SECOND AVE**
**NEW YORK, NY 10550**

Social Security Number: XXX-XX-6575

| Earnings | rate | hours | this period | year to date |
|----------|------|-------|-------------|--------------|
| Regular  | 9.0000 | 40.00 | 360.00 | |
| Overtime | 13.5000 | 5.00 | 67.50 | |
| Gross Pay | | | $427.50 | 1,516.50 |

| Deductions | Statutory | this period | year to date |
|------------|-----------|-------------|--------------|
| | Federal Income Tax | -20.85 | 60.27 |
| | Social Security Tax | -26.50 | 94.02 |
| | Medicare Tax | -6.20 | 21.99 |
| | NY State Income Tax | -10.02 | 31.39 |
| | NY SUI/SDI Tax | -0.60 | 2.40 |
| | **Other** | | |
| | Dues | | 28.00 |
| | **Net Pay** | $363.33 | |

Your federal taxable wages this period are $427.50



| CO. | FILE | DEPT. | CLOCK | NUMBER | 04C |
|-----|------|-------|-------|--------|-----|
| FPB | 090542 | 320 | | 0041604900 | 1 |

BRAE BURN COUNTRY CLUB
BRAE BURN DRIVE
PURCHASE, NEW YORK 10577
PAYROLL ACCOUNT

Taxable Marital Status: Single
Exemptions/Allowances:
    Federal: 3
    State: 3

# Earnings Statement

**ADP**

Period Ending:      06/11/2006
Pay Date:           06/15/2006

**DEMETRIUS WRIGHT**
**17 SOUTH SECOND AVE**
**NEW YORK, NY 10550**

Social Security Number: XXX-XX-6575

| Earnings | rate | hours | this period | year to date |
|----------|------|-------|-------------|--------------|
| Regular | 9.0000 | 40.00 | 360.00 | |
| Overtime | 13.5000 | 31.00 | 418.50 | |
| Gross Pay | | | $778.50 | 3,552.75 |

| Deductions | Statutory | | |
|------------|-----------|---|---|
| | Federal Income Tax | -73.50 | 235.89 |
| | Social Security Tax | -48.27 | 220.27 |
| | Medicare Tax | -11.28 | 51.51 |
| | NY State Income Tax | -32.55 | 108.80 |
| | NY SUI/SDI Tax | -0.60 | 4.20 |
| | **Other** | | |
| | Dues | | 56.00 |
| | **Net Pay** | **$612.30** | |

Your federal taxable wages this period are $778.50

No._____  Demetrius Wright
              June 11, 2006
Name_____

| Day | AM/PM | IN/OUT | | |
|---|---|---|---|---|
| MON. | A M | IN | | |
| | | OUT | | |
| | P M | IN | | |
| | | OUT | | |
| TUE. | A M | IN | | 7 16 |
| | | OUT | 4 | 11 16 | 1 |
| | P M | IN | | |
| | | OUT | | |
| WED. | A M | IN | | 6 59 | 1.75 |
| | | OUT | 3 | 10 45 | |
| | P M | IN | | |
| | | OUT | | |
| THU. | A M | IN | | 7 09 | 2 |
| | | OUT | 3 | 11 00 | |
| | P M | IN | | |
| | | OUT | | 10 24 |
| FRI. | A M | IN | | 7 15 | 2 |
| | | OUT | 3 | 10 16 | |
| | P M | IN | | |
| | | OUT | | |
| SAT. | A M | IN | | 7 13 | 1.3 |
| | | OUT | 4 | | |
| | P M | IN | | |
| | | OUT | | 11 34 |
| SUN. | A M | IN | | 7 41 |
| | | OUT | 4 | |
| | P M | IN | | |
| | | OUT | | |

SIGNATURE_____

Form 1291 (630331-1)                    MADE IN U.S.A.

CO.    FILE    DEPT.    CLOCK   NUMBER    040
FPB    090542  320             0041641272   1

*BRAE BURN COUNTRY CLUB*
*BRAE BURN DRIVE*
*PURCHASE, NEW YORK 10577*
*PAYROLL ACCOUNT*

Taxable Marital Status: Single
Exemptions/Allowances:
    Federal: 3
    State:    3

Social Security Number: XXX-XX-6575

# Earnings Statement



Period Ending:     06/25/2006
Pay Date:          06/29/2006

**DEMETRIUS WRIGHT**
**17 SOUTH SECOND AVE**
**NEW YORK, NY 10550**

| Earnings | rate | hours | this period | year to date |
|----------|------|-------|-------------|--------------|
| Regular | 9.0000 | 40.00 | 360.00 | |
| Overtime | 13.5000 | 19.00 | 256.50 | |
| **Gross Pay** | | | **$616.50** | 4,887.00 |

| Deductions | Statutory | | |
|------------|-----------|---|---|
| | Federal Income Tax | -49.20 | 349.48 |
| | Social Security Tax | -38.22 | 302.99 |
| | Medicare Tax | -8.94 | 70.86 |
| | NY State Income Tax | -21.45 | 158.64 |
| | NY SUI/SDI Tax | -0.60 | 5.40 |
| | **Other** | | |
| | Dues | | 56.00 |
| | **Net Pay** | **$498.09** | |

Your federal taxable wages this period are $616.50

No. _____                                    Week
Name  Demetrius Wright                             ending _____
      June 25, 2006

| | | | | |
|---|---|---|---|---|
| **MON.** | A M | IN | | |
| | | OUT | | |
| | P M | IN | | |
| | | OUT | | |
| **TUE.** | A M | IN | | E 7 31 |
| | | OUT | | E 5 59 |
| | P M | IN | | |
| | | OUT | | |
| **WED.** | A M | IN | | 8 05 |
| | | OUT | | 4 38 |
| | P M | IN | | |
| | | OUT | | |
| **THU.** | A M | IN | | 7 33 |
| | | OUT | | 12 45 |
| | P M | IN | | |
| | | OUT | | |
| **FRI.** | A M | IN | | TH 2 16 |
| | | OUT | | FR 10 23 |
| | P M | IN | | |
| | | OUT | | |
| **SAT.** | A M | IN | | 7 09 |
| | | OUT | | 10 17 |
| | P M | IN | | |
| | | OUT | | |
| **SUN.** | A M | IN | | 7 39 |
| | | OUT | | |
| | P M | IN | | |
| | | OUT | | |

SIGNATURE _____

TOPS Form 1291 (830331-1)                          MADE IN U.S.A.

CO.   FILE   DEPT.   CLOCK  NUMBER   040
FPB  090542  320           0041657402  1

*BRAE BURN COUNTRY CLUB*
*BRAE BURN DRIVE*
*PURCHASE, NEW YORK 10577*
*PAYROLL ACCOUNT*

Taxable Marital Status: Single
Exemptions/Allowances:
    Federal:  3
    State:    3

# Earnings Statement



Period Ending:        07/02/2006
Pay Date:             07/06/2006

**DEMETRIUS WRIGHT**
**17 SOUTH SECOND AVE**
**NEW YORK, NY 10550**

Social Security Number: XXX-XX-6575

| **Earnings** | rate | hours | this period | year to date |
|--------------|------|-------|-------------|--------------|
| Regular      | 9.0000 | 40.00 | 360.00   |              |
| Overtime     | 13.5000 | 35.00 | 472.50  |              |
| Gross Pay    |      |       | $832.50     | 5,719.50     |

| **Deductions** | **Statutory** | | |
|----------------|---------------|-------------|
|                | Federal Income Tax | -83.82 | 433.30 |
|                | Social Security Tax | -51.62 | 354.61 |
|                | Medicare Tax | -12.07 | 82.93 |
|                | NY State Income Tax | -36.25 | 194.89 |
|                | NY SUI/SDI Tax | -0.60 | 6.00 |
|                | **Other** | | |
|                | Dues | | 56.00 |
|                | **Net Pay** | **$648.14** | |

Your federal taxable wages this period are $832.50

No._____    Demetrius Wright    Week _____
                July 2, 2006
Name._____



| | | | |
|---|---|---|---|
| **MON.** | A/M | IN | 7 46 |
| | | OUT | 10  8:00 |
| | P/M | IN | 7:00 |
| | | OUT | |
| **TUE.** | A/M | IN | 6:00 |
| | | OUT | 4 |
| | P/M | IN | 0 |
| | | OUT | |
| **WED.** | A/M | IN | |
| | | OUT | |
| | P/M | IN | |
| | | OUT | |
| **THU.** | A/M | IN | 7 22 |
| | | OUT | 4  11pm |
| | P/M | IN | |
| | | OUT | |
| **FRI.** | A/M | IN | 8 32 |
| | | OUT | 14  11 17 |
| | P/M | IN | |
| | | OUT | |
| **SAT.** | A/M | IN | 7 35 |
| | | OUT | 14  11 23 |
| | P/M | IN | |
| | | OUT | |
| **SUN.** | A/M | IN | 8 03 |
| | | OUT | 4  11 pm |
| | P/M | IN | |
| | | OUT | |

SIGNATURE_____

TOPS Form 1291 (830831-1)           MADE IN U.S.A.

| CO. | FILE | DEPT. | CLOCK | NUMBER | 040 |
|-----|------|-------|-------|--------|-----|
| FPB | 090542 | 320 | | 0041778900 | 1 |

BRAE BURN COUNTRY CLUB
BRAE BURN DRIVE
PURCHASE, NEW YORK 10577
PAYROLL ACCOUNT

Taxable Marital Status: Single
Exemptions/Allowances:
    Federal: 3
    State:   3

## Earnings Statement



Period Ending:        08/20/2006
Pay Date:             08/24/2006

**DEMETRIUS WRIGHT**
**17 SOUTH SECOND AVE**
**NEW YORK, NY 10550**

Social Security Number: XXX-XX-6575

| Earnings | rate | hours | this period | year to date |
|----------|------|-------|-------------|--------------|
| Regular | 9.0000 | 40.00 | 360.00 | |
| Overtime | 13.5000 | 13.50 | 182.25 | |
| Gross Pay | | | $542.25 | 10,431.00 |

| Deductions | Statutory | | |
|------------|-----------|---|---|
| | Federal Income Tax | -38.06 | 850.57 |
| | Social Security Tax | -33.62 | 646.72 |
| | Medicare Tax | -7.86 | 151.25 |
| | NY State Income Tax | -16.70 | 373.93 |
| | NY SUI/SDI Tax | -0.60 | 10.20 |
| | **Other** | | |
| | Dues | -4.00 | 116.00 |
| | **Net Pay** | | **$441.41** |

Your federal taxable wages this period are $542.25



Demetrius Wright
August 20, 2006

62

**IMPORTANT:** Duplicate card numbers must NOT
be used within a pay period

www.pyramidtechnologies.com
PTI 44100-10 REV. I
© 2001 PYRAMID TECHNOLOGIES, LLC

**Earnings Statement**

CO. FILE DEPT. CLOCK NUMBER
FPB 090541 310 0041860977 1

BRAE BURN COUNTRY CLUB
BRAE BURN DRIVE
PURCHASE, NEW YORK 10577
PAYROLL ACCOUNT

| | |
|---|---|
| Period Ending: | 09/24/2006 |
| Pay Date: | 09/28/2006 |

Taxable Marital Status: Married
Exemptions/Allowances:
   Federal: 4
   State:   4

LUIS VELEZ
333 WILLETT AVE
PORT CHESTER, NY 10573

Social Security Number: XXX-XX-7984

| Earnings | rate | hours | this period | year to date |
|---|---|---|---|---|
| Regular | 9.0000 | 40.00 | 360.00 | |
| Overtime | 13.5000 | .50 | 6.75 | |
| Gross Pay | | | $366.75 | 6,169.50 |

| Deductions | Statutory | | |
|---|---|---|---|
| | Social Security Tax | -22.74 | 382.51 |
| | Medicare Tax | -5.32 | 89.46 |
| | NY State Income Tax | -5.84 | 131.11 |
| | NY SUI/SDI Tax | -0.60 | 9.00 |
| | Federal Income Tax | | 70.54 |
| | Other | | |
| | Dues | | 98.00 |
| Net Pay | | | $332.25 |

Your federal taxable wages this period are $366.75



IMPORTANT: Duplicate card numbers must NOT
be used within a pay period

www.pyramidtechnologies.com
PTI 44100-10 REV. I
© 2001 PYRAMID TECHNOLOGIES, LLC



CO. FILE  DEPT. CLOCK  NUMBER
FPB  090541 310    0041879707  1



# Earnings Statement

*BRAE BURN COUNTRY CLUB*
*BRAE BURN DRIVE*
*PURCHASE, NEW YORK 10577*
*PAYROLL ACCOUNT*

Period Ending:    10/01/2006
Pay Date:       10/05/2006

Taxable Marital Status: Married
Exemptions/Allowances:
   Federal: 4
   State:  4

**LUIS VELEZ**
**333 WILLETT AVE**
**PORT CHESTER, NY 10573**

Social Security Number: XXX-XX-7984

| Earnings | rate | hours | this period | year to date |
|---|---|---|---|---|
| Regular | 9.0000 | 40.00 | 360.00 | |
| Overtime | 13.5000 | 14.50 | 195.75 | |
| Gross Pay | | | $555.75 | 6,725.25 |

| Deductions | Statutory | this period | year to date |
|---|---|---|---|
| | Federal Income Tax | -14.81 | 85.35 |
| | Social Security Tax | -34.46 | 416.97 |
| | Medicare Tax | -8.06 | 97.52 |
| | NY State Income Tax | -15.79 | 146.90 |
| | NY SUI/SDI Tax | -0.60 | 9.60 |
| | **Other** | | |
| | Dues | | 98.00 |
| | Net Pay | $482.03 | |

Your federal taxable wages this period are $555.75

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| van | 9-CL | | 2-CL | 2-CL | 2-CL | 2-CL | 9-5.30 | 4-6 |
| Luis | | 10-7 | 10-7 | 11-8 | 11-8 | 11-8 | 12-CL | 2-CL |
| **LOCKERS** | | | | | | | | |
| Daniel | 9 | 10 | 10 | | 8 | 8 | 8 | 9 |
| Regina | | 8 | 8 | 8 | 8 | 8 | 8 | |
| | | | | | | | | |
| Waiters - Lunch | | | | | | | | |
| Waiters - Dinner | | | | | | | | |



Luis Velez
October 1, 2006

NAME                                                PAY PERIOD EN

SIGNATURE

| TOTAL HOURS R.T. | O.T. | OFFICE USE | DATE AND TIME | PAYA TIM |
|---|---|---|---|---|
| 40 | 14.8 | 8 | SEP26 10:00AM  *IN*  T | |
| RATE | | 8 | SEP26  6:57PM  9:00  9: | |
| | | | SEP27 10:03AM  *IN*  W | |
| AMOUNT | | 8 | SEP27  7:00PM  9:00  10: | |
| | | 9.8 | SEP28 10:57AM  *IN*  TH | |
| EARNINGS | | | SEP28 10:20PM 11:15 29: | |
| | | 11 | SEP29 11:03AM  *IN*  FR | |
| DEDUCTIONS | | | SEP29 11:46PM 12:45 42:0 | |
| | | 10 | SEP30 10:54AM  *IN*  SA | |
| BALANCE | | | SEP30 11:01PM 12:00 54:0 | |
| | | 8 | OCT 1 12:03PM  *IN*  SU | |
| | | | OCT 1  5:30PM  5:30  59: | |

IMPORTANT: Duplicate card numbers must NOT be used within a pay period

www.pyramidtechnologies.com
PTI 44100-10 REV.
© 2001 PYRAMID TECHNOLOGIES, LLC

CIV. ACTION #: 08CV3172

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------------------X
DEMETRIUS WRIGHT,
LUIS VELEZ

                                        Plaintiffs, on behalf of themselves
and all others similarly situated,

                -against-

BRAE BURN COUNTRY CLUB, INC.,
STEVEN VANDO,
MARIA CONTE,

                                        Defendants.
------------------------------------------------------------------------X

### <u>SECOND AMENDED COMPLAINT</u>

---

Law Office of David Wims
1430 Pitkin Ave., 2nd Floor
Brooklyn, NY 11233
(646) 393-9550
Fax (646) 393-9552

---

This certification, pursuant to Federal Rule of Civil Procedure 11,

applies to the following within papers:

                                (1) Second Amended Complaint

Dated: July 14, 2008            Signature _____

                                        David C. Wims