UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
DEMETRIUS WRIGHT,                           :    08-CV-3172 (DC)
LUIS VELEZ,                                 :
                                            :    **AFFIDAVIT OF**
      Plaintiffs, on behalf of    :    **STEVEN VANDO IN**
      themselves and all others   :    **SUPPORT OF**
      similarly situated,         :    **DEFENDANTS' MOTION**
                                            :    **TO DISMISS, OR IN THE**
      - against -                 :    **ALTERNATIVE, FOR**
                                            :    **SUMMARY JUDGMENT**
                                            :
BRAE BURN COUNTRY CLUB, INC.,               :
STEVEN VANDO, individually and as General   :
Manager of Brae Burn Country Club,          :
MARIA CONTE, individually and as Controller of Brae :
Burn Country Club,                          :
                                            :
      Defendants.                 :
------------------------------------------------------------x

STEVEN VANDO, being sworn states:

1. I am the General Manager of Brae Burn Country Club, Inc. ("Club"). I make this affidavit in support of the motion to dismiss, or alternatively, for summary judgment submitted by the Club, Maria Conte and myself (collectively, "Defendants"). I make this affidavit based upon the Club's records and my own personal knowledge.

2. The Club is a member owned country club.

3. Maria Conte is employed as the Club's Controller.

4. Conte and I each reside within the State of New York.

5. Plaintiff Wright was employed by the Club as a non-exempt laundry room attendant from April 2006 through April 2007.

6. Club records establish that the only time Plaintiff Wright worked over 40 hours in a work week was during 2006; he never worked over 40 hours in a work week during 2007.

NY:2792038v1

7. On March 2, 2007, Frank Krimmelbein and I met with Plaintiff Wright and discussed his lack of professionalism and failure to punch in and out on time. A copy of a written memo regarding this meeting is attached as Exhibit A.

8. On March 3, 2007, Plaintiff Wright was suspended for the day for being repeatedly late to work. A copy of a memo to file regarding same is attached as Exhibit B.

9. On April 5, 2007, the Club's then Assistant General Manager, Frank Krimmelbein, went to the laundry room to find Wright for an assignment. Krimmelbein discovered that the laundry room was locked, so he went to check whether Plaintiff Wright had punched out, but he was still on the clock and being paid to work. Krimmelbein searched the entire clubhouse twice, did not find Plaintiff Wright. He then visited Plaintiff Wright's room in the dormitory and found him there talking on the phone. When asked why he had abandoned his work station and was in his room on company time, Plaintiff Wright responded that he had intended to return to the laundry room. They walked back to the laundry room together, and the room was locked, dark and Plaintiff Wright's work station had been cleaned, making it apparent that Plaintiff Wright had no intention of returning to work that day. Plaintiff Wright was reminded that he cannot be late or clock out early without management's permission. A copy of the memorandum regarding this incident is attached as Exhibit C.

10. On April 20, 2007, Plaintiff Wright abandoned his work station for at least 20 minutes to allegedly retrieve scissors from his room, but there were six pairs of scissors in a room 30 seconds away from his work station. Plaintiff was terminated on this date for his repeated disregard for complying with Club policies. A copy of a memorandum regarding the events of April 20, 2007 is attached as Exhibit D.

11. Plaintiff Velez was employed by Brae Burn as a maintenance worker from April 22, 2006 through December 23, 2006.

12. Velez was repeatedly warned to punch in and out between assigned shifts when he worked a double shift. A copy of a September 4, 2006 memorandum to Plaintiff Velez regarding this issue is attached as Exhibit E.

13. Plaintiff Velez's employment ended when he abandoned his job after having been verbally reprimanded for locking himself in a cleaning supply closet with a female housekeeper during the middle of his shift. A copy of a payroll notice regarding Plaintiff Velez's job abandonment and a memorandum regarding same are attached as Exhibit F.

14. Plaintiffs Wright and Velez had meal breaks of one-half hour during their workday (at 11:30 A.M. and 5:00 PM) and when they had worked a double shift, an additional one full hour break each afternoon, from 2 PM to 3 PM.

15. During weeks in which he worked over forty hours with Brae Burn, Plaintiff Velez was paid an hourly rate of $9.00 per hour, and $13.50 per hour for all hours he worked in excess of forty per week, as reflected on the payroll records of the Club. All hourly paid Club employees receive a paycheck which sets forth the regular and overtime hours they worked each week. There are no records of Mr. Velez or Mr. Wright complaining or filing a grievance with the Union that either was not paid for all hours worked..

16. Plaintiff Wright and Plaintiff Velez were employed pursuant to a collective bargaining agreement between their union, Local 32BJ, SEIU and the Federation of Country Clubs, of which Brae Burn is a member.

17. On August 27, 2007, Plaintiff Wright filed a charge of discrimination against the Club, alleging that he was sexually harassed.

18. On December 27, 2007, Plaintiff Wright entered into a General Release with the Club.

19. Brae Burn fulfilled all of its obligations under the General Release, including paying Plaintiff Wright the consideration specified therein, and Plaintiff Wright accepted all of the consideration specified in the General Release.

20. Plaintiff Wright filed a Complaint against the Club on March 31, 2008. He was represented by Attorney Wims, the same attorney who represented him in negotiating and settling the General Release.

21. Unrelated to any allegations in this case, the United States Department of Labor, Wage and Hour Division ("DOL") recently conducted a wage and hour audit of the Club. The audit covered any amounts due concerning the inclusion of room and meals in an employee's regular rate in computing overtime compensation. The DOL determined the amount of additional compensation due to all employees with respect to the requirements of the U.S. Fair Labor Standards Act ("FLSA"). It was determined that Mr. Wright was entitled to $119.10, and a check in this amount, minus applicable taxes, was sent to Mr. Wright on May 8, 2008. A copy of this check is attached hereto as Exhibit G.

22. The Club paid anyone and everyone found by the audit to be entitled to recovery of unpaid wages under the FLSA.

_____
Steven Vando

Sworn to before me this
8th day of August 2008
_____
Notary Public

KAREN D. WILLIAMS
NOTARY PUBLIC - STATE OF NEW YORK
NO. 01-WI6064649
QUALIFIED IN DUTCHESS COUNTY
MY COMMISSION EXPIRES 10-01-2009

**EXHIBIT A**

Case 1:08-cv-03172-DC    Document 20-2    Filed 08/11/2008    Page 1 of 2

Friday, March 02, 2007

For Personnel file of Demetrius Wright

This afternoon Mr. Vando and myself met with Demetrius to discuss his on the job behavior and attitude towards teamwork. We reviewed his past history of sloppy dress and eating in public areas. His problem with punching in and out on time and the quality of his work from the laundry being not up to par were also discussed. Demitrius was told what is expected of him as a houseman on the Brae Burn team. He was given a chance to express his concerns also and we asked him if there was anything we could do to assist him in doing a better job. We told him that there would be another training session in the very near future and that he would be expected to learn to do a more efficient job.

He was told that he would be given another chance to show us his commitment to Brae Burn and that he must definitely improve upon his personal appearance and professionalism especially while in public areas of the Club House. His tardiness to work must be corrected immediately.

*Frank Kummuller* [signature]

**EXHIBIT B**

Case 1:08-cv-03172-DC    Document 20-3    Filed 08/11/2008    Page 1 of 2

Saturday March 3, 2007

For Personnel file of Demetrius Wright

After having a discussion of correcting his problem with tardiness just yesterday with myself and Mr. Vando, Demetrius was 20 minutes late reporting to work today.

As a result of his actions, Demetrius was sent home on a one day suspension.

*Frank Kummerlle*

**EXHIBIT C**

Thursday, April 5, 2007

For Personnel File of Demetrius Wright

This afternoon at about 4:05pm, I was in need of help in the clubhouse from Antonio and Demetrius. When Antonio and I went downstairs to get Demetrius, the door to the laundry room was locked and he was not around. I went upstairs to see if Demetrius had clocked out to go home and he had not done so. I then searched the entire clubhouse twice looking and calling his name. He was nowhere to be found. He was still on the clock and being paid to be working. I walked over to his room and found Demetrius in his room talking on the phone. When I asked him why he was there on Brae Burn company time and had left his work station, he stated he was taking laundry to his room. I told him he was needed and should not have been there and I asked him why he locked up if he had intentions of returning to work. We then walked over to the laundry room together and unlocked the door. The room was dark with the lights out and his work station had been cleaned up. It was clear Demetrius had no intentions of returning to work. I then took Demetrius upstairs to the General Managers office to discuss once again his attitude towards his position and his responsibilities to Brae Burn. He was asked to please give more of an effort to teamwork and not to be late or clock out early with out the permission of Management. Demetrius was told he would be given yet another chance to prove he is responsible toward management, his teammates, and his position as a houseman at Brae Burn. We can not continue having meetings and discussions in reference to any employees attitude. This will be the last time Demetrius will be given a chance to act responsible.

Frank Krimmelbein

*Frank Krimmelbein*
Assistant General Manager

**EXHIBIT D**

Friday, April 20, 2007

For Personnel File of Demetrius Wright

    At 11:45am Mr. Vando and myself went to the laundry room to check the pressure on the water filters. When we arrived Demetrius was not at his work station. When we inquired, Jorge said that he went to his room for a pair of scissors which we have 6 pairs of in the office only a 30 second walk from the laundry room. It is now 12:05pm and Demetrius is still not at his work station.
    We have been more than fair on several occasions in explaining to Demetrius both what we expect of him and his job performance. He has left without permission at least two times in the past for a long period of time. This is without question an attitude problem. In our last discussion, he was told it was going to be his last chance to act responsibly. He continues his disregard towards management and all of our attempts to make him aware of his disrespectful behavior towards his position at Brae Burn Country Club.
    We can no longer continue our relationship with any employee who has constant disregard for their position on the Brae Burn team. Demetrius is being dismissed from his employment with us effective immediately.


Frank Krimmelbein
Assistant General Manager

*Frank Krimmelbein* (signature)

**EXHIBIT E**

Luis F. Velez –Reminder of Brae Burns policy for punching in and out between Shifts

Monday, September 4, 2006. Today I had to remind Luis to punch in and out between his assigned shifts. He has repeatedly not done so. When Luis is scheduled to work a double shift the Brae Burn policy is to take a break between 2 and 3 pm. Punch out at 2 and punch in at 3.
Employees are given a half our meal break per shift. The morning meal break is 11:00 am to 11:30 am, the evening meal break is 5:00 pm to 5:30 pm. A half hour is deducted for each meal break.

Frank Krimmelbein

*Frank Krimmelbein* (signature)

Assistant General Manager

**EXHIBIT F**

# Brae Burn Country Club

## PAYROLL NOTICE

### EMPLOYEE PROFILE

Employee Name: *LUIS VELEZ*　　　Social Security #:

Date: *SATURDAY 12-23-06*　　　Date Effective: *SAT. 12-23-06*

### EMPLOYMENT CHANGES

| | | | |
|---|---|---|---|
| New Hire: ☐ | Position | | Department: |
| Rehire: ☐ | Position | | Department: |
| Regular: ☐ | Start Date: | | Union: BJ   100 |
| Summer: ☐ | Start Date: | End Date: | Union: BJ   100 |
| EXTRA ONLY ☐ | Shifts: | | |
| Salary: ☐ | Rate: | | |
| Hourly: ☐ | Rate: | | |

### CLASSIFICATION CHANGES

| Change | Old Information | New Information |
|---|---|---|
| Transfer: ☐ | Dept: | Dept: |
| Promotion: ☐ | Title/Dept: | Title/Dept: |
| Withholding Chg ☐ | From | TO |

Termination ☒　Date of Term

Reason: *WALKED OUT, ABANDONED JOB*

Laid off　　　Date due Back

**Other changes:**

Address Change

Merit Increase:　　　Effective:

Signature: *F. Krumrich* (?)　　　Date: *12-23-06*

### APPROVED BY

**EXHIBIT G**

| CO. | FILE | DEPT. | CLOCK | NUMBER | 040 |
|---|---|---|---|---|---|
| FPB | 090717 | 600 | | 0043441294 | 1 |

**Earnings Statement** ADP

BRAE BURN COUNTRY CLUB
BRAE BURN DRIVE
PURCHASE, NEW YORK 10577
PAYROLL ACCOUNT

Period Ending: 05/04/2008
Pay Date: 05/08/2008

Taxable Marital Status: Single
Exemptions/Allowances:
  Federal: 0
  State: 0
  Local: 0

DEMETRIUS WRIGHT
204 SARATOGA AVE
YONKERS, NY 10705

Social Security Number: XXX-XX-XXXX

| Earnings | rate | hours | this period | year to date |
|---|---|---|---|---|
| Overtime | | | 119.10 | |
| **Gross Pay** | | | **$119.10** | 119.10 |

| Deductions | Statutory | | |
|---|---|---|---|
| | Federal Income Tax | -6.81 | 6.81 |
| | Social Security Tax | -7.38 | 7.38 |
| | Medicare Tax | -1.73 | 1.73 |
| | NY SUI/SDI Tax | -0.60 | 0.60 |
| **Net Pay** | | **$102.58** | |

Your federal taxable wages this period are $119.10

© 1991 ADP, Inc.

VERIFY DOCUMENT AUTHENTICITY. COLORED AREA MUST CHANGE IN TONE GRADUALLY AND EVENLY FROM DARK AT TOP TO LIGHTER AT BOTTOM

BRAE BURN COUNTRY CLUB
BRAE BURN DRIVE
PURCHASE, NEW YORK 10577
PAYROLL ACCOUNT

FPB                                50-087/213
Payroll check number: 43441294
Pay date: 05/08/2008

Pay to the order of: DEMETRIUS WRIGHT

This amount: ONE HUNDRED TWO AND 58/100 DOLLARS          $102.58

ASSISTANCE WITH VERIFICATION AVAILABLE AT 877-423-7243
VOID AFTER 180 DAYS

CHASE MANHATTAN BANK
SYRACUSE, NY

ADP AUTHORIZED SIGNATURE

⑈43441294⑈ ⑆021309379⑆ 601⑈8⑈51199⑈