UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

DEMETRIUS WRIGHT,
LUIS VELEZ,

      Plaintiffs, on behalf of themselves
      and all others similarly situated,

          – against –

BRAE BURN COUNTRY CLUB, INC.,
STEVEN VANDO, individually and as General Manager
of Brae Burn Country Club,
MARIA CONTE, individually and as Controller of Brae
Burn Country Club,

          Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

08 CV 3172 (DC)

DEFENDANTS'
RULE 56.1
STATEMENT OF
UNDISPUTED
MATERIAL FACTS

Pursuant to Local Rule 56.1 of the Local Rules of the Court for the Southern District of New York, Defendants Brae Burn Country Club, Inc. ("Brae Burn" or "the Club"), Steven Vando and Maria Conte, by and through their attorneys, Epstein Becker & Green, P.C., hereby submit the following statement of material facts as to which there is no genuine issued to be tried.

The factual materials which are the sources of these statements are referred to by the following abbreviations:

- Declaration of Peter M. Panken ("Panken Decl.")
- Affidavit of Steven Vando ("Vando Aff.")

**Plaintiffs' Employment With the Club**

1. Plaintiff Wright worked at the Club from April 2006 through April 2007. [Vando Aff., at ¶ 5].

2.  The only time Plaintiff Wright worked in excess of 40 hours in a work week was during 2006. Plaintiff only worked during the off-season in 2007 so he never worked over 40 hours per work week in 2007. [Vando Aff., at ¶ 6].

3.  Plaintiff Velez was employed by Brae Burn as a maintenance worker from April 22, 2006 through December 23, 2006. [Vando Aff., at ¶ 11].

4.  The Club provided a meal to employees working at the time of the meal period (lunch – 11-11:30 A.M., dinner – 5-5:30 P.M.). Employees' meal periods were unpaid time off. When Plaintiffs worked a late shift, they received a one hour unpaid rest period from 2 to 3 P.M. [Vando Aff., at ¶ 14].

5.  Each week they worked, Plaintiffs received Earnings Statements which detailed the number of regular hours and rate of pay, and the number of overtime hours and the time and one-half rate of pay. Plaintiffs never questioned the time they were paid, never grieved that they had worked more hours then they were paid until their attorney prepared and filed the First Amended Complaint well over a year after they ceased working at the Club. [Panken Decl., at ¶ 12].

6.  During weeks in which he worked over forty hours with Brae Burn, Plaintiff Velez was paid an hourly rate of $9.00 per hour, and $13.50 per hour for all hours he worked in excess of forty per week, as reflected on the payroll records of the Club. All hourly paid Club employees receive a paycheck which. sets forth the regular and overtime hours they worked each week. [Vando Aff., at ¶ 15].

7.  Both Plaintiffs were employed pursuant to a collective bargaining agreement between Local 32BJ, SEIU and the Club which required payment at overtime rates when employees "worked" over 8 hours in any day or over 40 hours in any work week and which

contained a grievance and arbitration provision. Plaintiffs never raised a grievance that they were not paid for hours they worked. [Vando Aff., at ¶ 16].

**Defendants**

    8.    The Club is a member owned golf and country club. [Vando Aff., at ¶ 2].

    9.    Defendant Vando has been employed as the Club's General Manager since March 2007. [Vando Aff., at ¶ 1].

    10.    Defendant Conte is employed as the Club's Controller. [Vando Aff., at ¶ 3].

**REDACTED AND FILED UNDER SEAL**

**REDACTED AND
FILED UNDER SEAL**

he filed a Complaint against the Club on March 31, 2008, a First Amended Complaint on May 27, 2008 and a Second Amended Complaint on July 15, 2008. [Panken Decl., at ¶ 4].

**Department of Labor, Wage and Hour Division Audit**

16.     Unrelated to any allegations in this case, the United States Department of Labor, Wage and Hour Division ("USDOL") recently conducted a wage and hour audit of the Club. [Vando Aff., at ¶ 21].

17.   The audit covered any amounts due concerning the U.S. Fair Labor Standards Act ("FLSA") amounts alleged in Plaintiff Wright's Complaint, especially the inclusion of room and meals in an employee's regular rate in computing overtime compensation. [*Id.*].

18.   The USDOL determined the amount of additional compensation due to all employees with respect to the requirements of the FLSA. [*Id.*].

19.   The Club sent checks to every employee and former employee found to be owed additional amounts by the USDOL in the amount found due by the USDOL, less applicable deduction, including Plaintiff Wright. [Vando Aff., at ¶ 22].

20.   The USDOL determined that Plaintiff Wright was entitled to $119.10, and a check in this amount, minus applicable deductions was sent to Plaintiff Wright on May 8, 2008. [Vando Aff., at ¶ 21].

Dated: New York, New York
       August 8, 2008

                                EPSTEIN BECKER & GREEN, P.C.

                                By: /s/ Peter M. Panken
                                      Peter M. Panken
                                      Tracey A. Cullen
                                      250 Park Avenue
                                      New York, New York  10177-1211
                                      (212) 351-4500
                                      *Attorneys for Defendants*