UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------- x

DEMETRIUS WRIGHT,

LUIS VELEZ,                                                    :        08 CV 3172 (DC)

                   Plaintiffs, on behalf of themselves :
                   and all others similarly situated, :

                 - against -

BRAE BURN COUNTRY CLUB, INC.,
STEVEN VANDO, individually and as General Manager
of Brae Burn Country Club,
MARIA CONTE, individually and as Controller of Brae
Burn Country Club,

                    Defendants.

------------------------------------- x

## Defendants' Memorandum of Law in Support of Their Motion to Dismiss Or, In the Alternative, For Summary Judgment

EPSTEIN BECKER & GREEN, P.C.
Attorneys for Defendants
250 Park Avenue
New York, New York  10177-1211
(212) 351-4500
Peter M. Panken
Tracey A. Cullen

## TABLE OF CONTENTS

Page

PRELIMINARY STATEMENT ................................................................................................ 1

PROCEDURAL HISTORY ...................................................................................................... 2

STATEMENT OF FACTS ....................................................................................................... 3

APPLICABLE LEGAL STANDARDS ..................................................................................... 7

ARGUMENT ........................................................................................................................... 9

## REDACTED AND
## FILED UNDER SEAL

............... 9

POINT II    THE SECOND AMENDED COMPLAINT SHOULD BE
            DISMISSED BECAUSE PLAINTIFFS' CLAIMS ARE BARRED
            BY THEIR  COLLECTIVE BARGAINING AGREEMENT ............................. 11

POINT III   PLAINTIFFS CANNOT PREVAIL ON THEIR FLSA AND NEW
            YORK STATE LABOR LAW CLAIMS ................................................. 12

POINT IV    THE SECOND AMENDED COMPLAINT SHOULD BE
            DISMISSED BECAUSE PLAINTIFFS' THIRTEENTH
            AMENDMENT CLAIM MUST FAIL .................................................... 13

            A.    There Is No Private Right of Action Under the Thirteenth
                  Amendment ............................................................................... 14

            B.    Plaintiffs' Cannot Demonstrate That They Were Compelled
                  to Work for Defendants ............................................................. 14

POINT V     THE SECOND AMENDED COMPLAINT SHOULD BE
            DISMISSED BECAUSE PLAINTIFFS' RICO CLAIM MUST
            FAIL ...................................................................................... 16

            A.    Plaintiffs' Failure to Establish Their Claimed Predicate
                  Acts of Mail and  Wire Fraud Doom Their RICO Claims
                  Under 18 U.S.C. § 1962 ............................................................. 17

            B.    Plaintiffs Fail to State a Cause of Action Under 18 U.S.C. §
                  1962(d) ................................................................................. 21

POINT VI    THE SECOND AMENDED COMPLAINT SHOULD BE
DISMISSED BECAUSE PLAINTIFF VELEZ'S FLSA CLAIMS
MUST BE DISMISSED ......................................................................................... 22

CONCLUSION ................................................................................................................ 23

## TABLE OF AUTHORITIES

### CASES

PAGE

*Anatian v. Coutts Bank (Switzerland) Ltd.*, 193 F.3d 85 (2d Cir. 1999).........................................16

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986).........................................................................8

*Bascomb v. Smith Barney Inc.*, No. 96 Civ. 8747,
1999 U.S. Dist. LEXIS 353 (S.D.N.Y. Jan. 15, 1999).......................................................................14

*Bernstein v. Misk*, 948 F. Supp. 228 (E.D.N.Y. 1997) .....................................................................19

*Bhagwanani v. Howard Univ.*, 355 F. Supp. 2d 294 (D.D.C. 2005) ..............................................14

*Bosio v. Norbay Secs., Inc.*, 599 F. Supp. 1563 (E.D.N.Y. 1985) ..................................................20

*Brown v. New York City Dep't of Corr.*, No. 75 Civ. 5800,
1976 U.S. Dist. LEXIS 14395 (S.D.N.Y. June 28, 1976)..................................................................15

*Butts v. City of N.Y. Dep't of Preservation and Dev.*, No. 91 Civ. 5325,
1998 WL 13851 (S.D.N.Y. Jan. 15, 1998), *aff'd mem.*, 173 F.3d 843 (2d Cir. 1999).....................9

*Celotex Corp. v. Catrett*, 477 U.S. 317 (1986) ...............................................................................8

*Center Cadillac, Inc. v. Bank Leumi Trust Co. of New York*,
808 F. Supp. 213 (S.D.N.Y. 1992), *aff'd*, 99 F.3d 401 (2d Cir. 1995) ..............................18, 19, 21

*Cofacredit, S.A. v. Windsor Plumbing Supply Co.*, 187 F.3d 229 (2d Cir. 1999).........................21

*Colony at Holbrook, Inc. v. Strata G.C., Inc.*, 928 F. Supp. 1224 (E.D.N.Y. 1996)......................19

*Corcoran v. GAB Bus. Servs., Inc.*, 723 F. Supp. 966 (S.D.N.Y. 1989)...........................................8

*Cosmas v. Hassett*, 886 F.2d 8 (2d Cir. 1989) .........................................................................16, 17

*De Falco v. Bernas*, 244 F.3d 286 (2d Cir. 2001) .....................................................................17, 20

*DiVittorio v. Equidyne Extractive Indus., Inc.*, 822 F.2d 1242 (2d Cir. 1987)...............................20

*Discon, Inc. v. NYNEX Corp.*, 93 F.3d 1055 (2d Cir. 1996),
*rev'd on other grounds*, 525 U.S. 128 (1998) ................................................................................22

*Doe I v. Reddy*, No. C 02-05570,
2003 U.S. Dist. LEXIS 26120 (N.D. Cal. Aug. 4, 2003)..................................................................14

*Doe v. Keane*, 117 F.R.D. 103 (W.D. Mich. 1987) ........................................................................14

*FD Prop. Holding, Inc. v. U.S. Traffic Corp.*, 206 F. Supp. 2d 362 (E.D.N.Y. 2002)..................21

*First Nationwide Bank v. Gelt Funding Corp.*, 27 F.3d 763 (2d Cir. 1994)..................................16

*Frota v. Prudential-Bache Secs., Inc.*, 639 F. Supp. 1186 (S.D.N.Y. 1986)..................................18

*Gant v. Wallingford Bd. of Educ.*, 69 F.3d 669 (2d Cir. 1995)........................................................7

*Gordon v. New York City Bd. of Educ.*, No. 01 Civ. 9265,
2003 WL 169800 (S.D.N.Y. Jan. 23, 2003) ....................................................................................8

*Local 812 GIPA v. Canada Dry Bottling Co. of*, N.Y., Nos. 98 Civ. 3791, 98 Civ. 6774,
2000 WL 1886616 (S.D.N.Y. Dec. 29, 2000) ..................................................................................8

*Lou v. Belzberg*, 728 F. Supp. 1010 (S.D.N.Y. 1990) ....................................................................20

*Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574 (1986).......................................9

*McClellan v. Majestic Tenants Corp.*, Index No. 302489/07,
2008 N.Y. Misc. LEXIS 38506 (Sup. Ct. Bronx County June 27, 2008)......................................12

*McCoy v. Goldberg*, 748 F. Supp. 146 (S.D.N.Y. 1990)................................................................19

*Mehrkar v. Schulmann*, No. 99 Civ. 10974 (DC),
2001 WL 79901 (S.D.N.Y. Jan. 30, 2001) ....................................................................................22

*Metromedia Co. v. Fugazy*, 983 F.2d 350 (2d Cir. 1992)..............................................................21

*Metz v. Metz*, 175 A.D.2d 938 (1st Dep't 1991).............................................................................10

*Mills v. Polar Molecular Corp.*, 12 F.3d 1170 (2d Cir. 1993)...............................................19-20

*Morrow v. Black*, 742 F. Supp. 1199 (E.D.N.Y. 1990) ..................................................................16

*Moss v. Morgan Stanley Inc.*, 719 F.2d 5 (2d Cir. 1983)...............................................................17

*Neder v. United States*, 527 U.S. 1 (1999)......................................................................................18

*Nycal Corp. v. Inoco PLC*, 988 F. Supp. 296 (S.D.N.Y. 1997),
aff'd, 166 F.3d 1201 (2d Cir. 1998) ................................................................................................11

*Odeh v. Brown Harris Stevens Residential Mgmt. LLC*, Index No. 1191736/06,
2008 N.Y. Misc. LEXIS 4062 (Sup. Ct. N.Y. County Jan. 7, 2008) ................................. 12

*Papasan v. Allain*, 478 U.S. 265 (1986) ........................................................... 7

*Plount v. Am. Home Assurance Co.*, 668 F. Supp. 204 (S.D.N.Y. 1987) ....................... 17

*Pyke v. Laughing*, No. 92-CV-555, 1998 WL 37599 (N.D.N.Y. Jan. 26, 1998) ............... 22

*Qantel Corp. v. Niemuller*, 771 F. Supp. 1361 (S.D.N.Y. 1991) ............................... 19

*S.Q.K.F.C., Inc. v. Bell Atl. TriCon Leasing Corp.*, 84 F.3d 629 (2d Cir. 1996) ........... 18

*Sanders v. Prentice-Hall Corp. Sys.*, 969 F. Supp. 491 (W.D. Tenn. 1997),
*aff'd*, 178 F.3d 1296 (6th Cir. 1999) ............................................................... 14

*Scheuer v. Rhodes*, 416 U.S. 232 (1974) ........................................................ 16

*Sedima S.P.R.L. v. Imrex Co.*, 473 U.S. 479 (1985) ............................................ 18

*Short v. Keyspan Corp. Servs., LLC*, 11 Misc. 3d 1076(A) (Sup.Ct. N.Y. County 2006) ..... 11

*Sookdeo-Ruiz v. GCI Group*, No. 00 Civ. 3517,
2001 WL 121942 (S.D.N.Y. Feb. 13, 2001), *aff'd*, No. 01-7290,
2002 WL 355916 (2d Cir. Mar. 5, 2002) ....................................................... 8, 9

*Sum v. Tishman Speyer Props., Inc.*, 37 A.D.3d 284 (1st Dep't 2007) ...................... 12

*United States v. Gelb*, 700 F.2d 875 (2d Cir. 1983) ........................................... 18

*United States v. Persico*, 832 F.2d 705 (2d Cir. 1987) ....................................... 20

*United States v. Rivieccio*, 661 F. Supp. 281 (E.D.N.Y. 1987) ............................... 20

*United States v. Shackney*, 333 F.2d 475 (2d Cir. 1964) ..................................... 15

*Walker v. Doubleday & Co.*, No. 78 Civ. 2989,
1986 U.S. Dist. LEXIS 29530 (S.D.N.Y. Feb. 7, 1986) ................................... 14, 15

*Weinstein v. Albright*, 261 F.3d 127 (2d Cir. 2001) ............................................ 7

*Zigman v. Giacobbe*, 944 F. Supp. 147 (E.D.N.Y. 1996) ...................................... 17

### STATUTES

18 U.S.C. § 1341 ...................................................................................... 18

18 U.S.C. § 1343 ........................................................................................................18

28 U.S.C. § 1962 ................................................................................16, 17, 20, 21, 22

18 U.S.C. § 1964(c) ...................................................................................................17

29 U.S.C. § 216(b) .....................................................................................................22

Fed. R. Civ. P. 9(b) .............................................................................................16, 17

Fed. R. Civ. P. 12(b)(6) .............................................................................1, 7, 8, 16

Fed. R. Civ. P. 15(a) ....................................................................................................8

Fed. R. Civ. P. 56 ....................................................................................................1, 8

Racketeer Influenced and Corrupt Act, 18 U.S.C. § 1961 *et seq.* ...........................16, 18

## TREATISE

2A James William Moore & Jo Desha Lucas,
MOORE'S FEDERAL PRACTICE ¶ 12.08 (2d ed. 1984)........................................16

## CONSTITUTION

U.S. Const. amend. XIII, § 1 .......................................................................................13

## PRELIMINARY STATEMENT

Defendants submit this memorandum of law in support of their motion to dismiss with prejudice, Plaintiffs' Second Amended Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure ("FED. R. CIV. P."), or alternatively, for summary judgment, pursuant to FED. R. CIV. P. 56. Defendants move to dismiss with prejudice Plaintiff's Second Amended Complaint because:

1.      Plaintiff Wright's causes of action are barred by the Confidential Agreement and General Release he executed for good and valuable consideration.

2.      Both Plaintiffs were employed pursuant to a collective bargaining agreement, and based on the terms of the agreement, any disputes as to their wages and other terms and conditions of employment are subject to arbitration. The judicial forum is not appropriate.

3.      The putative collective Fair Labor Standards Act ("FLSA") action should be dismissed because the Wage and Hour Division of the United States Department of Labor ("USDOL") has audited the Club, determined the amount due to every member of the putative class, and the Club has issued checks to each and every person identified by the USDOL.

4.      The putative class action under New York State Law does not state a cause of action because New York State law does not require employers to include the cost or value of meals and lodging in an employee's regular rate for purposes of computing overtime compensation.

5.      Plaintiff has failed to state a cause of action under either RICO or the Thirteenth Amendment to the United States Constitution.

6.      Plaintiff Velez cannot recover for his federal wage and hour claims, as he has not ever "opted in" to the FLSA suit.

## PROCEDURAL HISTORY

Plaintiff Wright filed a sexual harassment charge against the Club several months following the termination of his employment with the Club,

### REDACTED AND
### FILED UNDER SEAL

The first Complaint in this action was filed on March 31, 2008 as a putative collective action under the FLSA and a class action under New York State wage and hour law on behalf of Plaintiff Wright against the Club alleging the Club failed to include the cost of meals and lodging he received in his "regular rate" for purposes of computing time and one-half overtime compensation. When Plaintiff's Attorney learned that the cause of action under New York State Law was not a valid claim, and was informed that the USDOL had conducted a wage and hour audit of the Club, and that the Club sent checks to everyone found by the audit to be entitled to recovery, Plaintiff Wright's Attorney filed an Amended Complaint.

The Amended Complaint, filed on May 21, 2008, added allegations that there were unpaid hours worked by Plaintiff Wright, despite the fact that the General Release specifically covered such a claim, and the matter was covered by a collective bargaining agreement so the judicial forum was inappropriate.                                    it should not have been brought in Court, but as a grievance and arbitration under the collective bargaining agreement as to Plaintiff Wright and later, Plaintiff Velez.

On July 14, 2008, Plaintiff's Attorney filed a Second Amended Complaint raising two additional frivolous causes of action: (1) a claim under the Thirteenth Amendment to the

United States Constitution (which abolished slavery); and (2) a claim against the Club and two new Defendants (Vando, the Club's General Manager, who was not hired or employed by the Club during the period that Plaintiff Velez worked at the Club or any period that Plaintiff Wright worked overtime, and Conte, the Club's Controller).

Defendants now move to dismiss the suit with prejudice.

## STATEMENT OF FACTS

**The Plaintiffs**

Wright was employed by Brae Burn as a laundry room attendant from April 27, 2006 through April 22, 2007. [*See* Rule 56.1 Statement, at ¶ 1]. The only times he worked over 40 hours in a work week were during 2006; he never worked overtime in 2007. [*Id.* at ¶ 2]. Plaintiffs Wright and Velez had meal breaks of one-half hour during their workday (at 11:30 A.M. and 5:00 P.M.) and when they worked a double shift, an additional one full hour break each afternoon from 2 PM to 3 PM. [*Id.* at ¶ 4].

Velez was employed by Brae Burn as a maintenance worker from April 22, 2006 through December 23, 2006. During weeks in which he worked over forty hours with Brae Burn, Velez was paid an hourly rate of $9 per hour, and $13.50 per hour for all hours he worked in excess of forty per week, as reflected by his completed and submitted time sheets. [*Id.* at ¶ 6].

Both Plaintiffs were employed pursuant to a collective bargaining agreement between Local 32BJ, SEIU and the Club. [*See Id.* at ¶ 7].

**The Defendants**

Brae Burn is a member-owned country club located in Purchase, New York. Vando has been the Club's General Manager since March 2007. Conte is the Controller of the Club. [*See Id.* at ¶¶ 8-10].

**Plaintiff Wright's EEOC Charge**

Four months after Plaintiff Wright left the Club's employ, on August 27, 2007, Plaintiff Wright filed a charge of discrimination against the Club ("Wright EEOC Charge") with the Equal Employment Opportunity Commission ("EEOC"). [*See* Vando Aff., at ¶ 17].

**REDACTED AND
FILED UNDER SEAL**

REDACTED AND
FILED UNDER SEAL

**Plaintiff Wright Files a Complaint**

Plaintiff

Wright's Attorney, Wims

filed a Complaint against the Club on March 31, 2008. [*See* Panken Decl., at

Ex. 2]. Plaintiff Wright's Complaint purported to state claims under the FLSA and the New

York State Labor Law because the Club did not include the cost or value of meals and lodging

furnished by the Club to him in his regular rate for purposes of computing overtime

compensation. Specifically, Plaintiff Wright alleged that he was entitled to additional unpaid

overtime wages for work beyond forty hours per week. [*Id.* at ¶¶ 2-3]. He also alleged that the

Club breached his collective bargaining agreement by failing to pay him overtime at the appropriate rate. [*Id.* at ¶¶ 48-52].

Unrelated to Plaintiff Wright's allegations, the USDOL conducted a wage and hour audit of the Club covering any amounts due concerning the inclusion of room and meals in an employee's regular rate in computing overtime compensation, and the Club paid everyone found by the audit to be entitled to recovery of unpaid wages under the FLSA. [*See* Rule 56.1 Statement, at ¶¶ 16-19]. This included Plaintiff Wright, who was found by the Wage and Hour Division of the United State Department of Labor to be entitled to $119.10. On May 8, 2008, Plaintiff Wright was sent a check by the Club for this amount. [*See* Rule 56.1 Statement, at ¶ 20].

As to the State Wage and Hour cause of action on May 29, 2008, the New York State Department of Labor sent an opinion letter to the Court and Plaintiff's counsel confirming that New York Wage and Hour law (unlike FLSA law) does not require the inclusion of the cost (or value) of meals and lodging in employees' regular rates for purposes of calculating time and one-half overtime compensation. [*See* Panken Decl., at Ex. 8].

**Plaintiff Wright Files an Amended Complaint**

On or about May 21, 2008, a First Amended Complaint was filed, adding allegations that Plaintiff Wright worked hours for which he was not paid at all. [*See* Panken Decl., at Ex. 6]. At a Court conference on May 23, 2008, Attorney Wims was advised that Plaintiff Wright (as well as Plaintiff Velez, and all other "similarly situated" putative plaintiffs) were employed pursuant to a collective bargaining agreement, and the judicial forum was inappropriate as the allegations were subject to arbitration. [*See* Panken Decl., at ¶ 8].

**Plaintiff Files a Second Amended Complaint**

On July 14, 2008, Plaintiffs filed a Second Amended Complaint. The Second Amended Complaint purported to name Plaintiff Velez as an additional named Plaintiff. However, to date, Plaintiff has not filed an opt-in notice indicating Plaintiff Velez's intention to join the Federal Wage and Hour collective litigation. The Second Amended Complaint added two new Defendants; Vando, who is now the Club's General Manager, but was not employed during the period when Plaintiff Velez worked at the Club or when Plaintiff Wright worked overtime, and Conte, who is the Club Controller. [*See* Panken Decl., at ¶ 10]. The Second Amended Complaint also added two more frivolous causes of action: (1) that they have been subjected to involuntary servitude in violation of the Thirteenth Amendment; and (2) that the Defendants have violated RICO. [*See Id.*, at Ex. 7]. In a vain effort to avoid having to arbitrate the claims of his clients, Attorney Wims has finally removed from his Second Amended Complaint any allegations that the Club has breached the collective bargaining agreement.

All of the claims raised in the Second Amended Complaint should be dismissed with prejudice.

## APPLICABLE LEGAL STANDARDS

Dismissal of a complaint pursuant to FED. R. CIV. P. 12(b)(6) is warranted if "the plaintiff can prove no set of facts in support of his claim[s] which would entitle him to relief." *Weinstein v. Albright*, 261 F.3d 127, 131 (2d Cir. 2001) (citations omitted). While this Court is required to construe all well-pled factual allegations in the Second Amended Complaint in the light most favorable to plaintiffs, *Gant v. Wallingford Bd. of Educ.*, 69 F.3d 669, 673 (2d Cir. 1995), the Court is not bound to accept as true conclusory statements, conclusions of law, or unwarranted deductions. *Papasan v. Allain*, 478 U.S. 265, 286 (1986). Because Plaintiffs' Second Amended Complaint fails to state claims against Defendants, dismissal is warranted.

Regardless of whether or not the Court dismisses the claims pursuant to FED. R. CIV. P. 12(b)(6), dismissal is also compelled under FED. R. CIV. P. 56. Because summary judgment should be granted to Defendants, the Court should not grant Plaintiffs leave to amend their Complaint to replead their claims, as this would be futile. *See Local 812 GIPA v. Canada Dry Bottling Co. of N.Y.*, Nos. 98 Civ. 3791, 98 Civ. 6774, 2000 WL 1886616 (S.D.N.Y. Dec. 29, 2000) (leave to amend under Fed. R. Civ. P. 15(a) may be denied if such amendments would be futile, such as when summary judgment is granted); *Corcoran v. GAB Bus. Servs., Inc.*, 723 F. Supp. 966, 970 (S.D.N.Y. 1989) (denying leave to amend complaint as futile where claim cannot survive summary judgment motion).

The standard for summary judgment is well established in this Circuit. Summary judgment must be granted if there is no genuine issue of material fact. FED. R. CIV. P. 56(c). An issue of fact is material only if "it 'might affect the outcome of the suit under the governing law,' [while] [a]n issue of fact is 'genuine' if 'the evidence is such that a reasonable jury could return a verdict for the nonmoving party'." *Gordon v. New York City Bd. of Educ.*, No. 01 Civ. 9265, 2003 WL 169800, at *3 (S.D.N.Y. Jan. 23, 2003) (citation omitted). The Court's task on a motion for summary judgment is not to "weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986).

The moving party has the burden of demonstrating an absence of any genuine issue of material fact. *See, e.g., Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Sookdeo-Ruiz v. GCI Group*, No. 00 Civ. 3517, 2001 WL 121942, at *2 (S.D.N.Y. Feb. 13, 2001), *aff'd*, No. 01-7290, 2002 WL 355916 (2d Cir. Mar. 5, 2002). On the other hand, a party opposing a motion for summary judgment must "'do more than simply show that there is some metaphysical

doubt as to the material facts.'" *See Sookdeo-Ruiz*, 2001 WL 121942, at *2 (*citing Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)); *Butts v. City of N.Y. Dep't of Preservation and Dev.*, No. 91 Civ. 5325, 1998 WL 13851, at *4 (S.D.N.Y. Jan. 15, 1998), *aff'd mem.*, 173 F.3d 843 (2d Cir. 1999) (citation omitted). The opposing "party must enumerate 'specific facts and circumstances supported by deposition, affidavits based on personal knowledge and admissions,' and cannot [merely] rely on conclusory allegations or denials." *Sookdeo-Ruiz*, 2001 WL 121942, at *2 (citation omitted). As demonstrated herein, under no set of operative facts could any of Plaintiffs' claims succeed.

## ARGUMENT

REDACTED AND
FILED UNDER SEAL

**REDACTED AND
FILED UNDER SEAL**

**REDACTED AND
FILED UNDER SEAL**

## POINT II

### THE SECOND AMENDED COMPLAINT SHOULD BE DISMISSED BECAUSE PLAINTIFFS' CLAIMS ARE BARRED BY THEIR COLLECTIVE BARGAINING AGREEMENT

Plaintiffs were employed pursuant to a collective bargaining agreement ("CBA") between their union, the Local 32BJ, SEIU, and the Federation of Country Clubs, of which Brae Burn is a member. [*See* Rule 56.1 Statement ¶ 7]. The Complaint and First Amended Complaint specifically admit that Plaintiff Wright's employment was covered by a CBA that addressed overtime. [*See* Panken Decl, at Ex. 2, ¶¶ 48-50; Ex. 6, at ¶¶ 48-50]. The CBA requires disputes arising under it to be submitted to arbitration. [*See* Panken Decl., at Ex. 5, Section 27.1(a)-(f).]. All of Plaintiffs' claims relate to overtime, which is expressly covered by the CBA [*Id.* at Section

5.1-5.4], and which Plaintiff Wright admitted in the first two submissions of his Complaint.

Accordingly, the claims are subject to arbitration, and this is not the appropriate forum.

Plaintiffs' union negotiated a waiver of Plaintiffs' right to a judicial forum to pursue the claims asserted in this matter. This waiver is clear and unmistakable, and enforceable. *Sum v. Tishman Speyer Props., Inc.*, 37 A.D.3d 284 (1st Dep't 2007); *McClellan v. Majestic Tenants Corp.*, Index No. 302489/07, 2008 N.Y. Misc. LEXIS 38506 (Sup. Ct. Bronx County June 27, 2008); *Odeh v. Brown Harris Stevens Residential Mgmt. LLC*, Index No. 1191736/06, 2008 N.Y. Misc. LEXIS 4062 (Sup. Ct. N.Y. County Jan. 7, 2008). Plaintiffs, through their union, agreed to the resolution of their rights under the CBA in an arbitral, rather than judicial, forum. Accordingly, this Court should dismiss the Second Amended Complaint.

POINT III

**PLAINTIFFS CANNOT PREVAIL ON THEIR**
**FLSA AND NEW YORK STATE LABOR LAW CLAIMS**

Plaintiffs allege that they are entitled to unpaid compensation under the Fair Labor Standards Act ("FLSA") and New York State Labor Law for hours worked but unpaid, and unpaid overtime wages for work beyond forty hours per week. [*See* Panken Decl., Ex. 7, at ¶¶ 2, 41-56].

Assuming, for the purposes of this motion, that Plaintiffs are correct in their argument that they are entitled to unpaid overtime, their claims must still fail. The U.S. Department of Labor, Wage and Hour Division, recently audited the Club. It determined the amount of unpaid compensation under the FLSA due to all employees. The Club sent checks to each and every employee the USDOL found was owed additional overtime wages. On May 8, 2008 Wright received a check in the gross amount of $119.10. [*See* Rule 56.1 Statement, ¶ 20]. This amount far exceeds Defendants' May 5, 2008 Offer of Judgment of $1000 plus reasonable

fees, costs and expenses [*see* Panken Decl., Ex. 3], even if Wright's damages were doubled. There are no remaining claims, as all other potential class members were provided with payments pursuant to the Department of Labor's audit.

Further, the New York State Department of Labor has issued an opinion letter stating that "the cost or value of lodging and meals are not included in the calculation of the regular rate under New York State law" and noting that it has been the State Department of Labor's "long-standing opinion that [the cost or value of meals or lodging] may not" be considered as earnings for purposes of determining the appropriate regular or overtime rate. [*See* Panken Decl, Ex. 8]. This Court and Plaintiff's counsel were copied on the opinion letter. To the extent that Plaintiffs argue that their overtime rate was not properly calculated, it is not relevant to the state law claim.

### POINT IV

### THE SECOND AMENDED COMPLAINT SHOULD BE DISMISSED BECAUSE PLAINTIFFS' THIRTEENTH AMENDMENT CLAIM MUST FAIL

In their Second Amended Complaint, Plaintiffs have alleged that Defendants have violated the Thirteenth Amendment to the United States Constitution. [*See* Panken Decl., Ex. 6, at ¶¶ 57-60]. Plaintiffs, who allege that their employment was subject to the Thirteenth Amendment which forbids involuntary servitude, claim that Defendants "edited" their timecards and eliminated hours worked, thus subjecting them to involuntary servitude and violating the Thirteenth Amendment. The Thirteenth Amendment provides that "neither slavery nor involuntary servitude … shall exist within the United States or in any place subject to their jurisdiction." U.S. Const. amend. XIII, § 1. The facts alleged by Plaintiffs do not give rise to a Thirteenth Amendment claim.

### A.    There Is No Private Right of Action Under the Thirteenth Amendment

Plaintiffs' claim must fail, as there is no private right of action directly under the Thirteenth Amendment. *See Bascomb v. Smith Barney Inc.*, No. 96 Civ. 8747, 1999 U.S. Dist. LEXIS 353, at *18 (S.D.N.Y. Jan. 15, 1999) (dismissing Thirteenth Amendment claim as "[i]t is well-settled law that there is no direct private cause of action under the Thirteenth Amendment") (citations omitted); *Bhagwanani v. Howard Univ.*, 355 F. Supp. 2d 294, 301 (D.D.C. 2005) (holding no private cause of action for broad categories of involuntary servitude); *Doe I v. Reddy*, No. C 02-05570, 2003 U.S. Dist. LEXIS 26120, at *39 (N.D. Cal. Aug. 4, 2003) ("just about every [district court] decision to consider the issues has concluded that there is no private right of action under the Thirteenth Amendment"); *Doe v. Keane*, 117 F.R.D. 103, 104 (W.D. Mich. 1987) (noting defense counsel "correctly pointed out that there is no private right of action under the Thirteenth Amendment"). While there may be a private cause of action under one of the Thirteenth Amendment's implementing statutes, Plaintiffs have failed to plead as much, and the claim should be dismissed.

### B.    Plaintiffs' Cannot Demonstrate That They Were Compelled to Work for Defendants

Even if Plaintiffs had properly pled a Thirteenth Amendment claim, it cannot be sustained unless Plaintiffs can prove that they were compelled to continue their employment or that they were prohibited from working elsewhere. *See Sanders v. Prentice-Hall Corp. Sys.*, 969 F. Supp. 491, 484 (W.D. Tenn. 1997), *aff'd*, 178 F.3d 1296 (6th Cir. 1999); *Walker v. Doubleday & Co.*, No. 78 Civ. 2989, 1986 U.S. Dist. LEXIS 29530, at *1 n.1 (S.D.N.Y. Feb. 7, 1986). In *Sanders*, the court dismissed the plaintiff's Thirteenth Amendment claim because the complains contained no allegations of compulsion or prohibition. *Sanders*, 969 F. Supp. at 484. The *Sanders* court held that this is "a required element necessary to obtain relief under the theory of

involuntary servitude," and because it was absent, found "good cause" to dismiss the claim. *Id.* In *Walker*, the court held that the plaintiff's Thirteenth Amendment claim could not prevail because "the Amendment itself does not give rise to an independent cause of action ... and because [plaintiff did] not allege that he was compelled to work [for the defendant] involuntarily." 1986 U.S. Dist. LEXIS 29530, at * 1 n.1 (citations omitted).

          Plaintiffs' Thirteenth Amendment claim should be dismissed in this action for the same deficiencies. There is no private right of action under the Thirteenth Amendment, and Plaintiffs have not (and cannot) allege that Defendants compelled them to work involuntarily. There can be no Thirteenth Amendment claim where the plaintiffs were left with a choice. *See United States v. Shackney*, 333 F.2d 475, 485-87 (2d Cir. 1964); *Brown v. New York City Dep't of Corr.*, No. 75 Civ. 5800, 1976 U.S. Dist. LEXIS 14395 (S.D.N.Y. June 28, 1976). In *Shackney*, the Second Circuit explained that involuntary servitude is where the employer causes the employee to have, or believe that he has, no way to avoid continued service. *Shackney*, 333 F.2d at 486-87. The *Shackney* court explained that there must be law or force compelling performance or continuation of service. *Id.* at 487. In *Brown*, the court explained that there can be no involuntary servitude claim where "plaintiffs may extricate themselves from their unfortunate situation at any time simply by resigning...." *Brown*, 1976 U.S. Dist. LEXIS 14395, at *2 (citations omitted). Similarly, if Wright and Velez worked overtime hours for which they were not paid, they could have resigned. As Plaintiffs always had the power to quit, there can be no claim for involuntary servitude under the facts alleged.

## POINT V

### THE SECOND AMENDED COMPLAINT SHOULD BE DISMISSED
### BECAUSE PLAINTIFFS' RICO CLAIM MUST FAIL

Plaintiffs attempt to allege violations of the Racketeer Influenced and Corrupt Act, 18 U.S.C. § 1961 *et seq.* ("RICO"). [*See* Panken Decl., Ex. 6, at ¶¶ 61-68]. This claim must be dismissed for failure to state a cause of action under the RICO statute. No RICO predicate acts are properly alleged, and with respect to the allegations of mail and wire fraud, Plaintiffs fail to satisfy the particularity rules of pleading in FED. R. CIV. P. 9(b). Plaintiffs also fail to allege their reliance on the purported mail and wire fraud by Defendants. All of these deficiencies doom Plaintiffs' RICO cause of action. In addition, Plaintiffs' claim under 18 U.S.C. § 1962(d) (for RICO conspiracy) must fail, as Plaintiffs have not properly alleged any agreement among the Defendants.

In resolving a motion to dismiss under FED. R. CIV. P. 12(b)(6), while the Court must accept the factual allegations set forth in the complaint as true and draw all reasonable inferences in favor of the plaintiff, *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974); *Cosmas v. Hassett*, 886 F.2d 8, 11 (2d Cir. 1989), the Court nonetheless is not required to accept as true "conclusions of law or unwarranted deductions of fact." *First Nationwide Bank v. Gelt Funding Corp.*, 27 F.3d 763, 771 (2d Cir. 1994) (quoting 2A James William Moore & Jo Desha Lucas, MOORE'S FEDERAL PRACTICE ¶ 12.08, at 2266-69 (2d ed. 1984)). "This principle applies with even greater force in a fraud case governed by the more stringent pleading requirements of FED. R. CIV. P. 9(b)." *Id.* (citations omitted) It is well-established law in this Circuit that the particularity requirements of FED. R. CIV. P. 9(b) are applicable to RICO claims where, as here, such claims are based on mail fraud or wire fraud. *Anatian v. Coutts Bank (Switzerland) Ltd.*, 193 F.3d 85, 88 (2d Cir. 1999); *Morrow v. Black*, 742 F. Supp. 1199, 1203 (E.D.N.Y. 1990); *see*

*also Plount v. Am. Home Assurance Co.*, 668 F. Supp. 204, 206-07 (S.D.N.Y. 1987) ("all of the concerns that dictate that fraud be pleaded with particularity exist with even greater urgency in civil RICO actions").

FED. R. CIV. P. 9(b) requires that "[i]n alleging fraud ... a party must state with particularity the circumstances." "To satisfy the particularity requirement of Rule 9(b), a complaint must adequately specify the statements it claims were false or misleading, give particulars as to the respect in which plaintiff contends the statements were fraudulent, state when and where the statements were made, and identify those responsible for the statements." *Cosmas*, 886 F.2d at 11 (citation omitted). The primary purposes of the specificity requirement of Rule 9(b) are to insure that the defendant receives fair notice of the plaintiffs' claim, and is thus able to prepare a defense, as well as to protect the defendants' reputation and to avoid strike suits. *Zigman v. Giacobbe*, 944 F. Supp. 147, 153 (E.D.N.Y. 1996).

### A.    Plaintiffs' Failure to Establish Their Claimed Predicate Acts of Mail and Wire Fraud Doom Their RICO Claims Under 18 U.S.C. § 1962

To state a claim for damages under 18 U.S.C. § 1962(c), a plaintiff must satisfy two pleading burdens. First, the plaintiff must allege that the defendants violated § 1962, the substantive RICO provision. This requires the plaintiff to allege "(1) that the defendant (2) through the commission of two or more acts (3) constituting a 'pattern' (4) of 'racketeering activity' (5) directly or indirectly invests in, or maintains an interest in, or participates in (6) an 'enterprise' (7) the activities of which affect interstate or foreign commerce." *Moss v. Morgan Stanley Inc.*, 719 F.2d 5, 17 (2d Cir. 1983) (quoting 18 U.S.C. § 1962(a)-(c)). Second, the plaintiff must allege that it was injured in its business or property by reason of a violation of § 1962. *See* 18 U.S.C. § 1964(c). Each of these "requirements ... must be established as to each individual defendant." *De Falco v. Bernas*, 244 F.3d 286, 306 (2d Cir. 2001).

Plaintiffs fail to allege with any degree of specificity the RICO predicate acts of mail and wire fraud under 18 U.S.C. §§ 1341 and 1343.

Section 1961(1) defines "racketeering activity" as certain criminal acts under state and federal law including mail fraud, 18 U .S.C. § 1341, and wire fraud, 18 U.S.C. § 1343. *See* 18 U.S.C. § 1961(1)(B). The statute requires a plaintiff to plead at least two predicate acts of racketeering activity. 18 U.S.C. § 1961(5). But "while two acts are necessary, they may not be sufficient." *Sedima S.P.R.L. v. Imrex Co.*, 473 U.S. 479, 497 n.14 (1985). A complaint alleging mail and wire fraud must show (1) the existence of a scheme to defraud, (2) defendant's knowing and intentional participation in the scheme, and (3) the use of the mails or interstate wire transmission facilities in furtherance of the scheme. *Neder v. United States*, 527 U.S. 1, 20 (1999); *S.Q.K.F.C., Inc. v. Bell Atl. TriCon Leasing Corp.*, 84 F.3d 629, 633 (2d Cir. 1996) (citation omitted); *United States v. Gelb*, 700 F.2d 875, 879 (2d Cir. 1983). While mail fraud under 18 U.S.C. § 1341 need not cross state lines, wire fraud requires the additional element of a communication crossing state lines. *Center Cadillac, Inc. v. Bank Leumi Trust Co. of New York*, 808 F. Supp. 213, 227 (S.D.N.Y. 1992), *aff'd*, 99 F.3d 401 (2d Cir. 1995).

The Second Amended Complaint is fatally deficient because it is utterly devoid of any facts regarding any specific use of the mail that would support mail fraud, and it is likewise devoid of any reference to any interstate wire communication between plaintiffs and defendants.

Concerning the mail fraud statute, nowhere in the Second Amended Complaint is any specific mailing identified or described. Allegations of mail fraud must specify the use of the mails with particularity. *Frota v. Prudential-Bache Secs., Inc.*, 639 F. Supp. 1186, 1192 (S.D.N.Y. 1986). The closest Plaintiffs come to describing any mailing is referring to Defendants' "use of the United States Mail." [*See* Panken Decl., Ex. 6, at ¶ 63]. This does not

satisfy Plaintiffs' Rule 9(b) obligations to plead fraud with specificity such that defendants will

be on notice of the allegedly fraudulent matters of which they stand accused. *Bernstein v. Misk*,

948 F. Supp. 228, 239 (E.D.N.Y. 1997) (summary legal conclusions that defendants "illegally

used the United States mails in violation of 18 U.S.C. § 1341" found insufficient); *McCoy v.

Goldberg*, 748 F. Supp. 146, 153-54 (S.D.N.Y. 1990) (complaint alleging that documents were

"delivered" or "sent" lacked the detail necessary for the court to determine that the United States

mails were employed).

Concerning the wire fraud statute, which requires an interstate transmission of a

fraudulent statement, Plaintiffs are both resident in New York and allege only that they dealt

with the Club, located in New York, and Vando and Conte, who reside in New York. [*See*

Vando Aff., at ¶ 4]. No mention is made anywhere in the Second Amended Complaint of any

interstate wire communication transmitted between Plaintiffs and any Defendant, and so

Plaintiffs' wire fraud claims fail as well. *Qantel Corp. v. Niemuller*, 771 F. Supp. 1361, 1369

(S.D.N.Y. 1991) (complaint inadequate because plaintiff failed to "identify the actual number of

telephone calls that were made and the precise dates on which they occurred"). *See also Colony

at Holbrook, Inc. v. Strata G.C., Inc.*, 928 F. Supp. 1224, 1231 (E.D.N.Y. 1996) ("wire fraud

requires a scheme to defraud and use of interstate wire communications to further the scheme");

*Center Cadillac, Inc.*, 808 F. Supp. at 227 (wire fraud requires communication crossing state

lines).

Accordingly, Plaintiffs do not even make *prima facie* allegations of violations of

the mail or wire fraud statutes. Even assuming, *arguendo*, however, that any defendant had

made use of the mails or interstate wires in communicating with Plaintiffs, the Second Amended

Complaint fails to identify any fraudulent statement with the required specificity. In *Mills v.

*Polar Molecular Corp.,* 12 F.3d 1170, 1176 (2d Cir. 1993), the Second Circuit stated broadly that "allegations of predicate mail and wire fraud acts should state the contents of the communications, who was involved, where and when they took place, and explain why they were fraudulent." (citation omitted)

Plaintiffs fail to designate what fraudulent statements were made, or even to identify which defendant is making allegedly fraudulent statements. "[T]he fair notice requirement applies to each defendant when multiple defendants have been named." *United States v. Rivieccio,* 661 F. Supp. 281, 290 (E.D.N.Y. 1987); *Bosio v. Norbay Secs., Inc.,* 599 F. Supp. 1563, 1570 (E.D.N.Y. 1985) (each defendant is entitled to know circumstances surrounding fraud with which he stands charged). *See DiVittorio v. Equidyne Extractive Indus., Inc.,* 822 F.2d 1242, 1247 (2d Cir. 1987) ("Where multiple defendants are asked to respond to allegations of fraud, the complaint should inform each defendant of the nature of his alleged participation in the fraud.") (citation omitted)

If multiple defendants are involved in the alleged fraud, it is especially important that the fraud be particularized as to each one of them. *See, e.g., Lou v. Belzberg,* 728 F. Supp. 1010, 1022 (S.D.N.Y. 1990). "The focus of section 1962(c) is on the individual patterns of racketeering activity engaged in by a defendant, rather than the collective activities of the members of the enterprise." *United States v. Persico,* 832 F.2d 705, 714 (2d Cir. 1987). In contrast, § 1962(d) focuses on the collective activities of all the members. *See id.* Thus, to establish a violation of § 1962(c), Plaintiffs must allege that each defendant committed at least two predicate acts of racketeering activity. *See De Falco,* 244 F.3d at 306. Plaintiffs fail to do this.

Plaintiffs also fail to allege that they relied on any particular statements by any Defendant. A plaintiff's reliance to his detriment upon a defendant's alleged fraud is a required element of RICO liability based upon the mail or wire fraud statutes. *Metromedia Co. v. Fugazy*, 983 F.2d 350, 368 (2d Cir. 1992); *Center Cadillac, Inc.*, 808 F. Supp. at 227. In the most conclusory fashion, Plaintiffs make reference to "fraudulent transactions." [*See* Panken Decl., Ex. 7, at ¶ 62]. This does not satisfy Plaintiffs' pleading burdens, particularly when the time, place, and speaker of the supposed fraudulent statements is not revealed in the complaint.

Plaintiffs have wholly failed to allege two instances of mail or wire fraud with respect to any defendant. Without viable predicate acts, their RICO claims under 18 U.S.C. §§ 1962 (c) and (d) collapse.

### B.    *Plaintiffs Fail to State a Cause of Action Under 18 U.S.C. § 1962(d)*

Section 1962(d) provides that "[i]t shall be unlawful for any person to conspire to violate any of the provisions of subsection (a), (b) or (c) of this section." To establish the existence of a RICO conspiracy, a plaintiff must prove "the existence of an agreement to violate RICO's substantive provisions." *Cofacredit, S.A. v. Windsor Plumbing Supply Co.*, 187 F.3d 229, 244 (2d Cir. 1999) (internal quotation marks and citation omitted). Where a RICO conspiracy allegation is no more than a conclusory add-on at the end of a complaint, and does not state with specificity what the agreement was, who entered into the agreement, when the agreement commenced and what actions were taken in furtherance of it, it should be dismissed. *FD Prop. Holding, Inc. v. U.S. Traffic Corp.*, 206 F. Supp. 2d 362, 373 (E.D.N.Y. 2002). Plaintiffs' RICO conspiracy allegations indeed amount to nothing more than a conclusory add-on to their complaint.

Finally, the dismissal of all of Plaintiffs' RICO claims will leave the conspiracy cause of action without a leg to stand on. "'Any claim under § 1962(d) based on conspiracy to

violate the other subsections of section 1962 necessarily must fail if the substantive claims are themselves deficient.'" *Discon, Inc. v. NYNEX Corp.*, 93 F.3d 1055 (2d Cir. 1996), *rev'd on other grounds*, 525 U.S. 128 (1998) (citation omitted). *See also Mehrkar v. Schulmann*, No. 99 Civ. 10974 (DC), 2001 WL 79901, at *6 (S.D.N.Y. Jan. 30, 2001) ("[b]ecause plaintiff's other RICO claims fail, the allegations in the amended complaint cannot set forth a conspiracy to commit such violations under § 1962(d)") (citations omitted); *Pyke v. Laughing*, No. 92-CV-555, 1998 WL 37599, at *9 (N.D.N.Y. Jan. 26, 1998) ("[i]n light of the court's rulings herein that defendants have not stated a viable RICO claim under sections 1962(a), (b) or (c), their section 1962(d) conspiracy claim necessarily fails as well..."). Plaintiffs' cause of action under 18 U.S.C. § 1962(d) should therefore be dismissed.

## POINT VI

## THE SECOND AMENDED COMPLAINT SHOULD BE DISMISSED BECAUSE PLAINTIFF VELEZ'S FLSA CLAIMS MUST BE DISMISSED

The Second Amended Complaint purports to name Plaintiff Velez as a named Plaintiff. [*See* Panken Decl., at Ex. 6]. The FLSA provides that no one "shall be a party plaintiff to [an FLSA action] unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought." 29 U.S.C. § 216(b). At a Court conference in May 2008, the Court indicated that it was skeptical as to whether Attorney Wims had complied with the FLSA's opt-in requirement with respect to Plaintiff Velez. [Panken Decl., at ¶ 8].

To date, Attorney Wims has failed to file an opt-in notice on behalf of Plaintiff Velez, so he is not a proper party to this FLSA collective action, and cannot recover on the FLSA claims.

## CONCLUSION

For all the foregoing reasons, Defendants respectfully request that Plaintiffs' Second Amended complaint be dismissed under Rule 12(b)(6) for failure to state a claim or, alternatively, that summary judgment be granted in Defendants' favor, award Defendants their reasonable costs and attorneys' fees in connection with making this motion, and order such other and further relief as may be just and proper.

Dated: New York, New York
August 11, 2008

EPSTEIN BECKER & GREEN, P.C.

By:    /s/ Peter M. Panken
  Peter M. Panken
  Tracey A. Cullen
250 Park Avenue
New York, New York  10177-1211
(212) 351-4500
*Attorneys for Defendants*