UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------- x

DEMETRIUS WRIGHT,

LUIS VELEZ,

            Plaintiffs, on behalf of themselves
            and all others similarly situated,

         - against -

BRAE BURN COUNTRY CLUB, INC.,
STEVEN VANDO, individually and as General Manager
of Brae Burn Country Club,
MARIA CONTE, individually and as Controller of Brae
Burn Country Club,

             Defendants.

------------------------------------------- x

08 CV 3172 (DC)

## Memorandum of Law In Support of Defendants' Motion For Sanctions Pursuant To Fed. R. Civ. P. 11 And 28 U.S.C. § 1927

EPSTEIN BECKER & GREEN, P.C.
Attorneys for Defendants
250 Park Avenue
New York, New York 10177-1211
(212) 351-4500
Peter M. Panken
Tracey A. Cullen

## TABLE OF CONTENTS

**PAGE**

PRELIMINARY STATEMENT ............................................................................... 2

STATEMENT OF FACTS ..................................................................................... 4

ARGUMENT ......................................................................................................... 9

    I.    THE STANDARD FOR SANCTIONS UNDER RULE 11 .......................... 9

    II.    DEFENDANTS HAVE COMPLIED WITH
        RULE 11 IN MAKING THIS MOTION ..................................................... 11

    III.    ATTORNEY WIMS SHOULD BE SANCTIONED FOR
        ASSERTING ANY CLAIMS ON BEHALF OF PLAINTIFF
        WRIGHT IN VIOLATION OF PLAINTIFF'S GENERAL RELEASE ........... 11

    IV.    BRINGING CLAIMS IN LIGHT OF A BINDING
        ARBITRATION AGREEMENT IS SANCTIONABLE ................................ 12

    V.    ASSERTING THE THIRTEENTH
        AMENDMENT CLAIM IS SANCTIONABLE ............................................ 13

        A.    There Is No Private Right of Action
            Under the Thirteenth Amendment ................................................. 14

        B.    Plaintiffs' Will Not Be Able to Demonstrate
            That They Were Compelled to Work for Defendants ....................... 14

    VI.    ATTORNEY WIMS SHOULD BE SANCTIONED
        FOR ASSERTING RICO VIOLATIONS ................................................. 15

    VII.    ATTORNEY WIMS SHOULD BE SANCTIONED FOR FAILING
        TO COMPLY WITH THE FLSA'S "OPT-IN" REQUIREMENTS ................ 17

    VIII.    ATTORNEY WIMS SHOULD BE SANCTIONED
        FOR HIS VEXATIOUS CONDUCT ........................................................ 18

    IX.    AN AWARD OF ATTORNEYS' FEES AND
        COSTS IS AN APPROPRIATE SANCTION .......................................... 19

    X.    SANCTIONS ARE ALSO WARRANTED UNDER SECTION 1927 ............ 20

CONCLUSION ..................................................................................................... 21

## TABLE OF AUTHORITIES

### CASES

PAGE

*Ass'n of Holocaust Victims for Restitution of Artwork & Masterpieces v. Bank Austria Creditanstalt AG*, No. 04 CV 3600, 2005 U.S. Dist. LEXIS 17411 (S.D.N.Y. Aug. 19, 2005)..................................20

*Baker v. Urban Outfitters, Inc.*, 431 F. Supp. 2d 351 (S.D.N.Y. 2006), *aff'd*, No. 06-2753-CV, 249 Fed. Appx. 845 (2d Cir. Oct. 2, 2007)..................................20

*Bascomb v. Smith Barney Inc.*, No. 96 Civ. 8747, 1999 U.S. Dist. LEXIS 353 (S.D.N.Y. Jan. 15, 1999)..................................14

*Becker v. Dunkin Donuts of Am., Inc.*, 665 F. Supp. 211 (S.D.N.Y. 1987)..................................10, 15

*Bernstein v. Misk*, 948 F. Supp. 228 (E.D.N.Y. 1997)..................................17

*Bhagwanani v. Howard Univ.*, 355 F. Supp. 2d 294 (D.D.C. 2005)..................................14

*Brown v. New York City Dep't of Corr.*, No. 75 Civ. 5800, 1976 U.S. Dist. LEXIS 14395 (S.D.N.Y. June 28, 1976)..................................15

*Business Guides, Inc. v. Chromatic Commc'ns Enters., Inc.*, 498 U.S. 533 (1991)..................................10, 19

*Center Cadillac, Inc. v. Bank Leumi Trust Co. of New York*, 808 F. Supp. 213 (S.D.N.Y. 1992), *aff'd*, 99 F.3d 401 (2d Cir. 1995)..................................16

*City of Yonkers v. Otis Elevator Co.*, 844 F.2d 42 (2d Cir. 1988)..................................11

*Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384 (1990)..................................9

*De Falco v. Bernas*, 244 F.3d 286 (2d Cir. 2001)..................................16

*Doe I v. Reddy*, No. C 02-05570, 2003 U.S. Dist. LEXIS 26120 (N.D. Cal. Aug. 4, 2003)..................................14

*Doe v. Keane*, 117 F.R.D. 103 (W.D. Mich. 1987)..................................14

*Eastway Const. Corp. v. City of New York*, 762 F.2d 243 (2d Cir. 1985), *modified*, 821 F.2d 121 (2d Cir. 1987)..................................9

*Eastway Constr. Corp. v. City of New York*, 821 F.2d 121 (2d Cir. 1987)..................................19

*Fong Chi v. Age Group*, No. 94 Civ. 5253,
1995 U.S. Dist. LEXIS 13809 (S.D.N.Y. Sept. 21, 1995)........................................10

*Frota v. Prudential-Bache Secs., Inc.*, 639 F. Supp. 1186 (S.D.N.Y. 1986).....................17

*Gaboury v. Town of Roxbury*, No. 98-CV-1753,
1999 U.S. Dist. LEXIS 5810 (N.D.N.Y. Apr. 17, 1999)........................................19

*LaVigna v. WABC Television, Inc.*, 159 F.R.D. 432 (S.D.N.Y. 1995)...........................19

*Lipin v. Nat'l Union Fire Ins. Co. of Pittsburgh*, 202 F. Supp. 2d 126 (S.D.N.Y. 2002)........20

*McClellan v. Majestic Tenants Corp.*, Index No. 302489/07,
2008 N.Y. Misc. LEXIS 3850 (Sup. Ct. Bronx County June 27, 2008)..........................13

*McCoy v. Goldberg*, 748 F. Supp. 146 (S.D.N.Y. 1990)........................................17

*Moss v. Morgan Stanley Inc.*, 719 F.2d 5 (2d Cir. 1983).....................................16

*Neder v. United States*, 527 U.S. 1 (1999).................................................16

*O'Malley v. New York City Transit Auth.*, 896 F.2d 704 (2d Cir. 1990)........................9

*Odeh v. Brown Harris Stevens Residential Mgmt., LLC*, Index No. 1191736/06,
2008 N.Y. Misc. LEXIS 4062 (Sup. Ct. N.Y. County Jan. 7, 2008)............................13

*S.Q.K.F.C., Inc. v. Bell Atl. TriCon Leasing Corp.*, 84 F.3d 629 (2d Cir. 1996)..............16

*Safe-Strap Co. v. Koala Corp.*, 270 F. Supp. 2d 407 (S.D.N.Y. 2003).........................9

*Sanders v. Prentice-Hall Corp. Sys.*, 969 F. Supp. 481 (W.D. Tenn. 1997),
*aff'd*, 178 F.3d 1296 (6th Cir. 1999).......................................................14

*Spector v. Torenberg*, 852 F. Supp. 201 (S.D.N.Y. 1994).....................................9

*Sum v. Tishman Speyer Props., Inc.*, 37 A.D.3d 284 (1st Dep't 2007)..........................13

*United States v. Gelb*, 700 F.2d 875 (2d Cir. 1983).........................................16

*United States v. Int'l Bhd. of Teamsters*, 948 F.2d 1338 (2d Cir. 1991)......................20

*United States v. Shackney*, 333 F.2d 475 (2d Cir. 1964).....................................15

*Walker v. Doubleday & Co.*, No. 78 Civ. 2989,
1986 U.S. Dist. LEXIS 29530 (S.D.N.Y. Feb. 7, 1986)........................................15

*Wolters Kluwer Fin. Servs. Inc. v. Scivantage*, 525 F. Supp. 2d 448 (S.D.N.Y. 2007)...............19

## CONSTITUTION

U.S. Const. amend. XIII, § 1...............14

## RULES AND STATUTES

18 U.S.C. § 1341...............17

18 U.S.C. § 1343...............17

18 U.S.C. § 1961(1)...............16

18 U.S.C. § 1962(d)...............15, 16

18 U.S.C. § 1964(c)...............16

28 U.S.C. § 1927...............1, 20

29 U.S.C. § 216(b)...............17

Fed. R. Civ. P. 9(b)...............15

Fed. R. Civ. P. 11...............1, 9, 10, 11, 19

## CODES

Canon EC 7-1, New York Lawyers' Code of Prof'l Responsibility...............18

This Memorandum of Law is submitted on behalf of Defendants Brae Burn Country Club, Inc. ("Brae Burn" or "the Club"), Steven Vando and Maria Conte (collectively, "Defendants") in support of the motion for sanctions pursuant to FED. R. CIV. P. 11 ("Rule 11") and 28 U.S.C. § 1927 against David C. Wims of The Law Office of David Wims, counsel for Plaintiffs Demetrius Wright ("Plaintiff Wright") and Luis Velez ("Plaintiff Velez").[1] Sanctions are warranted for several reasons.

    1.    Attorney Wims offered to stop suing the Club only in return for a $15,000 payment to him, and when the Club would not accede to that demand, amended the complaint herein to add frivolous causes of action against the Club and two Club employees.

## REDACTED AND
## FILED UNDER SEAL

    3.    Attorney Wims should also be sanctioned because Plaintiffs' wage claims are subject to arbitration under a collective bargaining agreement, a fact of which Attorney Wims has been made aware.

    4.    Sanctions are also warranted because Plaintiffs have asserted frivolous claims under the Thirteenth Amendment to the United States Constitution (the "Thirteenth

---

[1] Plaintiff Wright and Plaintiff Velez are collectively referred to as "Plaintiffs."

Amendment") and the Racketeer Influenced and Corrupt Organization Act ("RICO"), both of which must fail.

5.      Attorney Wims continues to assert a frivolous state wage and hour cause of action even after receiving an opinion letter from the New York State Department of Labor indicating that there is no cause of action under New York State Law for failing to include the cost or value of lodging and meals in the regular rate for purposes of computing overtime pay; and

6.      Further, Attorney Wims has failed to comply with the requirements of the Fair Labor Standards Act ("FLSA") with respect to his putative collective action with respect to Plaintiff Veloz.

## PRELIMINARY STATEMENT

Attorney Wims represented Plaintiff Wright in a sexual harassment claim against the Club several months following Plaintiff Wright's termination of employment with the Club,

## REDACTED AND
## FILED UNDER SEAL

Attorney Wims filed a putative collective action under the federal and state wage and hour laws on behalf of Plaintiff Wright against the Club. When Attorney Wims learned that the cause of action under New York State Law was not a valid claim, and was informed that the wage and hour division of the United

States Department of Labor ("DOL Wage and Hour Division") had conducted a wage and hour audit of the Club, and that the Club sent checks to everyone found by the audit to be entitled to recovery, Attorney Wims filed an Amended Complaint.

The Amended Complaint, filed on May 21, 2008, added allegations that there were unpaid hours worked by Plaintiff Wright, despite the fact that the General Release specifically covered such a claim, and the matter was covered by a collective bargaining agreement. So, even had the claim not been released, it should not have been brought in Court, but as a grievance and arbitration under the collective bargaining agreement as to Plaintiff Wright and later, Plaintiff Velez.

Attorney Wims offered to settle the case for $5,000 for each of his clients (even though Plaintiff Velez was not then a named Plaintiff and had not filed a consent to join the case), plus $10,000 for his own fees, and **offered to stop suing the Club for an additional $15,000 payment to Attorney Wims.**

When the Club refused to capitulate to this demand, Attorney Wims filed a Second Amended Complaint on July 14, 2008, which raised two additional frivolous causes of action: (1) a claim under the Thirteenth Amendment to the United States Constitution (which abolished slavery); and (2) a claim against the Club and two new Defendants (Vando, the Club's General Manager, who was not hired or employed by the Club during the period that Plaintiff Velez worked at the Club or any period that Plaintiff Wright worked overtime, and Conte, the Club's Controller). These frivolous actions were obviously intended to intimidate the Club and cause vexatious litigation expense.

## STATEMENT OF FACTS

### The Plaintiffs

Plaintiff Wright worked for the Club from April 30, 2006 until April 20, 2007. Plaintiff Velez worked for the Club for a shorter period of time, from April 22, 2006 through December 23, 2006. Both were covered by a collective bargaining agreement between Local 32BJ, SEIU and the Club.

**REDACTED AND
FILED UNDER SEAL**

**REDACTED AND
FILED UNDER SEAL**

.

**REDACTED AND
FILED UNDER SEAL**

filed a Complaint against the Club on March 31, 2008. [*See* Panken Decl., at Ex. 2]. Plaintiff Wright's Complaint purported to state claims under the FLSA and the New York State Labor Law because the Club did not include the cost or value of meals and lodging furnished by the Club to him in his regular rate for purposes of computing overtime compensation. Specifically, Plaintiff Wright alleged that he was entitled to additional unpaid overtime wages for work beyond forty hours per week. [*See* Panken Decl., at Ex. 2, ¶¶ 2-3]. He also alleged that the Club breached his collective bargaining agreement by failing to pay him overtime at the appropriate rate. [*See* Panken Decl., at Ex.2, ¶¶ 48-52].

After Plaintiff Wright filed the Complaint, on May 5, 2008, the Club made a Rule 68 Offer of Judgment ("Rule 68 Offer") of $1,000, plus reasonable attorney's fees, costs and expenses. [*See* Panken Decl., at Ex. 3]. Plaintiff Wright, through Attorney Wims, summarily rejected the Rule 68 Offer. Attorney Wims has contended that the Club has not appropriately calculated the value of meals and lodging provided to Plaintiff Wright. The Club has demonstrated that its Rule 68 Offer was far in excess of anything Plaintiff Wright could hope to recover, even if his damages were doubled, yet it was summarily rejected. On May 5, 2008, Plaintiff Wright was provided an Affidavit from Conte, sworn under oath. [*See* Panken Decl., at Ex. 4]. In her Affidavit, Conte explained that the:

> [s]taff and independent contractors working at the Club were provided with a communal meal prepared for the staff. It was not an a la carte meal from the Club's regular menu. Normally, the meal would be assembled in the kitchen from items that were left

over from the previous meal's service or occasionally, would be simple and inexpensive meals like cold cuts and bread with cole slaw and perhaps salad if that was available. The staff had no choice; they were only offered the food that was prepared for the staff. It is estimated that the costs of such meal did not exceed $2.45 per person; in fact, our chef estimates that each meal is worth approximately $1.50.

[*Id.* at ¶ 7].

Attorney Wims responded that if he did not receive a settlement "offer with lunch valued at $8 and dinner at $12? ... my client will testify that he consumed steaks, chicken breasts and caviar." [*See* Panken Decl., at Ex. 5].

Unrelated to Plaintiff Wright's allegations, the United State Department of Labor Wage and Hour Division conducted a wage and hour audit of the Club covering any amounts due concerning the inclusion of room and meals in an employee's regular rate in computing overtime compensation, and the Club paid everyone found by the audit to be entitled to recovery of unpaid wages under the FLSA. [*See* Vando Decl., at ¶ 5]. This included Plaintiff Wright, who was found by the Wage and Hour Division of the United State Department of Labor to be entitled to $119.10. On May 8, 2008, Plaintiff Wright was sent a check by the Club for this amount. [*See* Vando Decl., at Ex. A].

### Attorney Wims Files An Amended Complaint

On or about May 21, 2008, a First Amended Complaint was filed, adding allegations that Plaintiff Wright worked hours for which he was not paid at all. [*See* Panken Decl., at Ex. 6]. At a Court conference on May 23, 2008, Attorney Wims was advised that Plaintiff Wright (as well as Plaintiff Velez, and all other "similarly situated" putative plaintiffs) were employed pursuant to a collective bargaining agreement, and the judicial forum was inappropriate as the allegations were subject to arbitration. [*See* Panken Decl., at ¶ 6].

## Attorney Wims Demands $15,000 To Stop Suing The Club

On June 3, 2008, in response to the Club's request for a "reasonable" settlement offer, Attorney Wims requested amounts for each Plaintiff, amounts for his counsel fees and, *inter alia*, "$15,000 to leave your client alone (and not sue it again)." [*See* Panken Decl., at Ex. 7].

## When The Demand Was Refused, Attorney Wims Adds Two More Frivolous Causes Of Action And Two More Defendants

On July 14, 2008, Attorney Wims filed a Second Amended Complaint. The Second Amended Complaint purported to name Plaintiff Velez as an additional named Plaintiff. However, to date, Plaintiff has not filed an opt-in notice indicating Plaintiff Velez's intention to join the Federal Wage and Hour collective litigation. The Second Amended Complaint added two new Defendants; Vando, who is now the Club's General Manager, but was not employed during the period when Plaintiff Velez worked at the Club and when Plaintiff Wright worked overtime, and Conte, who is the Club Controller. [*See* Vando Decl., at ¶¶ 1-2]. The Second Amended Complaint also added two more frivolous causes of action: (1) that they have been subjected to involuntary servitude in violation of the Thirteenth Amendment; and (2) that the Defendants have violated RICO. [*See* Panken Decl., at Ex. 8]. In an apparent effort to avoid having to arbitrate the claims of his clients, Attorney Wims has finally removed from his Second Amended Complaint any allegations that the Club has breached the collective bargaining agreement.

Because these tactics violate Rule 11, Defendants now seek appropriate sanctions.

## ARGUMENT

### I.      THE STANDARD FOR SANCTIONS UNDER RULE 11

Rule 11 provides that:

> (b)   By presenting to the court (whether by signing, filing,
> submitting, or later advocating) a pleading, written motion, or
> other paper, an attorney or unrepresented party is certifying that to
> the best of the person's knowledge, information, and belief, formed
> after an inquiry reasonable under the circumstances, --
>
> . . . . . .
>
> (2) the claims, defenses, and other legal contentions therein are
> warranted by existing law or by a nonfrivolous argument for the
> extension, modification, or reversal of existing law or the
> establishment of new law;
>
> (3) the allegations and other factual contentions have evidentiary
> support or, if specifically so identified, are likely to have
> evidentiary support after a reasonable opportunity for further
> investigation or discovery . . .
>
> (c) If, after notice and a reasonable opportunity to respond, the
> court determines that subdivision (b) has been violated, the court
> may . . . impose an appropriate sanction upon the attorneys, law
> firms, or parties that have violated subdivision (b) or are
> responsible for the violation.

The purpose of Rule 11 is to discourage pleadings, motions and other papers
which are frivolous, legally unreasonable, or without factual foundation.  *See, e.g., Safe-Strap
Co. v. Koala Corp.*, 270 F. Supp. 2d 407, 417 (S.D.N.Y. 2003); *Spector v. Torenberg*, 852 F.
Supp. 201, 211 (S.D.N.Y. 1994).  To that end, Rule 11 imposes a duty on attorneys to certify that
they have conducted reasonable inquiry and have determined that any papers filed with the court
are well grounded, legally defensible, and not made for any improper purpose.  *Cooter & Gell v.
Hartmarx Corp.*, 496 U.S. 384, 393 (1990); *O'Malley v. New York City Transit Auth.*, 896 F.2d
704, 706 (2d Cir. 1990); *Eastway Const. Corp. v. City of New York*, 762 F.2d 243, 253-54 (2d
Cir. 1985), *modified*, 821 F.2d 121 (2d Cir. 1987).   An attorney's signature on a pleading

certifies that the document is "not being presented for any improper purpose," that the "claims, defenses and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law," and that "the allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery." FED. R. CIV. P. 11(b). The standard for testing conduct under Rule 11 is objective reasonableness under the circumstances, and a finding of bad faith is not required for Rule 11 sanctions. *See Business Guides, Inc. v. Chromatic Commc'ns Enters., Inc.*, 498 U.S. 533, 554 (1991).

Courts have found Rule 11 violations where, as here, an attorney has filed a complaint that is not supported by the facts or warranted by applicable law. *Fong Chi v. Age Group*, No. 94 Civ. 5253, 1995 U.S. Dist. LEXIS 13809, at *22-25 (S.D.N.Y. Sept. 21, 1995); *Becker v. Dunkin Donuts of Am. Inc.*, 665 F. Supp. 211, 217-18 (S.D.N.Y. 1987).

**REDACTED AND
FILED UNDER SEAL**                , and Attorney Wims' attempts to elicit sums from the Club so that he never sues it again, this Court should find that Attorney Wims violated Rule 11 and sanction him accordingly. Any sanctions should include being required to pay for all of the reasonable costs and attorneys' fees that Defendants have expended in connection with the allegations, and in drafting its two motions to dismiss.

In addition to the absolutely apparent lack of objectively reasonable merit, Defendants' counsel repeatedly brought to Attorney Wims' attention the lack of merit and frivolity of the vexatious complaints filed herein. These warnings given to Attorney Wims weigh in favor of granting sanctions to Defendants. An attorney who becomes aware that a

claim is specious, yet continues to pursue the claim, may be held liable for attorneys' fees incurred by another party to oppose the claim. *See, e.g., City of Yonkers v. Otis Elevator Co.,* 844 F.2d 42, 49 (2d Cir. 1988).

II.    **DEFENDANTS HAVE COMPLIED WITH RULE 11 IN MAKING THIS MOTION**

In an attempt to avoid this motion, on August 5, 2008, Defendants again advised Attorney Wims that the claims in the Second Amended Complaint are not supported by the facts or existing law by serving upon him a copy of this Rule 11 motion. *See* FED. R. CIV. P. 11(c)(1)(A) (the moving party must serve, but not file its motion "unless, within 21 days after service of the motion ... the challenged paper, claim, defense, contention, allegation, or denial is not withdrawn or appropriately corrected"). Attorney Wims has had at least 21 days to consider this motion, but has refused to voluntarily withdraw the Second Amended Complaint with prejudice. Accordingly, Defendants have filed this motion.

III.    **ATTORNEY WIMS SHOULD BE SANCTIONED FOR ASSERTING ANY CLAIMS ON BEHALF OF PLAINTIFF WRIGHT IN VIOLATION OF PLAINTIFF'S GENERAL RELEASE**

**REDACTED AND FILED UNDER SEAL**

**REDACTED AND
FILED UNDER SEAL**

IV.    **BRINGING CLAIMS IN LIGHT OF A BINDING
ARBITRATION AGREEMENT IS SANCTIONABLE**

Plaintiffs were employed pursuant to a collective bargaining agreement ("CBA")

between their union, Local 32BJ, SEIU, and the Federation of Country Clubs, of which Brae

Burn is a member. [*See* Panken Decl., at Ex. 10]. The Complaint and First Amended Complaint

specifically admit that Plaintiff Wright's employment was covered by a CBA that addressed

overtime. [*See* Panken Decl., at Ex. 2, ¶¶ 48-50; Ex. 6, ¶¶ 48-50]. The CBA requires disputes arising under it to be submitted to arbitration. [*Id.*, at Ex. 10, Section 27.1(a)-(f)]. All of Plaintiffs' claims relate to overtime, which is expressly covered by the CBA [*Id.* at Section 5.1-5.4], and which Plaintiff Wright admitted in the first two submissions of his Complaint. All claims asserted herein are subject to arbitration, and this is not the appropriate forum. Attorney Wims was advised of this at a Court conference on May 23, 2008, in the presence of this Court.

Plaintiffs' union negotiated a waiver of Plaintiffs' right to a judicial forum to pursue the claims asserted in this matter. This waiver is clear and unmistakable, and enforceable. *Sum v. Tishman Speyer Props., Inc.*, 37 A.D.3d 284 (1st Dep't 2007); *McClellan v. Majestic Tenants Corp.*, Index No. 302489/07, 2008 N.Y. Misc. LEXIS 3850 (Sup. Ct. Bronx County June 27, 2008); *Odeh v. Brown Harris Stevens Residential Mgmt., LLC*, Index No. 119173606, 2008 N.Y. Misc. LEXIS 4062 (Sup. Ct. N.Y. County Jan. 7, 2008). Plaintiffs, through their union, therefore, waived the ability to sue in a judicial forum.

Attorney Wims' failure to withdraw the claims, with knowledge that they are subject to a collective bargaining agreement, is sanctionable.

## V. ASSERTING THE THIRTEENTH AMENDMENT CLAIM IS SANCTIONABLE

On June 3, 2008, Attorney Wims offered to stop suing Defendants, if Defendants paid him $15,000. [*See* Panken Decl., at Ex. 7]. When Defendants declined Attorney Wims' invitation, he filed the Second Amended Complaint, adding allegations that Defendants have violated the Thirteenth Amendment to the United States Constitution. [*See* Panken Decl., at Ex. 8, ¶¶ 57-60]. Plaintiffs, who allege that their employment was subject to the Thirteenth Amendment which forbids involuntary servitude, claim that Defendants "edited" their timecards and eliminated hours worked, thus subjecting them to involuntary servitude and violating the

Thirteenth Amendment.   The Thirteenth Amendment provides that "[n]either slavery nor involuntary servitude ... shall exist within the United States, or in any place subject to their jurisdiction." U.S. Const. amend. XIII, § 1.  The facts alleged by Plaintiffs do not give rise to a Thirteenth Amendment claim, and Attorney Wims' assertion of this claim is sanctionable.

### A.    There Is No Private Right of Action Under the Thirteenth Amendment

There is no private right of action under the Thirteenth Amendment.   *See Bascomb v. Smith Barney Inc.*, No. 96 Civ. 8747, 1999 U.S. Dist. LEXIS 353, at *18 (S.D.N.Y. Jan. 15, 1999) (dismissing Thirteenth Amendment claim as "[i]t is well-settled law that there is no direct private cause of action under the Thirteenth Amendment") (citations omitted); *Bhagwanani v. Howard Univ.*, 355 F. Supp. 2d 294, 301 (D.D.C. 2005) (holding no private cause of action for broad categories of involuntary servitude); *Doe I v. Reddy*, No. C 02-05570, 2003 U.S. Dist. LEXIS 26120, at *39 (N.D. Cal. Aug. 4, 2003) ("just about every [district court] decision to consider the issue has concluded that there is no private right of action under the Thirteenth Amendment"); *Doe v. Keane*, 117 F.R.D. 103, 104 (W.D. Mich. 1987) (noting defense counsel "correctly pointed out that there is no private right of action under the Thirteenth Amendment").   While there may be a private cause of action under one of the Thirteenth Amendment's implementing statutes, Plaintiffs did not plead as much, and the Court will have no choice but to dismiss this claim.

### B.    Plaintiffs' Will Not Be Able to Demonstrate That They Were Compelled to Work for Defendants

Even if Plaintiffs had properly pled a Thirteenth Amendment claim, it cannot be sustained unless Plaintiffs can prove that they were compelled to continue their employment or that they were prohibited from working elsewhere. *See Sanders v. Prentice-Hall Corp. Sys.*, 969 F. Supp. 481, 484 (W.D. Tenn. 1997), *aff'd*, 178 F.3d 1296 (6th Cir. 1999) (must show

compelled to continue employment to obtain relief under an involuntary servitude theory);

*Walker v. Doubleday & Co.*, No. 78 Civ. 2989, 1986 U.S. Dist. LEXIS 29530, at *1 n.1

(S.D.N.Y. Feb. 7, 1986). Under no set of operative facts could Plaintiffs meet this standard.

Plaintiffs have not (and cannot) allege that Defendants compelled them to work

involuntarily. There can be no Thirteenth Amendment claim where the plaintiffs were left with a

choice. *See United States v. Shackney*, 333 F.2d 475, 485-87 (2d Cir. 1964); *Brown v. New York*

*City Dep't of Corr.*, No. 75 Civ. 5800, 1976 U.S. Dist. LEXIS 14395 (S.D.N.Y. June 28, 1976).

If Plaintiff Wright and Plaintiff Velez worked overtime hours for which they were not paid, they

could have resigned. As quitting was always an option, there can be no claim for involuntary

servitude under the facts alleged. Counsel for Defendants brought *Shackney* and *Brown* to

Attorney Wims' attention in a June 5, 2008 email, yet Attorney Wims proceeded with adding a

Thirteenth Amendment claim to Plaintiffs' Second Amended Complaint on July 14, 2008. [A

copy of the June 5, 2008 email is attached to the Panken Decl., at Ex. 11]. Amending the

complaint to add this claim, despite knowledge of contrary dispositive case law, is sanctionable.

*See, e.g., Becker*, 665 F. Supp. at 217-18 (sanctionable to file complaint not supported by law).

## VI.    ATTORNEY WIMS SHOULD BE SANCTIONED FOR ASSERTING RICO VIOLATIONS

Plaintiffs' Second Amended Complaint attempts to allege RICO violations. [*See*

Panken Decl., at Ex. 8, ¶¶ 61-68]. This claim was not properly pled, and Plaintiffs cannot

prevail. Attorney Wims failed to satisfy the particularity rules of pleading in FED. R. CIV. P.

9(b), and the Complaint he prepared fails to make any allegations regarding his clients' reliance

on purported mail and wire fraud by Defendants. In addition, Attorney Wims failed to properly

plead a claim for RICO conspiracy under 18 U.S.C. § 1962(d), as there are no allegations

regarding any agreement among the Defendants.

To state a claim for damages under 18 U.S.C. § 1962(c), a plaintiff must satisfy two pleading burdens. First, the plaintiff must allege that the defendants violated § 1962, the substantive RICO provision. This requires the plaintiff to allege "(1) that the defendant (2) through the commission of two or more acts (3) constituting a 'pattern' (4) of 'racketeering activity' (5) directly or indirectly invests in, or maintains an interest in, or participates in (6) an 'enterprise' (7) the activities of which affect interstate or foreign commerce." *Moss v. Morgan Stanley Inc.*, 719 F.2d 5, 17 (2d Cir. 1983) (quoting 18 U.S.C. § 1962(a)-(c)). Whether activities at a single Club affects interstate commerce is seriously in doubt. Second, the plaintiff must allege that it was injured in its business or property by reason of a violation of § 1962. *See* 18 U.S.C. § 1964(c). Each of these "requirements ... must be established as to each individual defendant." *De Falco v. Bernas*, 244 F.3d 286, 306 (2d Cir. 2001) (citation omitted). Moreover, Attorney Wims has submitted a pleading with no allegation of specific RICO predicate acts of mail and wire fraud under 18 U.S.C. §§ 1341 and 1343.

The Second Amended Complaint is fatally deficient because it is utterly devoid of any facts regarding any specific use of the mail that would support mail fraud, and it is likewise devoid of any reference to any interstate wire communication between Plaintiffs and Defendants, which is necessary for the wire fraud claim to succeed. *See* 18 U.S.C. § 1961(1)(B); *Neder v. United States*, 527 U.S. 1, 20 (1999); *S.Q.K.F.C., Inc. v. Bell Atl. TriCon Leasing Corp.*, 84 F.3d 629, 633 (2d Cir. 1996) (citation omitted); *United States v. Gelb*, 700 F.2d 875, 879 (2d Cir. 1983); *Center Cadillac, Inc. v. Bank Leumi Trust Co. of New York*, 808 F. Supp. 213, 227 (S.D.N.Y. 1992), *aff'd*, 99 F.3d 401 (2d Cir. 1995).

Concerning the mail fraud statute, nowhere in the Second Amended Complaint is any specific mailing identified or described. Allegations of mail fraud must specify the use of

the mails with particularity. *Frota v. Prudential-Bache Secs., Inc.*, 639 F. Supp. 1186, 1192 (S.D.N.Y. 1986). The closest Attorney Wims has come to describing any mailing is referring to Defendants' "use of the United States Mail." [*See* Panken Decl., at Ex. 8, ¶ 63]. This does not satisfy the Rule 9(b) obligations to plead fraud with specificity such that defendants will be on notice of the allegedly fraudulent matters of which they stand accused. *Bernstein v. Misk*, 948 F. Supp. 228, 239 (E.D.N.Y. 1997) (summary legal conclusions that defendants "illegally used the United States mails in violation of 18 U.S.C. § 1341" found insufficient); *McCoy v. Goldberg*, 748 F. Supp. 146, 153-54 (S.D.N.Y. 1990) (complaint alleging that documents were "delivered" or "sent" lacked the detail necessary for the court to determine that the United States mails were employed).

Attorney Wims should be sanctioned, as he has asserted this claim without even attempting to meet the elements of a *prima facie* mail or wire fraud claim under RICO. Moreover, since Defendant Vando was not employed at the same time as Plaintiff Velez and not during any period when Plaintiff Wright worked overtime, suing him is frivolous on its face.

## VII.     ATTORNEY WIMS SHOULD BE SANCTIONED FOR FAILING TO COMPLY WITH THE FLSA'S "OPT-IN" REQUIREMENTS

The Second Amended Complaint purports to name Plaintiff Velez as a named Plaintiff. [*See* Panken Decl., at Ex. 8]. The FLSA provides that no one "shall be a party plaintiff to [an FLSA action] unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought." 29 U.S.C. § 216(b). At a Court conference in May 2008, the Court indicated that it was skeptical as to whether Attorney Wims had complied with the FLSA's opt-in requirement. [Panken Decl., at ¶ 6]. To date, Attorney Wims has failed to file an opt-in notice on behalf of Plaintiff Velez, so he is not a proper party to

this FLSA collective action, and Attorney Wims should be sanctioned for his failure to comply with basic FLSA requirements.

## VIII. ATTORNEY WIMS SHOULD BE SANCTIONED FOR HIS VEXATIOUS CONDUCT

After Plaintiff Wright filed the initial complaint in this action, the Club made the Rule 68 Offer. [*See* Panken Decl., Ex. 3]. Plaintiff Wright rejected the Rule 68 Offer, and the parties thereafter engaged in discussions regarding the appropriate calculations regarding the value of meals and lodging received during Plaintiff Wright's employment. On May 5, 2008, Plaintiff was provided a sworn affidavit from Conte, which explained that the estimated cost of the communal meal provided to employees was $1.50. [*See* Panken Decl., at Ex. 4, ¶ 7].

In a May 27, 2008 email, Attorney Wims threatened that if he did not receive a settlement "offer with lunch valued at $8 and dinner at $12? Otherwise my client will testify that he consumed steaks, chicken breasts and caviar." [*See* Panken Decl., at Ex. 5]. These threats, with no factual basis or support, are vexatious, and Attorney Wims should be sanctioned for using these unsupported and erroneous assertions to bully the Club into settling.

Similarly, on June 3, 2008, in response to the Club's request for a "reasonable" settlement offer, Attorney Wims requested "$15,000 to leave your client alone (and not sue it again)." [*See* Panken Decl., at Ex. 7]. This demand is similar to extortion. Further, it is apparent that, in putting his own financial concerns before those of his clients, Attorney Wims is violating his ethical duties to his clients, Plaintiff Wright and Plaintiff Velez. Attorney Wims' duties, first and foremost, should be to his clients, not his own wallet. *See* Canon EC 7-1, New York Lawyer's Code of Prof'l Responsibility. He has also attempted to gain a stake in the outcome of the litigation. For the foregoing reasons, Attorney Wims should be sanctioned.

## IX.    AN AWARD OF ATTORNEYS' FEES AND COSTS IS AN APPROPRIATE SANCTION

Once a violation of Rule 11 is found, sanctions are mandatory. *Business Guides*, 498 U.S. at 541. This Court has broad discretion to fashion the appropriate remedy, and permissible sanctions may include reasonable attorneys' fees and costs, monetary penalties, reprimands, orders to undergo continuing legal education, and referrals to disciplinary authorities. *See, e.g.*, FED. R. CIV. P. 11(c)(4); *Eastway Constr. Corp. v. City of New York*, 821 F.2d 121, 122-23 (2d Cir. 1987); *Wolters Kluwer Fin. Servs. Inc. v. Scivantage*, 525 F. Supp. 2d 448, 550 (S.D.N.Y. 2007); *Gaboury v. Town of Roxbury*, No. 98-CV-1753, 1999 U.S. Dist. LEXIS 5810, at *15-16 (N.D.N.Y. Apr. 17, 1999) (mandating continuing legal education); *LaVigna v. WABC Television, Inc.*, 159 F.R.D. 432, 437 (S.D.N.Y. 1995).

In this case, the Court should sanction Attorney Wims for his egregious conduct the frivolous state claims, and the frivolous Second Amended Complaint, and attempting to have the Club pay him to cease suing the Club, and, at a minimum, require him to reimburse Defendants the reasonable costs and attorneys' fees that they have incurred in connection with making this motion and defending this action.

**REDACTED AND FILED UNDER SEAL**

Attorney Wims knew, or upon reasonable inquiry should have known, that there was no legal or factual basis for many of the claims in the First and Second Amended Complaints.

Attorney Wims knew, or upon reasonable inquiry should have known, that the Thirteenth Amendment claim was not viable. Still, he filed this action and added the Thirteenth Amendment claims. Attorney Wims has refused to withdraw the Second Amended Complaint. Further, he attempted to have the Club pay him

$15,000 to stop his vexatious suing of the Club with a promise to never again bring a claim against it. Such conduct warrants sanctions. As discussed in Point I, *supra*, courts in this District have imposed Rule 11 sanctions, including an award of attorneys' fees and costs, on attorneys who (like Attorney Wims) filed claims lacking factual and/or legal basis. This Court should do the same here.

## X.    SANCTIONS ARE ALSO WARRANTED UNDER SECTION 1927

The Court also may sanction Attorney Wims under 28 U.S.C. § 1927. Section 1927 bars unreasonable and vexatious multiplications of proceedings, and imposes an obligation on attorneys to avoid dilatory tactics which result in increasing the cost of proceedings. *See, e.g., United States v. Int'l Bhd. of Teamsters*, 948 F.2d 1338, 1345 (2d Cir. 1991); *Baker v. Urban Outfitters, Inc.*, 431 F. Supp. 2d 351, 362 (S.D.N.Y. 2006), *aff'd*, No. 06-2753-CV, 249 Fed. Appx. 845 (2d Cir. Oct. 2, 2007); *Lipin v. Nat'l Union Fire Ins. Co. of Pittsburgh*, 202 F. Supp. 2d 126, 141 (S.D.N.Y. 2002).

**REDACTED AND
FILED UNDER SEAL**

**REDACTED AND
FILED UNDER SEAL**

The Court should and must impose sanctions that compensate Defendants for those costs, in an amount to be determined in further proceedings.

## CONCLUSION

Based on the foregoing, the Court should grant Defendants' motion for sanctions pursuant to Rule 11 and Section 1927, sanction Attorney Wims, award Defendants their reasonable costs and attorneys' fees incurred in connection with making this motion and the two motions to dismiss that they have made, and order such other and further relief as may be just and proper.

Dated: New York, New York
      August 4, 2008

EPSTEIN BECKER & GREEN, P.C.

By:   s/ Peter M. Panken
        Peter M. Panken
        Tracey A. Cullen
250 Park Avenue
New York, New York 10177-1211
(212) 351-4500
*Attorneys for Defendants*