UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X
DEMETRIUS WRIGHT,
LUIS VELEZ,

                               Plaintiffs, on
on behalf of themselves and all others similarly situated,

                     -against-

BRAE BURN COUNTRY CLUB, INC.,
STEVEN VANDO, individually and as General Manager
of Brae Burn Country Club,
MARIA CONTE, individually and as Controller
of Brae Burn Country Club,

                              Defendants.
------------------------------------------------------X

Civil Action No.: 08CV3172
(DC)(ECF)

**MEMORANDUM
OF LAW**

## PRELIMINARY STATEMENT

The instant action is before this Court on Defendant's motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, or alternatively, for summary judgment pursuant to Fed. R. Civ. P. 56. The facts are as indicated below, and in the attached Local Rule 56.1 statement. For the following reasons, Defendants' motion should be denied in its entirety, because:

    1. Fair Labor Standards Act (and New York Labor Law) claims are not waivable, releasable, nor subject to collectively bargained arbitration agreements.

    2. The FLSA collective action is unaffected by the alleged audit of Defendant Brae Burn Country Club by the U.S. Department of Labor, Wage & Hour Division, since by Defendants' own admission, it only concerned lodging and meals, and not "off the clock" work, which is alleged in the instant action.

    3. The instant class action under the New York Labor Law is unaffected by

1

Defendants' proffer of an opinion letter from the New York Department of Labor inasmuch as the opinion contained therein conflicts with the duly enacted statutes and regulations of the State of New York.

4. Plaintiff Velez is now a named Plaintiff in the instant action, and as such, no FLSA opt-in is necessary (to the extent that the Court has not already recognized him as opted-in). See Docket # 12.

## FACTS

Plaintiff Wright was employed by Defendant Brae Burn Country Club as a laundry attendant from April 2006 until April 2007. Plaintiff Luis Velez was employed by Defendant Brae Burn Country Club as a maintenance worker from April 2006 until December 2006. During their respective tenures, they were full-time employees, paid on an hourly basis, and subject to a collective bargaining agreement. Plaintiffs frequently worked overtime for Defendant Brae Burn, including double shifts, split shifts and call-in labor. Both Plaintiffs also performed work for Defendant Brae Burn "off the clock," or for which no remuneration was paid.

Also throughout Plaintiffs' tenures, Defendant Brae Burn's managers and/or supervisors "edited" their timecards (and upon information and belief, those of other employees), thereby depriving Plaintiffs of some of their earned wages. Defendants never indicated to Plaintiffs that "editing" was occurring, such that they had no opportunity to object.

Subsequent to his employment, Plaintiff Wright filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") pertaining to Defendants' failure to investigate and resolve his complaint of sexual harassment. In December 2007, he and

2

Defendant Brae Burn settled the same upon execution of a settlement agreement and general release. Thereafter, Plaintiff Wright filed the instant action.

## PROCEDURAL POSTURE

Plaintiff Wright filed the instant action on March 31, 2008 as a putative collective action under the FLSA, a class action under the New York Labor Law, and breach of contract. In the original complaint, Plaintiff Wright alleged that Defendant Brae Burn failed to pay him and other similarly situated employees the proper amount of overtime wages by omitting the cost or value of the meals and lodging provided by Brae Burn. In response thereto, Defendant Brae Burn made a Fed. R. Civ. P. 68 offer of judgment that was rejected by Plaintiff Wright. Defendant Brae Burn subsequently expressed its intent to dismiss the instant action as moot based on the Rule 68 offer and Plaintiff Wright's rejection thereof.

At the pre-motion conference that followed, the Court denied Defendant Brae Burn's motion to dismiss without prejudice "…in light of the amended complaint and the opting in of another former employee." See Docket # 12. Plaintiff Wright next filed the First Amended Complaint on May 27, 2008, adding claims under the FLSA and Labor Law for "off the clock" work. See Docket # 13.

On June 25, 2008, at Plaintiff's counsel's request, the Court granted leave to serve and file a Second Amended Complaint naming additional causes of action and parties Plaintiff and Defendants. See Docket # 14. The Second Amended Complaint was served and filed by Plaintiffs Wright and Velez on July 15, 2008, naming Defendants Vando and Conte, and containing claims under the Thirteenth Amendment to the United States Constitution and RICO, inter alia.

In response thereto, Defendants have filed the instant motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, or alternatively, for summary judgment pursuant to Fed. R. Civ. P. 56. For reasons indicated herein, Defendants' motion should be denied in its entirety.

## **LEGAL STANDARD**

Rule 12(b)(6) of the Fed. R. Civ. P. states a defendant may move for dismissal of a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). On a motion to dismiss, the court deems true all well-pleaded facts and accepts as true all reasonable inferences in favor of plaintiff. See Dangler v. New York City Off Track Betting Corp., 193 F.3d 130, 138 (2d Cir. 1999).

The Supreme Court has indicated that plaintiff need only plead enough facts to "state a claim to relief that is plausible on its face." Bell Atlantic, 127 S. Ct. 1955, 1968-69, 1974, 167 L. Ed. 2d 929 (2007) (quoting Conley, 355 U.S. 41, 45-46, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957)). Therefore, a complaint must allege facts that "raise a right of relief above the speculative level on the assumption that all allegations in the complaint are true (even if doubtful in fact)." Bell Atlantic, 127 S. Ct. at 1964-65 (citations omitted).

When material(s) outside the complaint is(are) before the court, the motion should be treated as one seeking summary judgment . . . "and all parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." Fed. R. Civ. P. 12(d). In such a case, the complaint is considered to include documents and writings annexed to, referenced in, or integral to the complaint. See Chambers v. Time Warner, Inc., 282 F.3d 147, 152-53 (2d Cir. 2002); Fed. R. Civ. P. 10(c). Documents are "integral" to the complaint if "the complaint relies heavily upon [their] terms and effects." Chambers, 282 F.3d at 153 (citations

4

omitted).

Plaintiffs may be harmed when material(s) outside a complaint is(are) considered on a motion to dismiss since often they lack notice that such consideration is taking place. Global Network Commc'ns, Inc. v. City of New York, 458 F.3d 150, 155 (2d Cir. 2006). However, where there is actual notice by the party opposing the motion of all of the information in a movant's papers, the need to convert a motion to dismiss to one for summary judgment is largely dissipated. Chambers, 282 F.3d at 153.

## ARGUMENT

### I. FAIR LABOR STANDARDS ACT CLAIMS ARE NEITHER RELEASABLE NOR WAIVABLE

The first issue is whether Plaintiff Wright's (or any other person's) wage claims are releasable or waivable.

In general, as a matter of public policy, wage claims may not be released nor waived. The Supreme Court of the United States has indicated that an attempted release and waiver of right to basic statutory minimum wages as well as right to liquidated damages is absolutely void. Brooklyn Sav. Bank v O'Neil, 324 US 697, 89 L Ed 1296, 65 S Ct 895 (1945), reh den, 325 US 893, 89 L Ed 2005, 65 S Ct 1189 (1945). The Court went so far as to say that a release is never valid "when an employer simply pays an employee a lump sum of money in exchange for a promise not to bring a suit for overtime wages in the future." *Brooklyn Savings*, 324 U.S. at 703-04.

A plethora of courts are in agreement. For example, defense of accord and satisfaction is insufficient in absence of allegation showing that there was honest dispute between plaintiffs and defendants as to whether plaintiffs did work overtime. Rigopoulos v. Kervan, 47 F Supp 576, 6 CCH LC P 61246 (DC NY 1942). See also Broughton v Atlantic Co., 54 F Supp 185, 8

5

CCH LC P 62072 (1944, DC Ga), mod on other grounds 146 F2d 480, 9 CCH LC P 62435 (1944, CA5 Ga), cert den 324 US 883, 89 L Ed 1433, 65 S Ct 1021 (1945) (Agreement of accord and satisfaction does not, without more, afford effective defense to employee's action under Fair Labor Standards Act); Rogan v Essex County News Co., 65 F Supp 82, 10 CCH LC P 62990 (1946, DC NJ) (In action under Fair Labor Standards Act for recovery of unpaid overtime compensation, court will refuse approval of private settlement which has been negotiated and consummated without knowledge of court, in absence of clear showing that statutory requirements have been met; principle that public interest as well as rights of private litigant, must be protected being basis for decision).

Applying the rule to the facts of this case, it is clear that the release obtained by Defendant Brae Burn was ineffectual *as against any wage claims*. As stated above, releases and waivers of the statutory rights to minimum and overtime wages embodied in the FLSA are absolutely void. In the case at bar, there was no bona fide dispute over the number of hours worked or the amount of money due. In fact, the release was obtained in the context of settlement of a charge of discrimination made to the EEOC. No wage controversy existed at that time. As such, Plaintiff Wright's wage claims are unaffected by the purported release.

For these reasons, Plaintiff Wright's wage claims were not released.

## II. FAIR LABOR STANDARDS ACT CLAIMANTS ARE NOT REQUIRED TO EXHAUST ARBITRAL REMEDIES PRIOR TO FILING SUIT IN COURT

The next issue is whether Plaintiffs Wright and Velez were required to exhaust their arbitral remedies pursuant to the applicable collective bargaining agreement prior to filing their wage claims in court.

Courts disagree as to whether labor union members may assert claims under the FLSA without resort to grievance-arbitration provisions contained in their collective bargaining agreements. Under the weight of authority, an employee's right to pursue minimum wage and overtime claims in court is deemed independent of any contractual rights to arbitrate wage claims. *See, e.g.*, Albertson's, Inc. v. United Food & Commercial Workers Union, AFL-CIO & CLC, 157 F.3d 758, 760-61 (9th Cir. 1998), *cert. denied*, 528 U.S. 809, 120 S. Ct. 39, 145 L. Ed. 2d 36 (1999) ; Tran v. Tran, 54 F.3d 115, 117 (2d Cir. 1995), *cert. denied*, 517 U.S. 1133, 116 S. Ct. 1417, (1996).

Generally, these courts rely on the Supreme Court decisions in *Barrentine v. Arkansas-Best Freight Systems, Inc.* 450 U.S. 728, 101 S.Ct. 1437, 67 L.Ed.2d 641 (1981) and and *Gilmer v. Interstate/Johnson Lane Corp.*, 500 U.S. 20, 111 S. Ct. 1647, 114 L. Ed. 2d (1991), which clearly delineated statutory rights arising under Title VII and the Fair Labor Standards Act from collective bargaining rights. As the *Barrentine* court explained: "the distinctly separate nature of these contractual and statutory rights is not vitiated merely because both were violated as a result of the same factual occurrence. And certainly no inconsistency results from permitting both rights to be enforced in their respectively appropriate forums." Barrentine v. Arkansas-Best Freight Systems, Inc., 450 U.S. at 745-46, 101 S.Ct. 1437.

In the case at bar, pursuant to the Supreme Court and the majority of courts, the plaintiffs' individual rights to litigate their wage claims are independent of their collectively bargained rights. The Second Circuit agrees, stating "In light of Barrentine and its renewed vitality under Gilmer, this Court hereby reverses the holding below of the district court as set forth in the latter's March 3, 1994, opinion that the plaintiff was required to exhaust his arbitral

7

remedy prior to filing his FLSA claims." Tran, supra at 309 (emphasis in original, internal quotations omitted).

For these reasons, Plaintiffs wage claims are properly before this Court.

### III. PLAINTIFFS CAN PREVAIL ON THEIR FLSA AND NEW YORK LABOR LAW CLAIMS

The next issue is whether the Plaintiffs can prevail on their wage claims in light of the allegation that the U.S. Department of Labor, Wage & Hour Division ("DOL"), recently audited Defendant Brae Burn.

As indicated above, this action is for failure to include the value or cost of meals and lodging in Plaintiffs' and other employees' "regular rate," and "off the clock" work. As Defendants concede in their own papers, the DOL audit "covered any amounts due concerning the inclusion of room and meals in an employee's regular rate in computing overtime compensation." Vando Aff. at p.4. Assuming that Defendants' description of the audit is correct (which Plaintiffs' counsel does not believe), by their own admission, the audit did not deal with "off the clock" work nor Defendants' practice of "editing" employees' timecards. As such, the alleged audit is not nearly dispositive of the Plaintiffs' wage claims.

In addition, Defendants take the position that the New York State Department of Labor issued an "opinion letter" stating that "the cost or value of lodging and meals are not included in the calculation of the regular rate under New York State law." This opinion letter directly conflicts with New York regulations indicating that:

> An employer shall pay an employee for overtime at a wage rate of one and one-half times the employee's regular rate **in the manner and methods provided in and subject to the exemptions of sections 7 and 13 of 29 U.S.C. § 201** *et seq.* **, the Fair Labor Standards Act of 1938, as amended** ... In addition, an employer shall pay employees subject to the exemptions of section 13 of the Fair Labor Standards Act, as amended ... overtime at a wage rate of 1/2 times the basic minimum hourly rate.

12 N.Y.C.R.R. § 142-2.2 (emphasis added).

Clearly, as defense counsel concedes in its papers, the "regular rate" under the FLSA includes the cost or value of meals and lodging. To the extent the "opinion letter" on which defense counsel relies contradicts the duly enacted regulations, it should be treated as null and void. For these reasons, Plaintiffs can prevail on their wage claims under both federal and state law.

### IV.   PLAINTIFF VELEZ NEED NOT OPT IN TO THIS FLSA ACTION AS HE IS A NAMED PLAINTIFF PURSUANT TO LEAVE OF COURT

As indicated above, Plaintiffs' counsel sought and was granted leave to serve and file the Second Amended Complaint. In the request for leave, Plaintiffs' counsel specifically sought permission to add Plaintiff Velez as a named party. The request was granted by the Court. See Docket # 14. As a result, no opt-in notice is required for Plaintiff Velez. Further, on May 23, 2008, the Court denied defense counsel's motion to dismiss, indicating, "The motion to dismiss is denied without prejudice in light of the amended complaint and the **opting in of another former employee**." See Docket # 12 (emphasis added). Defense counsel did not object to the order, nor the legal conclusion contained therein.

For these reasons, it is respectfully requested that an order be entered denying defendant's motion in its entirety, and for such other relief as the Court deems proper.

Dated: Brooklyn, New York
September 4, 2008

LAW OFFICE OF DAVID C. WIMS
David C. Wims, Esq.
*Attorney for Plaintiffs*
1430 Pitkin Ave., 2nd Fl.
Brooklyn, NY 11233
(646) 393-9550

9

CIV. ACTION #: 08CV3172

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------------X
DEMETRIUS WRIGHT,
LUIS VELEZ

                        Plaintiffs, on behalf of themselves
and all others similarly situated,

              -against-

BRAE BURN COUNTRY CLUB, INC.,
STEVEN VANDO,
MARIA CONTE,

                        Defendants.
------------------------------------------------------------------X

**MEMORANDUM OF LAW**

---

Law Office of David Wims
1430 Pitkin Ave., 2nd Floor
Brooklyn, NY 11233
(646) 393-9550
Fax (646) 393-9552

---

This certification, pursuant to Federal Rule of Civil Procedure 11,

applies to the following within papers:

(1) Memorandum of Law

Dated: September 5, 2008    Signature _____
                                                  David C. Wims

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------X
DEMETRIUS WRIGHT,
LUIS VELEZ,

                              Plaintiffs, on
on behalf of themselves and all others similarly situated,

Civil Action No.: 08CV3172
(DC)(ECF)

**PLAINTIFFS' RULE 56.1 STATEMENT OF FACTS**

-against-

BRAE BURN COUNTRY CLUB, INC.,
STEVEN VANDO, individually and as General Manager
of Brae Burn Country Club,
MARIA CONTE, individually and as Controller
of Brae Burn Country Club,

                              Defendants.
-----------------------------------------------X

Pursuant to Local Rule 56.1 of the Local Rules of the Court for the Southern District of New York, Plaintiffs, by and through their attorney, David C. Wims, hereby submit the following reply statement of material facts as to which there is no genuine issue to be tried.

The statements are based on the Declaration of David C. Wims ("Wims Decl.") and the affidavits of Demetrius Wright ("Wright Aff.") and Luis Velez ("Velez Aff.").

1. Plaintiff Wright worked at the Club from April 2006 until April 2007.

2. Throughout his employment, Plaintiff Wright frequently worked more than 40 hours per week. (Wright Aff., Exhibit 1).

3. Plaintiff Velez worked at the Club from April 2006 until December 2006.

4. Defendant Brae Burn provided meals to its employees, including Plaintiffs. (Wright Aff., at ¶ 10), (Velez Aff., at ¶ 10). Employees' meal periods were paid time. (Wright

1

Aff., Exhibit 1) (Velez Aff., Exhibit 1). Plaintiffs often worked through meal and break periods. (Wright Aff., at ¶ 12) (Velez Aff., at ¶ 12).

5. Plaintiffs received earnings statements.

6. Plaintiff Velez was paid $9.00 per hour.

7. Plaintiffs' employment was subject to a collective bargaining agreement and they never grieved Defendant Brae Burn's failure to pay them for all hours worked. (Wright Aff. at ¶ 2), (Velez Aff. at ¶ 2).

8. Defendant Brae Burn is a member owned golf and country club.

9. Defendant Vando has been employed as Brae Burn's General Manager since March 2007.

10. Defendant Conte is employed as Brae Burn's Controller.

11. Plaintiff Wright entered into a release with Defendant Brae Burn. (Wright Aff. at ¶ 17).

12. The release is what it purports to be.

13. The release is what it purports to be.

14. Defendant Brae Burn paid Plaintiff Wright $7500.00 pursuant to the settlement agreement and release. (Wright Aff. at ¶ 17).

15. Plaintiff Wright filed the instant action in March 2008. (Wright Aff. at ¶ 18).

16. Plaintiffs do not know the specifics of the purported audit.

17. Plaintiffs do not know the specifics of the purported audit.

18. Plaintiffs do not know the specifics of the purported audit.

19. Plaintiffs do not know the specifics of the purported audit.

20. Plaintiffs do not know the specifics of the purported audit.

21. Plaintiffs performed "off the clock" work. (Wright Aff. at. ¶ 4), (Velez Aff. at ¶ 4).

22. Plaintiffs' pay did not reflect all hours on their timecards. (Wright Aff. at ¶ 7), (Velez Aff. at ¶ 7).

23. Plaintiffs' employer-provided meals varied greatly. (Wright Aff. at ¶ 11), (Velez Aff. at ¶ 11).

24. Plaintiffs' timecards were edited by Defendants. (Wright Aff. at ¶ 8), (Velez Aff. at ¶ 8).

25. Plaintiffs sometimes worked through their meal and break periods. (Wright Aff. at ¶ 12), (Velez Aff. at ¶ 12).

Dated: Brooklyn, New York

September 4, 2008

LAW OFFICE OF DAVID C. WIMS
David C. Wims, Esq.
*Attorney for Plaintiffs*
1430 Pitkin Ave., 2nd Fl.
Brooklyn, NY 11233
(646) 393-9550